UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08–CV–80119–MARRA–JOHNSON

JANE DOE NO. 2,

     Plaintiff,

vs.

 JEFFREY EPSTEIN,

     Defendant.

_____/

## **DEFENDANT'S MOTION FOR STAY**

Defendant Jeffrey Epstein respectfully moves for a mandatory stay of this action under Title 18, United States Code, Section 3509(k). As discussed below, this action is subject to a mandatory stay based on the existence of two pending parallel criminal actions.

## **Introduction**

This civil action is a private counterpart to two ongoing criminal actions, one in Palm Beach state court, the other in Miami federal court. Both cases purport to arise from the same occurrence: the alleged sexual assault of a minor, Jane Doe No. 2. A federal statute directly on point provides that when an alleged sexual assault involving a child victim results in a "criminal proceeding," a commonly

derived civil suit "*shall be stayed* until the end of all phases of the criminal action." 18 U.S.C. § 3509(k) (emphasis added).[1]   A stay of this case is required until there is no longer a pending criminal action derived from the same underlying allegations. *See* 18 U.S.C. § 3509(k).

## Discussion

The parallel state criminal action pending in Palm Beach Circuit Court is still in the discovery phase. *State of Florida v. Jeffrey Epstein*, Case No. 2006 CF 09454 AXX (Fifteenth Judicial Circuit, Palm Beach County).   Meanwhile, there is also a parallel federal criminal grand jury action pending in the Southern District of Florida. *In re Grand Jury*, No. FGJ 07-103(WPB) (S.D. Fla.)   Both cases arise out of the same occurrence and allege that the minor plaintiff is a victim.

The language of section 3509(k) of title 18, United States Code, is clear: a parallel "civil action *shall be stayed* until the end of all phases of the criminal

---

[1]   The full text of the mandatory-stay provision reads:

> If, at any time that a cause of action for recovery of compensation for damage or injury to the person of a child exists, a criminal action is pending which arises out of the same occurrence and in which the child is the victim, the civil action shall be stayed until the end of all phases of the criminal action and any mention of the civil action during the criminal proceeding is prohibited. As used in this subsection, a criminal action is pending until its final adjudication in the trial court.

18 U.S.C. § 3509(k).

action." 18 U.S.C. § 3509(k) (emphasis added).   When it comes to statutory construction, the mandatory nature of the word "*shall*" is well-settled.  *See, e.g., Lopez v. Davis,* 531 U.S. 230, 241 (2001) (noting Congress' "use of a mandatory 'shall' to impose *discretionless obligations*") (emphasis added); *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 35 (1998) (explaining that "the mandatory 'shall' . . . normally creates an obligation *impervious to judicial discretion*") (emphasis added).  *Cf. Miller v. French,* 530 U.S. 327, 350 (2000) ("Through the PLRA [Prison Litigation Reform Act], Congress clearly intended to make operation of the automatic stay *mandatory*, precluding courts from exercising their equitable powers to enjoin the stay.  And we conclude that this provision does not violate separation of powers principles.") (emphasis added).

One district court within the Eleventh Circuit, facing the identical issue with a pending state prosecution, recently construed "the plain language of § 3509(k)" as "*requir[ing] a stay* in a case . . . where . . . a parallel criminal action [is] pending." *Doe v. Francis,* No. 5:03 CV 260 MCR/WCS, 2005 WL 950623, at *2 (N.D. Fla. Apr. 20, 2005) (*Francis II*) (emphasis added).  *Accord Doe v. Francis,* No. 5:03 CV 260 MCR/WCS, 2005 WL 517847, at *1–2 (N.D. Fla. Feb. 10, 2005) (*Francis I*) (staying federal civil action in favor of "a criminal case currently pending in state court in Bay County, Florida, arising from the same facts and involving the same parties as the Instant action," noting that "the language of 18

3

U.S.C. § 3509(k) is clear that *a stay is required* in a case such as this where a parallel criminal action is pending which arises from the same occurrence involving minor victims") (emphasis added).  There is no contrary opinion from any court.

In determining that the federal stay provision is mandatory, the *Francis II* court expressed that there was apparently no case law supporting, or even "discussing the [avoidance] of a stay [under the command of] § 3509(k)." *Francis II*, 2005 WL 950623, at *2.  Deferring to the statute as written, the *Francis II* court rejected the plaintiffs' argument that some of the alleged victims had already reached their majority.  *See id.*  The court similarly rejected the plaintiffs' argument that it would be in the victims' best interests to avoid a stay so as to counteract the victims' "ongoing and increasing mental harm due to the 'frustrating delay in both the criminal case and [the civil] case.'"  *Id.*  The *Francis II* court, in adhering to the plain language of the statute, also adhered to the "well established priority of criminal proceedings over civil proceedings."  *Cf. United States v. Hanhardt*, 156 F. Supp. 2d 988, 1000 (N.D. Ill. 2001) (*citing* Fed. R. Crim. P. 50(a)).

## Conclusion

Because this civil action arises from the same allegations as two pending criminal actions, § 3509(k) mandates a stay of this civil action.

4

WHEREFORE, Defendant Jeffrey Epstein respectfully requests that the Court enter a stay under 18 U.S.C. § 3509(k), coextensive with the state and federal criminal actions.

Respectfully submitted,

ATTERBURY, GOLDBERGER &
WEISS, P.A.

250 Australian Avenue South, Suite    1400
West Palm Beach, Florida  33401
Tel:   561 659 8300
Fax:   561 835 8691

By: /s/ Jack A. Goldberger
       Jack A. Goldberger
       Fla. Bar No. 262013
       jgoldberger@agwpa.com

*Attorneys for Defendant Jeffrey Epstein*

5

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7

Counsel for defendant has conferred in good faith with counsel for the plaintiff, who opposes the relief requested in this motion.

/s/ Jack A. Goldberger
Jack A. Goldberger

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 20, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record identified below by facsimile and U.S. Mail.

Jeffrey M. Herman, Esq.
Stuart S. Mermelstein, Esq.
Adam D. Horowitz, Esq.
Herman & Mermelstein, P.A.
18205 Biscayne Blvd, Suite 2218
Miami, Florida 33160
Fax: 305 931 0877

/s/ Jack A. Goldberger
Jack A. Goldberger