UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-80119-CIV-MARRA/JOHNSON

JANE DOE NO. 2,

        Plaintiff,

vs.

JEFFREY EPSTEIN

        Defendant.

_____/

## MOTION TO DISMISS

Defendant Jeffrey Epstein, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure and Rule 7.1(A) of the Local Rules for the Southern District of Florida, moves to dismiss Count I of plaintiff's complaint,[1] and states as follows:

---

[1] The time to answer the remaining allegations of the complaint is tolled pending the Court's ruling on the present motion. *See Beaulieu v. Bd. of Trustees of Univ. of W. Fla.*, No. 3:07cv30/RV/EMT, 2007 WL 2020161, * 2 (N.D. Fla. July 9, 2007) (holding that defendant's partial motion to dismiss "automatically extends its time to answer . . . until after the court has ruled on [its] motion to dismiss"); *Finnegan v. Univ. of Rochester Med. Ctr.*, 180 F.R.D. 247, 249 (W.D.N.Y. 1998) (concluding "that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion"); *Schwartz v. Berry College, Inc.*, No. Civ.A. 4:96CV338-HLM, 1997 WL 579166, *1 (N.D. Ga. July 3, 1997) (noting that there is significant case law to support the position that "when a defendant files a Rule 12(b) motion to dismiss, addressing only some of the claims contained in the plaintiff's complaint, the defendant is not required to file an answer until the court rules on the motion to dismiss").

CASE NO.: 08-80119-CIV-MARRA/JOHNSON

## ALLEGATIONS IN PLAINTIFF'S COMPLAINT

This action arises out of the alleged assault of the plaintiff. According to the allegations in her complaint, the plaintiff went to Mr. Epstein's house to give him "a massage for monetary compensation" (Compl. ¶ 12), where Mr. Epstein allegedly assaulted her "in violation of Chapter 800 of the Florida Statutes." (Compl. ¶ 18).

The plaintiff tries to assert a claim for sexual assault (Compl. ¶¶ 15-19.) This theory of liability, however, cannot be supported by the allegations in the complaint. In fact, even if everything in the complaint were true, recovery against Jeffrey Epstein, for Count I, under any formulation, is impossible under Florida law. Accordingly, this count must be dismissed.

## ARGUMENT

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted when a court cannot identify "each of the *material* elements necessary to sustain a recovery under some viable legal theory." *Snow v. DirectTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006) (*quoting Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001)). Moreover, a court should dismiss a complaint "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support a cause of action." *Marshall County Bd. of Educ. v. Marshal County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). "[T]o survive a

CASE NO.: 08-80119-CIV-MARRA/JOHNSON

motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions . . . ." *Holt v. Crist*, No. 06-14617, 2007 WL 1156938, *2 (11th Cir. Apr. 19, 2007). As such, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Snow*, 450 F.3d at 1320.

## I.    Count I Fails to State a Cause of Action For Assault Recognized by Florida Law.

The plaintiff attempts to plead a cause of action against Mr. Epstein for "sexual assault" based on a "violation of Chapter 800 of the Florida Statutes"[2] for the "lewd and lascivious acts committed by Epstein upon Jane Doe." (Compl. ¶ 18.) Plaintiff cannot assert a cause of action for "violation of Chapter 800, Florida Statutes" because there is ***no private right of action*** under that Chapter. *See generally Am. Home Assurance Co. v. Plaza Materials Corp.*, 908 So. 2d 360, 374 (Fla. 2005) (observing that "not every statutory violation carries a civil remedy" (*citing Villazon v. Prudential Health Care Plan, Inc.,* 843 So. 2d 842, 852 (Fla. 2003)). *See also, e.g., Miami Herald Publ'g Co. v. Ferre*, 636 F. Supp. 970 (S.D. Fla. 1985) (King, C.J.) (holding that violation of Florida's criminal extortion statute does not give rise to a civil cause of action for damages).

---

[2]   Chapter 800, Florida Statutes, is entitled, "Lewdness; Indecent Exposure."

CASE NO.: 08-80119-CIV-MARRA/JOHNSON

Where a plaintiff brings a civil action pursuant to a criminal statute that provides no civil remedy, her complaint is properly dismissed for failure to state a cause of action. *See Mantooth v. Richards*, 557 So. 2d 646, 646 (Fla. 4th DCA 1990) (per curiam) (affirming dismissal of plaintiff's claim for parental kidnapping where "the mentioned statutes concern only criminal violations ***and do not afford a civil remedy***") (citation omitted) (emphasis added).

Even if Chapter 800 provided a civil remedy (which it does not) the statute does not apply to the plaintiff. The statute prohibits sexual activity with or lewd or lascivious offenses against "a person . . . *less* than 16 years of age." § 800.04, Fla. Stat. (2008) (emphasis added). By her own admission, the plaintiff was "approximately *16 years old.*" (Compl. ¶ 8.) (emphasis added). Plainly, the plaintiff falls outside of the scope of the statute's protection. Accordingly, the plaintiff's claim for sexual assault against Mr. Epstein, pursuant to a violation of Chapter 800, Florida Statutes, must be dismissed.

Should the Court look beyond the plain language of the plaintiff's complaint and construe Count I as a claim for common-law assault, that claim would also fail. As the court explained in *Lay v. Kremer,* 411 So. 2d 1347, 1349 (Fla. 1st DCA 1982), an assault is "an intentional, unlawful offer of corporal injury to another by force, or force unlawfully directed toward another under such circumstances as to create a fear of imminent peril, coupled with the apparent

4

CASE NO.: 08-80119-CIV-MARRA/JOHNSON

present ability to effectuate the attempt."  An assault thus requires "an affirmative act—a threat to use force, or the actual exertion of force."  *Sullivan v. Atl. Fed. Sav. & Loan Assoc.*, 454 So. 2d 52, 54 (Fla. 4th DCA 1984) (affirming dismissal of assault claim where there was no affirmative act).

In this case, there is no such affirmative act.  The only thing that Mr. Epstein is alleged to have said to the plaintiff is "to take off her clothes" and "to give him a massage." (Compl. ¶ 12.)  These allegations fall far short of an "offer of corporal injury by force."  There are no allegations that Jane Doe was placed in any fear of imminent peril. *See Gatto v. Publix Supermarket, Inc.*, 387 So. 2d 377, 379 (Fla. 3d DCA 1980) (holding that where there was no evidence to show that Gatto was placed in fear of imminent peril, there was no assault).  In fact, the plaintiff does not even allege that Mr. Epstein touched her.  Thus, there was no assault.

Accordingly, because the plaintiff has failed to plead a cause of action for assault recognized in Florida, Count I against Mr. Epstein must be dismissed.

## Conclusion

For the reasons set forth herein, Defendant Jeffrey Epstein respectfully requests that Count I of the plaintiff's complaint be dismissed.

CASE NO.: 08-80119-CIV-MARRA/JOHNSON

Respectfully submitted,

LEWIS TEIN, P.L.
3059 Grand Avenue, Suite 340
Coconut Grove, Florida 33133
Tel:  305 442 1101
Fax: 305 442 6744


By:     /s/ Michael R. Tein
        GUY A. LEWIS
        Fla. Bar No. 623740
        lewis@lewistein.com
        MICHAEL R. TEIN
        Fla. Bar No. 993522
        tein@lewistein.com



ATTERBURY, GOLDBERGER &
WEISS, P.A.
250 Australian Avenue South, Suite 1400
West Palm Beach, Florida 33401
Tel.  561 659 8300
Fax. 561 835 8691

By:     Jack A. Goldberger
        Fla. Bar No. 262013
        jgoldberger@agwpa.com



BURMAN, CRITTON, LUTTIER &
COLEMAN, LLP
515 N. Flagler Drive, Suite 400
West Palm Beach, Florida  33401
Tel. 561 842 2820
Fax. 561 515 3148

6

CASE NO.: 08-80119-CIV-MARRA/JOHNSON

By:    Robert D. Critton, Esq.
       Fla. Bar No. 224162
       rcritton@bclclaw.com
       Michael J. Pike, Esq.
       Fla. Bar No. 617296
       mpike@bclclaw.com

*Attorneys for Defendant Jeffrey Epstein*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Undersigned counsel has conferred in good faith with counsel for the plaintiff, who opposes the relief requested in this motion.

*/s/ Michael R. Tein*
Michael R. Tein

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 4, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all individuals on the following service list via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Michael R. Tein*
Michael R. Tein

7

CASE NO.: 08-80119-CIV-MARRA/JOHNSON

## Service List

Jeffrey M. Herman, Esq.
Stuart S. Mermelstein, Esq.
Adam D. Horowitz, Esq.
Herman & Mermelstein, P.A.
18205 Biscayne Blvd, Suite 2218
Miami, Florida  33160
Fax: 305 931 0877