## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 08-CV-80119-MARRA-JOHNSON

JANE DOE NO. 2

               Plaintiff,

v.

JEFFREY EPSTEIN,

               Defendant.

_____/

### DEFENDANT'S, EPSTEIN, MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT DIRECTED TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, JEFFERY EPSTEIN, by and through his undersigned counsel, moves to dismiss and for more definite statement of Plaintiff JANE DOE NO. 2's Amended Complaint.  Rules 12(b)(6), and 12(e) and (f),  Fed.R.Civ.P. (2008).  In support of his motion, Defendant states:

### Introduction

Defendant is filing similar motions to dismiss and for more definite statement directed to the Amended Complaints filed against Defendant in this Court in JANE DOE NO. 2, JANE DOE NO. 3, JANE DOE NO. 4 and JANE DOE NO. 5.  The motions are directed to the Counts for "Sexual Assault and Battery," and "Coercion and Enticement to Sexual Activity in Violation of 18 U.S.C. §2422" in each of the respective complaints.  However, there are distinctions in the four motions filed based on the complaint allegations.  For example, Defendant challenges the Plaintiffs' allegations as to assault in all four actions, and challenges the battery allegations in JANE DOE NOS. 2 and 3,

Case No. CV-80119-Marra-Johnson
Page No. 2

but not in JANE DOE NOS. 4 and 5.  Defendant moves to dismiss the §2422 count in all

four actions.

**Motion**

1.  Counts I and III of the Amended Complaint are required to be dismissed for

failure to state a claim upon which relief can be granted.  Rule 12(b)(6).  Plaintiff has

failed to allege sufficient factual allegations in the Counts and instead alleges labels and

conclusions, and an attempted formulaic recitation of the elements in each Count.

2.  In the alternative, Defendant seeks more definite statement of Count I and III.  In

Count I, the Plaintiff is required to more definitely allege what was done to her; what

EPSTEIN said and did, if anything, to create fear and apprehension in Plaintiff; what

was the intentional offensive or harmful contact in pleading the elements of assault and

battery. In Count III, Plaintiff is required to more definitely state the underlying factual

allegations to support her claim as set forth in the statute, 18 U.S.C. §2422(b) and

§2455. Rule 12(e).  See discussion of law below herein.

3.  Also, Plaintiff's reference in Count III to 28 U.S.C. §2255, pertaining to habeas

corpus proceedings is required to be stricken as immaterial.  Rule 12(f).  Plaintiff is

required to more definitely state what statutory provision she is relying on.  Rule 12 (e).

WHEREFORE, Defendant respectfully requests that this Court dismiss Counts I and

III, strike the immaterial statutory reference, and require Plaintiff to more definitely plead

the underlying elements of her claims.

**Supporting Memorandum of Law**
**Standard on Rule 12(b)(6) Motion To Dismiss**

As established by the Supreme Court in <u>Bell Atlantic Corp. V. Twombly</u>, 127

S.Ct. 1955 (2007), a motion to dismiss should be granted if the plaintiff does not plead

"enough facts to state a claim to relief that is plausible on its face." Id, at 1974. Although the complaint need not provide detailed factual allegations, the basis for relief in the complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id, at 1965. Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* On a motion to dismiss, the well pleaded allegations of plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. M.T.V. v. DeKalb County Sch. Dist., 446 F.3d 1153, 1156 (11th Cir.2006).

Significantly, the Supreme Court in Bell Atlantic Corp. V. Twombly abrogated the often cited observation that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove not set of facts in support of his claim that would entitle him to relief." Id, (abrogating and quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). The Supreme Court rejected the notion that "a wholly conclusory statement of claim [can] survive a motion to dismiss whenever the pleadings le[ave] open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Id.  As explained by the Supreme Court in Bell Atlantic Corp., supra at 1664-65:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, *Federal Practice and*

Case No. CV-80119-Marra-Johnson
Page No. 4

Procedure § 1216, pp. 235-236 (3d ed.2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, e.g., Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Pursuant to Rule 12(e), a party may move for more definite statement of a pleading to which a responsive pleading is allowed where the pleading "is so vague or ambiguous that the party cannot reasonably frame a response." The motion is required to point out the defects and the desired details. Id.

**Count I – "Sexual Assault and Battery" is subject to dismissal as Plaintiff has failed to state a claim upon which relief can be granted.**

It is well settled that this Court is to apply Florida substantive law in this action. Erie R.Co. v. Tompkins, 58 S.Ct. 817 (1938). Pursuant to Florida law, although the term "assault and battery" is most commonly referred to as if it were a legal unit, or a single concept, "assault and battery are separate and distinct legal concepts, assault being the beginning of an act which, if consummated, constitutes battery." 3A Fla.Jur.2d Assault §1. An assault and battery are intentional acts. See generally, Spivey v. Battaglia, 258 So.2d 815 (Fla. 1972); and Travelers Indem. Co. v. PCR, Inc., 889 So.2d 779 (Fla. 2004).

An "assault" is an intentional, unlawful offer of corporal injury to another by force, or exertion of force directed toward another under such circumstances as to create a reasonable fear of imminent peril. See Lay v. Kremer, 411 So.2d 1347 (Fla. 1st DCA 1982). It must be premised upon an affirmative act - a threat to use force, or the actual

Case No. CV-80119-Marra-Johnson
Page No. 5

exertion of force.  See 3A <u>Fla.Jur.2d</u> *Assault* §1("The essential element of the tort of assault is the violence offered, and not actual physical contact.").

Tort of "battery" consists of the infliction of a harmful or offensive contact upon another with the intent to cause such contact or the apprehension that such contact is imminent.  <u>Quilling v. Price</u>, 894 So.2d 1061 (Fla. 5th DCA 2005); <u>Sullivan v. Atlantic Federal Savings & Loan</u>, 454 So.2d 52 (Fla. 4th DCA 1984)("a battery consists of the intentional infliction of a harmful or offensive contact upon the person of another").  See 3A <u>Fla.Jur.2d</u> *Assault* §1.

With the standard of pleading established in <u>Twombly</u>, supra, in the context of the elements for assault and battery, Plaintiff has failed to state a claim upon which relief can be granted.  Rule 12(b)(6).  As to the elements of assault, here are no factual allegations as to what was said or done to Plaintiff such that it constituted an "intentional, unlawful offer of corporal injury to another by force, or exertion of force directed toward another under such circumstances as to create a reasonable fear of imminent peril."  See ¶12 of Am. Comp.  The same is true for the claim of battery. Plaintiff makes the general allegation that "he (Defendant) sexually assaulted Jane." The other allegations in ¶12 pertain to what Plaintiff allegedly did.  Under applicable law, Plaintiff is required to give more than labels and conclusions, and a formulaic recitation of the elements of a cause of action.  <u>Twombly</u>, supra.  Plaintiff is required to allege the facts of what was done to her; what EPSTEIN said and did, if anything, to create fear and apprehension in Plaintiff; what was the intentional offensive or harmful contact?

As noted in the introduction and as this Court is well aware, there is more than one action brought against this Defendant attempting to allege similar sounding claims.

Case No. CV-80119-Marra-Johnson
Page No. 6

With all due respect, the details as to a particular claim asserted by a particular Plaintiff are important to give this Defendant fair notice of Plaintiff's claim so he may properly respond. Accordingly, under applicable law, Plaintiff has failed to state a claim for sexual assault and battery.

In the alternative to dismissing Count I, Defendant requests that Plaintiff be required to give more definite statement as to what was done to her; what EPSTEIN said and did, if anything, to create fear and apprehension in Plaintiff; what was the intentional offensive or harmful contact in pleading the elements of assault and battery. Rule 12(e).

### Count III – "Coercion and Enticement to Sexual Activity in Violation of 18 U.S.C. §2422" - is subject to dismissal as Plaintiff has failed to state a claim upon which relief can be granted. Rule 12(b)(6). Count III also contains an immaterial reference to 28 U.S.C. §2255, which is required to be stricken and more definitely stated.

Count III of Plaintiff's Complaint attempts to assert a claim for "Coercion and Enticement to Sexual Activity in Violation of 18 U.S.C. §2422." In her prayer for relief in Count III, Plaintiff "demands judgment against Defendant Jeffrey Epstein for all damages available under **28** U.S.C. §2255(a), ... ."

Although the reference to "**28** U.S.C. §2255," pertaining to habeas corpus proceedings – federal custody and remedies on motion attacking sentence, is probably a typographical error by Plaintiff, and the reference to "28" was meant to be "18," Defendant requests that Plaintiff correct this error so that Defendant may have fair notice of the claim Plaintiff is attempting to assert. Whether or not the "28" is typographical error, Defendant is still entitled to dismissal of the count.

The applicable version of these statutory provisions, (pre-2006 Amendments, as the Amended Complaint alleges a time period of "in or about 2004-2005," ¶8), provides:

## CHAPTER 117--TRANSPORTATION FOR ILLEGAL SEXUAL ACTIVITY AND RELATED CRIMES
### § 2422. Coercion and enticement

**(a)** Whoever knowingly persuades, induces, entices, or coerces any individual to travel in interstate or foreign commerce, or in any Territory or Possession of the United States, to engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both.

**(b)** Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 5 years and not more than 30 years.

## CHAPTER 110--SEXUAL EXPLOITATION AND OTHER ABUSE OF CHILDREN
### § 2255. Civil remedy for personal injuries

**(a)** Any minor who is a victim of a violation of section 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation may sue in any appropriate United States District Court and shall recover the actual damages such minor sustains and the cost of the suit, including a reasonable attorney's fee. Any minor as described in the preceding sentence shall be deemed to have sustained damages of no less than $50,000 in value.

**(b)** Any action commenced under this section shall be barred unless the complaint is filed within six years after the right of action first accrues or in the case of a person under a legal disability, not later than three years after the disability.

Relevant to Plaintiff's complaint, 18 U.S.C. 2255(a) creates a civil remedy for "a minor who is a victim of a violation of section ... 2422 ... of this title and who suffers personal injury as a result of such violation ... ."  Plaintiff has failed to plead any factual allegations whatsoever pertaining to violations of 18 U.S.C. 2422.  Rather, Plaintiff has alleged conclusory allegations simply attempting to track parts of the statutory language

Case No. CV-80119-Marra-Johnson
Page No. 8

in the statute without underlying factual allegations pertaining to the Plaintiff and any conduct by Defendant.  See ¶29 of Am. Comp. Plaintiff's allegations, (or lack of factual allegations), are precisely what the standard set forth by the Supreme Court in Bell Atlantic Corp. prohibits – Plaintiff's complaint alleges only "labels and conclusions, and a (partial) formulaic recitation of the elements."

First, the Amended Complaint fails to designate whether Plaintiff is relying on §2422(a) or §2422(b).  Second, although the complaint does contain a partial tracking of the language in 18 U.S.C. §2422(b), it contains absolutely no factual allegations concerning the requisite "using the mail or any facility or means of interstate or foreign commerce" by Plaintiff to state a cause of action based on a violation of 18 U.S.C. 2422(b).  As well, there are no underlying factual allegations involving this Plaintiff as to the requisite elements that a defendant *knowingly persuaded, induced, enticed, or coerced any individual (Plaintiff in this case) who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempted to do so.*  See 18 U.S.C. 2422(b); i.e. with what criminal offense could Plaintiff and Defendant have been charged.  Again, a Plaintiff cannot simply track the language of a statute without some underlying factual allegations to state a claim upon which relief can be granted.  Accordingly, Count III is required to be dismissed, and the reference to 28 USC 2455 be stricken.

In the alternative, Plaintiff should be required to more definitely state the underlying factual allegations to support her claim as set forth in the statute, 18 U.S.C. §2422(b) and §2455.

Case No. CV-80119-Marra-Johnson
Page No. 9

## **Conclusion**

As discussed above herein, under the pleading standard established in <u>Twombly</u>, supra, and law concerning the elements of Count I and III, Plaintiff has failed to state claims upon which relief can be granted.   Rule 12(b)(6).   Plaintiff's complaint lack underlying factual allegations and, thus, Plaintiff is required to more definitely state the requisite factual allegations.   Finally, Plaintiff should correct any improper statutory references.

## **Certificate of Service**

I HEREBY CERTIFY that a true copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the following  Service List in the manner specified by CM/ECF on this 6<u><sup>th</sup></u> day of <u>October</u>, 2008:

Adam D. Horowitz, Esq.
Jeffrey Marc Herman, Esq.
Stuart S. Mermelstein, Esq.
18205 Biscayne Boulevard
Suite 2218
Miami, FL 33160
305-931-2200
Fax: 305-931-0877
<u>ahorowitz@hermanlaw.com</u>
<u>jherman@hermanlaw.com</u>
<u>lrivera@hermanlaw.com</u>
*Counsel for Plaintiff Jane Doe #2*

Jack Alan Goldberger
Atterbury Goldberger & Weiss, P.A.
250 Australian Avenue South
Suite 1400
West Palm Beach, FL 33401-5012
561-659-8300
Fax: 561-835-8691
<u>jagesq@bellsouth.net</u>
*Counsel for Defendant Jeffrey Epstein*

Michael R. Tein, Esq.
Lewis Tein, P.L.
3059 Grand Avenue, Suite 340
Coconut Grove, FL 33133
305-442-1101
Fax:  305 442 6744
*Counsel for Defendant Jeffrey Epstein*
<u>tein@lewistein.com</u>

Case No. CV-80119-Marra-Johnson
Page No. 10

Respectfully submitted,

By: _____
ROBERT D. CRITTON, JR., ESQ.
Florida Bar No. 224162
rcrit@bclclaw.com
MICHAEL J. PIKE, ESQ.
Florida Bar #617296
mpike@bclclaw.com
BURMAN, CRITTON, LUTTIER & COLEMAN
515 N. Flagler Drive, Suite 400
West Palm Beach, FL 33401
561/842-2820 Phone
561/515-3148 Fax
(*Co-Counsel for Defendant Jeffrey Epstein*)