## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:  08-CV-80119-MARRA-JOHNSON

JANE DOE NO. 2,

                            Plaintiff,

v.

JEFFREY EPSTEIN,

                            Defendant.

_____/

DOCKET

2/25/09

### DEFENDANT EPSTEIN'S RESPONSE & OBJECTIONS
### TO PLAINTIFF'S AMENDED FIRST SET OF INTERROGATORIES

Defendant, JEFFREY EPSTEIN, by and through his undersigned attorneys,
serves his responses and objections to Plaintiff's December 9, 2008 Amended First Set
Of Interrogatories To Defendant Jeffrey Epstein, attached hereto.

### Certificate of Service

I HEREBY CERTIFY that a true copy of the foregoing has been sent by fax and
U.S. Mail to the following addressees this ___26th___ day of January, 2009:

Adam D. Horowitz, Esq.
Jeffrey Marc Herman, Esq.
Stuart S. Mermelstein, Esq.
18205 Biscayne Boulevard
Suite 2218
Miami, FL 33160
305-931-2200
Fax: 305-931-0877
ahorowitz@hermanlaw.com
jherman@hermanlaw.com
lrivera@hermanlaw.com
*Counsel for Plaintiff Jane Doe #2*

Jack Alan Goldberger
Atterbury Goldberger & Weiss, P.A.
250 Australian Avenue South
Suite 1400
West Palm Beach, FL 33401-5012
561-659-8300
Fax: 561-835-8691
jagesq@bellsouth.net
*Co-Counsel for Defendant Jeffrey Epstein*

**EXHIBIT "A"**

Jane Doe No. 2 v. Epstein
Page 2

Respectfully submitted,

By: _____
ROBERT D. CRITTON, JR., ESQ.
Florida Bar No. 224162
rcrit@bclclaw.com
MICHAEL J. PIKE, ESQ.
Florida Bar #617296
mpike@bclclaw.com
BURMAN, CRITTON, LUTTIER & COLEMAN
515 N. Flagler Drive, Suite 400
West Palm Beach, FL 33401
561/842-2820 Phone
561/515-3148 Fax
(Co-*Counsel for Defendant Jeffrey Epstein*)

Jane Doe No. 2 v. Epstein
Page 3

## DEFENDANT JEFFREY EPSTEIN'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S AMENDED FIRST SET OF INTERROGATORIES

**Interrogatory No. 1.**       Identify all employees who performed work of services inside the Palm Beach Residence.

**Answer:**      Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges.  I intend to respond to  all relevant questions regarding this lawsuit, however, my attorneys have counseled me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation.  Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution.  Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.  In addition to and without waiving his constitutional privileges, Defendant objects as the interrogatory is overbroad and seeks information that is neither relevant to the subject matter of the pending action nor does it appear reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff's Complaint alleges a time period of "in or about 2004-2005."  Plaintiff's interrogatory seeks information for a time period from January 1, 2003 until present.  Also, see "Employee" as defined in paragraph g of Plaintiff's interrogatories.

**Interrogatory No. 2.**       Identify all Employees not identified in response to interrogatory no. 1 who at any time came to Defendant's Palm Beach Residence.

**Answer:**      Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges.  I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation.  Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution.  Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.  In addition to and without waiving his constitutional privileges, Defendant objects as the interrogatory is overbroad and seeks information that is neither relevant to the subject matter of the pending action nor does it appear reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff's Complaint alleges a time period of "in or about 2004-2005."  Plaintiff's interrogatory seeks information for "all Employees" "who at any time" came to the residence.  Also, see "Employee" as defined in paragraph g of Plaintiff's interrogatories.

Jane Doe No. 2 v. Epstein
Page 4

**Interrogatory No. 3.**      Identify all persons who came to the Palm Beach Residence and who gave a massage or were asked to give a massage to Defendant.

**Answer:**     Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges.  I intend to respond to  all relevant questions regarding this lawsuit, however, my attorneys have counseled me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation.  Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution.  Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.  In addition to and without waiving his constitutional privileges, Defendant objects as the interrogatory is overbroad and seeks information that is neither relevant to the subject matter of the pending action nor does it appear reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff's Complaint alleges a time period of "in or about 2004-2005."

**Interrogatory No. 4.**      Identify all persons who came to the New York Residence and who gave a massage or were asked to give a massage to Defendant.

**Answer:**     Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges.  I intend to respond to  all relevant questions regarding this lawsuit, however, my attorneys have counseled me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation.  Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution.  Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.  In addition to and without waiving his constitutional privileges, Defendant objects as the interrogatory is overbroad and seeks information that is neither relevant to the subject matter of the pending action nor does it appear reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's Complaint alleges a time period of "in or about 2004-2005."

**Interrogatory No. 5.**      Identify all persons who came to the New Mexico Residence and who gave a massage or were asked to give a massage to Defendant.

**Answer:**     Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges.  I intend to respond to  all relevant questions regarding this lawsuit, however, my attorneys have counseled me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation.  Accordingly, I assert my

Jane Doe No. 2 v. Epstein
Page 5

federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution. In addition to and without waiving his constitutional privileges, Defendant objects as the interrogatory is overbroad and seeks information that is neither relevant to the subject matter of the pending action nor does it appear reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's Complaint alleges a time period of "in or about 2004-2005."

**Interrogatory No. 6.**      Identify all persons who came to the St. Thomas Residence and who gave a massage or were asked to give a massage to Defendant.

**Answer:**      Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges. I intend to respond to  all relevant questions regarding this lawsuit, however, my attorneys have counseled me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution. In addition to and without waiving his constitutional privileges, Defendant objects as the interrogatory is overbroad and seeks information that is neither relevant to the subject matter of the pending action nor does it appear reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's Complaint alleges a time period of "in or about 2004-2005."

**Interrogatory No. 7.**      List all the time periods during which Jeffrey Epstein was present in the State of Florida, including for each the date he arrive and the date he departed.

**Answer:**      Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges. I intend to respond to  all relevant questions regarding this lawsuit, however, my attorneys have counseled me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution. In addition to and without waiving his constitutional privileges, Defendant also objects as the interrogatory is overbroad and seeks information that is neither relevant to the subject matter of the pending action nor does it appear reasonably calculated to lead to the

Jane Doe No. 2 v. Epstein
Page 6

discovery of admissible evidence.  Plaintiff's Complaint alleges a time period of "in or about 2004-2005."  Plaintiff's interrogatory seeks information for a time period from January 1, 2003 until present.

**Interrogatory No. 8.**      Identify all of Jeffrey Epstein health care providers in the past (10) ten years, including without limitation, psychologists, psychiatrists, mental health counselors, physicians, hospitals and treatment facilities.

**Answer:**      Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges.  I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation.  Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution.  Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.  In addition to and without waiving his constitutional privileges, Defendant also objects as the interrogatory is overbroad and seeks information that is neither relevant to the subject matter of the pending action nor does it appear reasonably calculated to lead to the discovery of admissible evidence.  In addition, such information is privileged pursuant to Rule 501, Fed. Evid., and §90.503, Fla.Evid. Code.  In addition, such information is protected by the provisions of the Health Insurance Portability and Accountability Act (HIPAA).

**Interrogatory No. 9.**      List all items in Jeffrey Epstein's possession in Palm Beach, Florida, at any time during the period of these interrogatories, which were used or intended to be used as sexual aids, sex toys, massage aids, and/or vibrators, and for each, list the manufacturer, model number (if applicable), and its present location.

**Answer:**      Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges.  I intend to respond to  all relevant questions regarding this lawsuit, however, my attorneys have counseled me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation.  Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution.  Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.  In addition to and without waiving his constitutional privileges, Defendant also objects as the interrogatory is overbroad and seeks information that is neither relevant to the subject matter of the pending action nor does it appear reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff's Amended Complaint alleges a time period of "in or about 2004 – 2005," while Plaintiff's interrogatory seeks information from

Jane Doe No. 2 v. Epstein
Page 7

January 1, 2003, until present.  Further, the request is meant to embarrass and harass the Defendant.

**Interrogatory No. 10.**     Identify all persons who provide transportation services to Jeffrey Epstein, whether as employees or independent contractors, including without limitation, chauffeurs and aircraft crew.

**Answer:**     Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges.  I intend to respond to  all relevant questions regarding this lawsuit, however, my attorneys have counseled me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation.  Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution.  Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.  In addition to and without waiving his constitutional privileges, Defendant also objects as the interrogatory is overbroad and seeks information that is neither relevant to the subject matter of the pending action nor does it appear reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff places no time limitation.

**Interrogatory No. 11.**     Identify all telephone numbers used by Epstein, including cellular phones and land lines in any of his residences, by stating the complete telephone number and the name of the service provider.

**Answer:**     Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges.  I intend to respond to  all relevant questions regarding this lawsuit, however, my attorneys have counseled me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation.  Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution.  Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.  In addition to and without waiving his constitutional privileges, Defendant also objects as the interrogatory is overbroad and seeks information that is neither relevant to the subject matter of the pending action nor does it appear reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff's allegations claim a time period of "in or about 2004-2005" and involve Defendant's Palm Beach residence.

**Interrogatory No. 12.**     Identify all telephone numbers of employees of Epstein, used in the course or scope of their employment, including cellular phones and land lines in any of his residences, by stating the complete telephone number and the name of the service provider.

Jane Doe No. 2 v. Epstein
Page 8

**Answer:**    Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges.  I intend to respond to  all relevant questions regarding this lawsuit, however, my attorneys have counseled me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation.  Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution.  Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.  In addition to and without waiving his constitutional privileges, Defendant objects as the interrogatory is overbroad and seeks information that is neither relevant to the subject matter of the pending action nor does it appear reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff's allegations claim a time period of "in or about 2004-2005" and involve Defendant's Palm Beach residence.

**Interrogatory No. 13.**    List the names and addresses of all persons who are believed or known by your, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

**Answer:**    Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges.  I intend to respond to  all relevant questions regarding this lawsuit, however, my attorneys have counseled me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation.  Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution.  Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.  In addition to and without waiving his constitutional privileges, the interrogatory seeks information that is attorney-client and work product privileged as it seeks information known by Defendant's attorneys.   The interrogatory is so overbroad that Defendant cannot reasonably form a response, including the raising of additional privileges which may apply.   Without waiving any objection, see Rule 26 disclosures made by Defendant's counsel in this case.

**Interrogatory No. 14.**    State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, possession, or custody, or control of, any model, plat, map, drawing, motion picture, videotape or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

Jane Doe No. 2 v. Epstein
Page 9

**Answer:**     Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution. In addition to and without waiving his constitutional privileges, the interrogatory seeks information that is attorney-client and work product privileged as it seeks information known by Defendant's attorneys.

**Interrogatory No. 15.**     Identify all persons who have made a claim, complaint, demand or threat against you relating to alleged sexual abuse or misconduct on a minor, and for each provide the following information:

    a.  The person's full name, last known address and telephone number;
    b.  The person's attorney, if represented;
    c.  The date of the alleged incident(s);
    d.  If a civil case has been filed by or on behalf of the person, the case number and identifying information.

**Answer:**     Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution. In addition to and without waiving his constitutional privileges and without waiving such objection, with regard to subparagraph (d), Defendant's counsel states that such information is public record and equally attainable by Plaintiff.

**Interrogatory No. 16.**     State the facts upon which you intend to rely for each denial of a pleading allegation and for each affirmative defense you intend to make in these cases.

**Answer:**     Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk

Jane Doe No. 2 v. Epstein
Page 10

losing my Sixth Amendment right to effective representation.  Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution.  Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.  In addition to and without waiving his constitutional privileges, no answer to the Amended Complaint has been filed by defense counsel in this case; however, Defendant does not intend to waive his constitutional privilege against self-incrimination.  Defendant further objects in that Plaintiff's interrogatory attempts to obtain discovery in other cases filed by her undersigned counsel.

**Interrogatory No. 17.**      Identify all witnesses from whom you have obtained or requested a written, transcribed or recorded statement relating to any issue in these cases, and for each, in addition to the witness's identifying information, state the date of the statement and identify the person taking the statement.

**Answer:**  Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges.  I intend to respond to  all relevant questions regarding this lawsuit, however, my attorneys have counseled me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation.  Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution.  Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.  In addition to and without waiving his constitutional privileges, Defendant objects to this interrogatory in that it seeks information that is attorney-client and work product privileged.  In addition, the request is overbroad in that it seeks information "relating to any issue."

STATE OF Florida        )
                                        )
COUNTY OF Palm Beach )

     I hereby certify that on this day, before me, an officer duly authorized to administer oaths and take acknowledgments, personally appeared Jeffrey Epstein            ,  known to me to be the person described in and who executed the foregoing Interrogatories who

Jane Doe No. 2 v. Epstein
Page 11

acknowledged before me that he/she executed the same, that I relied upon the following form of identification of the above-named person: personally known/identification, and that an oath was/was not taken.

WITNESS my hand and official seal in the County and State last aforesaid this _26th_ day of _January_, 2009.

_Nayanira Alanis_
PRINT NAME: Nayanira Alanis
Notary Public/State of Florida
Commission #:_____
My Commission Expires:_____

(SEAL)

NOTARY PUBLIC-STATE OF FLORIDA
Nayanira Alanis
Commission # DD841844
Expires: DEC. 01, 2012
BONDED THRU ATLANTIC BONDING CO., INC.