## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:  08-CV-80119-MARRA-JOHNSON

JANE DOE NO. 2,

                      Plaintiff,

v.

JEFFREY EPSTEIN,

                      Defendant.

_____/

## DEFENDANT JEFFREY EPSTEIN'S RESPONSE & OBJECTIONS
## TO PLAINTIFF'S AMENDED FIRST REQUEST FOR PRODUCTION

Defendant, JEFFREY EPSTEIN, by and through his undersigned counsel, serves his responses and objections to Plaintiff's Amended First Request For Production To Defendant, dated December 9, 2008.

**Request No. 1.**    The list provided to you by the U.S. Attorney of individuals whom the U.S. Attorney was prepared to name in an Indictment as victims of an offense by Mr. Epstein enumerated in 18 U.S.C. §2255.

**Response:**    Defendant is asserting specific legal objections to the production request as well as his U.S. constitutional privileges.  I intend to produce all relevant documents regarding this lawsuit, however, my attorneys have counseled me that at the present time I cannot select, authenticate, and produce documents relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation.  Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution.  Drawing an adverse inference

**EXHIBIT "B"**

under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.   In addition to and without waiving his constitutional privileges, the information sought is privileged and confidential, and inadmissible pursuant to the terms of the deferred prosecution agreement, Fed. Rule of Evidence 410 and 408, and §90.410, Fla. Stat.  Further, the request is overly broad, work product, attorney-client privileged, and confidential.   In addition, the request seeks information concerning persons, not parties to this litigation, whose privacy rights are implicated.

**Request No. 2.**    All documents referring or relating to the United States' agreement with Defendant to defer federal prosecution subject to certain conditions, including without limitation, the operative agreement between Defendant and the United States and all amendments, revisions and supplements thereto.

**Response:**    Defendant is asserting specific legal objections to the production request as well as his U.S. constitutional privileges.  I intend to produce all relevant documents regarding this lawsuit, however, my attorneys have counseled me that at the present time I cannot select, authenticate, and produce documents relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation.   Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution.  Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my

Jane Doe No. 2 v. Epstein
Page 3

constitutional rights, would be unreasonable, and would therefore violate the Constitution.  In addition to and without waiving his constitutional privileges, the information sought is privileged and confidential, and inadmissible pursuant to the terms of the deferred prosecution agreement, Fed. Rule of Evidence 410 and 408, and §90.410, Fla. Stat.  Further, the request is overly broad, work product, attorney-client privileged, and confidential.   In addition, the request seeks information concerning persons, not parties to this litigation, whose privacy rights are implicated.

**Request No. 3.**      All documents referring or relating to Defendant's agreement with the State of Florida on his plea of guilty to violations of Florida Criminal Statutes, including without limitation, the operative plea agreement and any amendments, revisions and supplements thereto.

**Response:**  Defendant is asserting specific legal objections to the production request as well as his U.S. constitutional privileges.  I intend to produce all relevant documents regarding this lawsuit, however, my attorneys have counseled me that at the present time I cannot select, authenticate, and produce documents relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation.   Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution.  Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.  In addition to and without waiving his constitutional privileges, the

Jane Doe No. 2 v. Epstein
Page 4

information sought is privileged and confidential, and inadmissible pursuant to
the terms of the deferred prosecution agreement, Fed. Rule of Evidence 410 and
408, and §90.410, Fla. Stat.  Further, the request is overly broad, work product,
attorney-client privileged, and confidential.   In addition, the request seeks
information concerning persons, not parties to this litigation, whose privacy rights
are implicated.  Whatever public documents exist are in the State Court file and
equally accessible to Plaintiff.

**Request No.4.**     All documents obtained in discovery or investigation relating
to either the Florida Criminal Case or the Federal Criminal Case, including
without limitation, documents obtained from any federal, state, or local law
enforcement agency, the State Attorney's office and the United States Attorney's
office.

**Response:**  Defendant is asserting specific legal objections to the production
request as well as his U.S. constitutional privileges.   I intend to produce all
relevant documents regarding this lawsuit, however, my attorneys have
counseled me that at the present time I cannot select, authenticate, and produce
documents relevant to this lawsuit and I must accept this advice or risk losing my
Sixth Amendment right to effective representation.   Accordingly, I assert my
federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments
as guaranteed by the United States Constitution.  Drawing an adverse inference
under these circumstances would unconstitutionally burden my exercise of my
constitutional rights, would be unreasonable, and would therefore violate the
Constitution.  In addition to and without waiving his constitutional privileges, the

Jane Doe No. 2 v. Epstein
Page 5

information sought is privileged and confidential, and inadmissible pursuant to the terms of the deferred prosecution agreement, Fed. Rule of Evidence 410 and 408, and §90.410, Fla. Stat.  Further, the request is overly broad, work product, attorney-client privileged, and confidential.   In addition, the request seeks information concerning persons, not parties to this litigation, whose privacy rights are implicated.   Request No. 4 seeks documents that are attorney-client and work product privileged in that it seeks "all documents obtained in discovery or investigation relating either to the Florida Criminal Case or the Federal Criminal Case … ."  In addition, such documents are privileged and confidential as they are the subject of a pending investigation.

**Request No. 5.**  All telephone records and other documents reflecting telephone calls made by or to Defendant, including without limitation, telephone logs and message pads.

**Response:**  Defendant is asserting specific legal objections to the production request as well as his U.S. constitutional privileges.   I intend to produce all relevant documents regarding this lawsuit, however, my attorneys have counseled me that at the present time I cannot select, authenticate, and produce documents relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation.   Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution.  Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the

Jane Doe No. 2 v. Epstein
Page 6

Constitution.  In addition to and without waiving his constitutional privileges, the information sought is privileged and confidential, and inadmissible pursuant to the terms of the deferred prosecution agreement, Fed. Rule of Evidence 410 and 408, and §90.410, Fla. Stat.  Further, the request is overly broad, work product, attorney-client privileged, and confidential.   In addition, the request seeks information concerning persons, not parties to this litigation, whose privacy rights are implicated.    Defendant objects as the request is overbroad and seeks information that is neither relevant to the subject matter of the pending action nor does it appear reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff's complaint alleges a time period of "in or about 2004 – 2005." Plaintiff's request seeks information for a time period of January 1, 2003 until present regarding any and all telephone records and other documents reflecting any and all telephone calls made to or by Defendant.  As phrased, the request includes attorney-client and work product privileged information, as well as records and documents of calls having absolutely no relationship to any of the allegations in this action.

**Request No. 6.**  All telephone records and other documents reflecting telephone calls made by or to Defendant, including without limitation, telephone logs and message pads, reflecting telephone calls made by or to employees.

**Response:**  Defendant is asserting specific legal objections to the production request as well as his U.S. constitutional privileges.  I intend to produce all relevant documents regarding this lawsuit, however, my attorneys have counseled me that at the present time I cannot select, authenticate, and produce

documents relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation.   Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution.  Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.  In addition to and without waiving his constitutional privileges, the information sought is privileged and confidential, and inadmissible pursuant to the terms of the deferred prosecution agreement, Fed. Rule of Evidence 410 and 408, and §90.410, Fla. Stat.  Further, the request is overly broad, work product, attorney-client privileged, and confidential.  In addition, as defined by Plaintiff in paragraph g of her request, the term employee is overly broad and encompasses information that is neither relevant to the subject matter of the pending action nor does it appear reasonably calculated to lead to the discovery of admissible evidence.  Further, the request seeks information pertaining to person who are not parties to this action and whose privacy rights are implicated.

**Request No. 7.**  All surveillance videos, slides, film, videotape, digital recording or other audio or video depiction or image of the Palm Beach Residence.

**Response:**  Defendant is asserting specific legal objections to the production request as well as his U.S. constitutional privileges.  I intend to produce all relevant documents regarding this lawsuit, however, my attorneys have counseled me that at the present time I cannot select, authenticate, and produce documents relevant to this lawsuit and I must accept this advice or risk losing my

Sixth Amendment right to effective representation.  Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution.  Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.  In addition to and without waiving his constitutional privileges, the information sought is privileged and confidential, and inadmissible pursuant to the terms of the deferred prosecution agreement, Fed. Rule of Evidence 410 and 408, and §90.410, Fla. Stat.  Further, the request is overly broad, work product, attorney-client privileged, and confidential.   In addition, the request seeks information concerning persons, not parties to this litigation, whose privacy rights are implicated.  Plaintiff's complaint alleges a time period of "in or about 2004 – 2005."  Plaintiff's request seeks information for a time period of January 1, 2003 until present regarding "all surveillance videos, etc., or image of the Palm Beach Residence."

**Request No. 8.**  All documents referring or relating to Plaintiff Jane Doe No. 2, including without limitation, web pages, social networking site pages, correspondence, videotapes and audiotapes.

**Response:**  Defendant is asserting specific legal objections to the production request as well as his U.S. constitutional privileges.  I intend to produce all relevant documents regarding this lawsuit, however, my attorneys have counseled me that at the present time I cannot select, authenticate, and produce documents relevant to this lawsuit and I must accept this advice or risk losing my

Jane Doe No. 2 v. Epstein
Page 9

Sixth Amendment right to effective representation.   Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution.   Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.   In addition to and without waiving his constitutional privileges, the information sought is privileged and confidential, and inadmissible pursuant to the terms of the deferred prosecution agreement, Fed. Rule of Evidence 410 and 408, and §90.410, Fla. Stat.   Further, the request is overly broad, work product, attorney-client privileged, and confidential.

**Request No. 9.**   All statements taken, transcribed or recorded from any person referring or relating to Defendant's sexual conduct, massages given to Defendant or any issue in these cases.

**Response:**   Defendant is asserting specific legal objections to the production request as well as his U.S. constitutional privileges.   I intend to produce all relevant documents regarding this lawsuit, however, my attorneys have counseled me that at the present time I cannot select, authenticate, and produce documents relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation.   Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution.   Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the

Jane Doe No. 2 v. Epstein
Page 10

Constitution.  In addition to and without waiving his constitutional privileges, the information sought is privileged and confidential, and inadmissible pursuant to the terms of the deferred prosecution agreement, Fed. Rule of Evidence 410 and 408, and §90.410, Fla. Stat.  Further, the request is overly broad, work product, attorney-client privileged, and confidential.

**Request No. 10.**  All documents referring to or relating to air travel and aircraft used by Defendant, including without limitation, flight logs and flight manifests.

**Response:**  Defendant is asserting specific legal objections to the production request as well as his U.S. constitutional privileges.  I intend to produce all relevant documents regarding this lawsuit, however, my attorneys have counseled me that at the present time I cannot select, authenticate, and produce documents relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation.  Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution.  Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.  In addition to and without waiving his constitutional privileges, the information sought is privileged and confidential, and inadmissible pursuant to the terms of the deferred prosecution agreement, Fed. Rule of Evidence 410 and 408, and §90.410, Fla. Stat.  Further, the request is overly broad, work product, attorney-client privileged, and confidential.  Plaintiff's complaint alleges a time period of "in or about 2004 – 2005."  Plaintiff's request seeks documents for a

time period of January 1, 2003 until present regarding air travel and aircraft used by Defendant.

**Request No. 11.**   Any and all documents referring to or relating to modeling agencies, including but not limited to documents relating to or reflecting communications with female models.

**Response:**   Defendant is asserting specific legal objections to the production request as well as his U.S. constitutional privileges.   I intend to produce all relevant documents regarding this lawsuit, however, my attorneys have counseled me that at the present time I cannot select, authenticate, and produce documents relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation.   Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution.   Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.   In addition to and without waiving his constitutional privileges, the information sought is privileged and confidential, and inadmissible pursuant to the terms of the deferred prosecution agreement, Fed. Rule of Evidence 410 and 408, and §90.410, Fla. Stat.   Further, the request is overly broad, work product, attorney-client privileged, and confidential.    In addition, the request seeks information concerning persons, not parties to this litigation, whose privacy rights are implicated.   Plaintiff's complaint alleges a time period of "in or about 2004 – 2005."   Plaintiff's request has no time limitation.

Jane Doe No. 2 v. Epstein
Page 12

**Request No. 12.**   All photographs, videotapes, digital images and other documents depicting or showing females who, at the time thereof, were under the age of 21, which were taken or created by or for Defendant and not intended for sale commercially to the public.

**Response:**   Defendant is asserting specific legal objections to the production request as well as his U.S. constitutional privileges.   I intend to produce all relevant documents regarding this lawsuit, however, my attorneys have counseled me that at the present time I cannot select, authenticate, and produce documents relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation.   Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution.   Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.   In addition to and without waiving his constitutional privileges, the information sought is privileged and confidential, and inadmissible pursuant to the terms of the deferred prosecution agreement, Fed. Rule of Evidence 410 and 408, and §90.410, Fla. Stat.   Further, the request is overly broad, work product, attorney-client privileged, and confidential.   In addition, the request seeks information concerning persons, not parties to this litigation, whose privacy rights are implicated.   Plaintiff's complaint alleges a time period of "in or about 2004 – 2005."   Plaintiff's request has no time limitation.

Jane Doe No. 2 v. Epstein
Page 13

**Request No. 13.**  All photographs and painting of females which were displayed in any of Defendant's homes or residences in the time frame of these requests, including without limitation, photographs in standing or sitting frames or wall frames.

**Response:**  Defendant is asserting specific legal objections to the production request as well as his U.S. constitutional privileges.  I intend to produce all relevant documents regarding this lawsuit, however, my attorneys have counseled me that at the present time I cannot select, authenticate, and produce documents relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation.  Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution.  Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.  In addition to and without waiving his constitutional privileges, the information sought is privileged and confidential, and inadmissible pursuant to the terms of the deferred prosecution agreement, Fed. Rule of Evidence 410 and 408, and §90.410, Fla. Stat.  Further, the request is overly broad, work product, attorney-client privileged, and confidential.  In addition, the request seeks information concerning persons, not parties to this litigation, whose privacy rights are implicated.  Plaintiff's complaint alleges a time period of "in or about 2004 – 2005."  Plaintiff's request has no time limitation.

Jane Doe No. 2 v. Epstein
Page 14

**Request No. 14.**   Any and all documents consisting of, referring or relating to communications between Jeffrey Epstein and Haley Robson, including, but not limited to, letters, notes, text messages, messages on social networking sites, and e-mails.

**Response:**   Defendant is asserting specific legal objections to the production request as well as his U.S. constitutional privileges.   I intend to produce all relevant documents regarding this lawsuit, however, my attorneys have counseled me that at the present time I cannot select, authenticate, and produce documents relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation.   Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution.   Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.   In addition to and without waiving his constitutional privileges, the information sought is privileged and confidential, and inadmissible pursuant to the terms of the deferred prosecution agreement, Fed. Rule of Evidence 410 and 408, and §90.410, Fla. Stat.   Further, the request is overly broad, work product, attorney-client privileged, and confidential.   In addition, the request seeks information concerning persons, not parties to this litigation, whose privacy rights are implicated.   Plaintiff's complaint alleges a time period of "in or about 2004 – 2005."   Plaintiff's request has no time limitation.

Jane Doe No. 2 v. Epstein
Page 15

**Request No. 15.**  Any and all documents consisting of, referring or relating to communications between Jeffrey Epstein and Sarah Kellen, including, but not limited to, letters, notes, text messages, messages on social networking sites, and e-mails.

**Response:**  Defendant is asserting specific legal objections to the production request as well as his U.S. constitutional privileges.  I intend to produce all relevant documents regarding this lawsuit, however, my attorneys have counseled me that at the present time I cannot select, authenticate, and produce documents relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation.  Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution.  Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.  In addition to and without waiving his constitutional privileges, the information sought is privileged and confidential, and inadmissible pursuant to the terms of the deferred prosecution agreement, Fed. Rule of Evidence 410 and 408, and §90.410, Fla. Stat.  Further, the request is overly broad, work product, attorney-client privileged, and confidential.  In addition, the request seeks information concerning persons, not parties to this litigation, whose privacy rights are implicated.  Plaintiff's complaint alleges a time period of "in or about 2004 – 2005."  Plaintiff's request has no time limitation.

Jane Doe No. 2 v. Epstein
Page 16

**Request No. 16.**  Any and all documents consisting of, referring or relating to communications between Jeffrey Epstein and Nada Marcinkova, including, but not limited to, letters, notes, text messages, messages on social networking sites, and e-mails.

**Response:**  Defendant is asserting specific legal objections to the production request as well as his U.S. constitutional privileges.  I intend to produce all relevant documents regarding this lawsuit, however, my attorneys have counseled me that at the present time I cannot select, authenticate, and produce documents relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation.  Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution.  Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.  In addition to and without waiving his constitutional privileges, the information sought is privileged and confidential, and inadmissible pursuant to the terms of the deferred prosecution agreement, Fed. Rule of Evidence 410 and 408, and §90.410, Fla. Stat.  Further, the request is overly broad, work product, attorney-client privileged, and confidential.  In addition, the request seeks information concerning persons, not parties to this litigation, whose privacy rights are implicated.  Plaintiff's complaint alleges a time period of "in or about 2004 – 2005."  Plaintiff's request has no time limitation.

**Request No. 17.**   Any and all documents consisting of, referring or relating to communications between Jeffrey Epstein and Ghislaine Maxwell, including, but not limited to, letters, notes, text messages, messages on social networking sites, and e-mails.

**Response:**   Defendant is asserting specific legal objections to the production request as well as his U.S. constitutional privileges.   I intend to produce all relevant documents regarding this lawsuit, however, my attorneys have counseled me that at the present time I cannot select, authenticate, and produce documents relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation.   Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution.   Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.   In addition to and without waiving his constitutional privileges, the information sought is privileged and confidential, and inadmissible pursuant to the terms of the deferred prosecution agreement, Fed. Rule of Evidence 410 and 408, and §90.410, Fla. Stat.   Further, the request is overly broad, work product, attorney-client privileged, and confidential.   In addition, the request seeks information concerning persons, not parties to this litigation, whose privacy rights are implicated.   Plaintiff's complaint alleges a time period of "in or about 2004 – 2005."   Plaintiff's request has no time limitation.

Jane Doe No. 2 v. Epstein
Page 18

**Request No. 18.**  Any and all documents and photographs placed by Defendant at any time in the period of these requests on a social networking website, including without limitation, Facebook.com and MySpace.com.

**Response:**  Defendant is asserting specific legal objections to the production request as well as his U.S. constitutional privileges.  I intend to produce all relevant documents regarding this lawsuit, however, my attorneys have counseled me that at the present time I cannot select, authenticate, and produce documents relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation.  Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution.  Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.  In addition to and without waiving his constitutional privileges, the information sought is privileged and confidential, and inadmissible pursuant to the terms of the deferred prosecution agreement, Fed. Rule of Evidence 410 and 408, and §90.410, Fla. Stat.  Further, the request is overly broad, work product, attorney-client privileged, and confidential.   In addition, the request seeks information concerning persons, not parties to this litigation, whose privacy rights are implicated.  Plaintiff's complaint alleges a time period of "in or about 2004 – 2005."  Plaintiff's request seeks documents and photographs for a time period of January 1, 2003 until present.

Jane Doe No. 2 v. Epstein
Page 19

**Request No. 19.**   Any and all documents reflecting or consisting of communications between Jeffrey Epstein and MC2 Models or Jean-Luc Brunel, relating or referring to females coming into the United States from other countries to pursue a career in modeling, including, but not limited to, letters, notes and e-mails.

**Response:**  Defendant is asserting specific legal objections to the production request as well as his U.S. constitutional privileges.  I intend to produce all relevant documents regarding this lawsuit, however, my attorneys have counseled me that at the present time I cannot select, authenticate, and produce documents relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation.   Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution.  Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.  In addition to and without waiving his constitutional privileges, the information sought is privileged and confidential, and inadmissible pursuant to the terms of the deferred prosecution agreement, Fed. Rule of Evidence 410 and 408, and §90.410, Fla. Stat.  Further, the request is overly broad, work product, attorney-client privileged, and confidential.   In addition, the request seeks information concerning persons, not parties to this litigation, whose privacy rights are implicated.  Plaintiff's complaint alleges a time period of "in or about 2004 –

Jane Doe No. 2 v. Epstein
Page 20

2005."  In addition, the request seeks documents pertaining to females who are
not non-parties, and who possess privacy rights.

**Request No. 20.**  Any and all documents referring or relating to gifts or loans to
females under the age of 21, including, but not limited to, notes, receipts and car
rental agreements.

**Response:**  Defendant is asserting specific legal objections to the production
request as well as his U.S. constitutional privileges.   I intend to produce all
relevant documents regarding this lawsuit, however, my attorneys have
counseled me that at the present time I cannot select, authenticate, and produce
documents relevant to this lawsuit and I must accept this advice or risk losing my
Sixth Amendment right to effective representation.   Accordingly, I assert my
federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments
as guaranteed by the United States Constitution.  Drawing an adverse inference
under these circumstances would unconstitutionally burden my exercise of my
constitutional rights, would be unreasonable, and would therefore violate the
Constitution.  In addition to and without waiving his constitutional privileges, the
information sought is privileged and confidential, and inadmissible pursuant to
the terms of the deferred prosecution agreement, Fed. Rule of Evidence 410 and
408, and §90.410, Fla. Stat.  Further, the request is overly broad, work product,
attorney-client privileged, and confidential.   In addition, the request seeks
information concerning persons, not parties to this litigation, whose privacy rights
are implicated.  Plaintiff's complaint alleges a time period of "in or about 2004 –
2005."  Plaintiff's request has no time limitation.

Jane Doe No. 2 v. Epstein
Page 21

**Request No. 21.**  Any and all personal calendars or schedules of or for Jeffrey

Epstein from January 1, 2003 to the present.

**Response:**  Defendant is asserting specific legal objections to the production

request as well as his U.S. constitutional privileges.  I intend to produce all

relevant documents regarding this lawsuit, however, my attorneys have

counseled me that at the present time I cannot select, authenticate, and produce

documents relevant to this lawsuit and I must accept this advice or risk losing my

Sixth Amendment right to effective representation.  Accordingly, I assert my

federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments

as guaranteed by the United States Constitution.  Drawing an adverse inference

under these circumstances would unconstitutionally burden my exercise of my

constitutional rights, would be unreasonable, and would therefore violate the

Constitution.  In addition to and without waiving his constitutional privileges, the

information sought is privileged and confidential, and inadmissible pursuant to

the terms of the deferred prosecution agreement, Fed. Rule of Evidence 410 and

408, and §90.410, Fla. Stat.  Further, the request is overly broad, work product,

attorney-client privileged, and confidential.  In addition, the request seeks

information concerning persons, not parties to this litigation, whose privacy rights

are implicated.  Plaintiff's complaint alleges a time period of "in or about 2004 –

2005."  In addition, the request encompasses attorney-client privileged material.

**Request No. 22.**  All documents written by Jeffrey Epstein consisting of personal

thoughts, feelings or descriptions of events, incidents or occurrences in

Defendant's life, including without limitation, any diaries of Jeffrey Epstein.

**Response:**  Defendant is asserting specific legal objections to the production request as well as his U.S. constitutional privileges.   I intend to produce all relevant documents regarding this lawsuit, however, my attorneys have counseled me that at the present time I cannot select, authenticate, and produce documents relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation.   Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution.  Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.  In addition to and without waiving his constitutional privileges, the information sought is privileged and confidential, and inadmissible pursuant to the terms of the deferred prosecution agreement, Fed. Rule of Evidence 410 and 408, and §90.410, Fla. Stat.  Further, the request is overly broad, work product, attorney-client privileged, and confidential.   In addition, the request seeks information concerning persons, not parties to this litigation, whose privacy rights are implicated.  Plaintiff's complaint alleges a time period of "in or about 2004 – 2005."  On its fact, the request goes beyond the scope of allowable discovery and is meant to harass, embarrass and overburden the Defendant.  Further, the request is so overly broad that it includes attorney-client and work product privileged materials.

**Request No. 23.**  All documents referring to or relating to Jeffrey Epstein's purchase or consumption of prescription medicine.

Jane Doe No. 2 v. Epstein
Page 23

**Response:**   Defendant is asserting specific legal objections to the production request as well as his U.S. constitutional privileges.   I intend to produce all relevant documents regarding this lawsuit, however, my attorneys have counseled me that at the present time I cannot select, authenticate, and produce documents relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation.   Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution.   Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.   In addition to and without waiving his constitutional privileges, the information sought is privileged and confidential, and inadmissible pursuant to the terms of the deferred prosecution agreement, Fed. Rule of Evidence 410 and 408, and §90.410, Fla. Stat.   Further, the request is overly broad, work product, attorney-client privileged, and confidential.   In addition, the request seeks information concerning persons, not parties to this litigation, whose privacy rights are implicated.   Plaintiff's complaint alleges a time period of "in or about 2004 – 2005."   Defendant's medical condition is not at issue in this action.   Such a request is meant to harass and embarrass Defendant.   Further, such information is privileged pursuant to Fed. Rule 501 and §90.503, Fla. Stat.   In addition, such information is protected by the provisions of the Health Insurance Portability and Accountability Act (HIPAA).

Jane Doe No. 2 v. Epstein
Page 24

## Certificate of Service

WE HEREBY CERTIFY that a true copy of the foregoing has been sent via U.S. Mail and facsimile  to the following addressees this ___26th___ day of January,  2009.

Adam D. Horowitz, Esq.
Jeffrey Marc Herman, Esq.
Stuart S. Mermelstein, Esq.
18205 Biscayne Boulevard
Suite 2218
Miami, FL 33160
305-931-2200
Fax: 305-931-0877
ahorowitz@hermanlaw.com
jherman@hermanlaw.com
lrivera@hermanlaw.com
*Counsel for Plaintiff Jane Doe #2*

Jack Alan Goldberger
Atterbury Goldberger & Weiss, P.A.
250 Australian Avenue South
Suite 1400
West Palm Beach, FL 33401-5012
561-659-8300
Fax: 561-835-8691
jagesq@bellsouth.net
*Co-Counsel for Defendant Jeffrey Epstein*

Respectfully submitted,

By: _____
ROBERT D. CRITTON, JR., ESQ.
Florida Bar No.  224162
rcrit@bclclaw.com
MICHAEL J. PIKE, ESQ.
Florida Bar #617296
mpike@bclclaw.com
BURMAN, CRITTON, LUTTIER & COLEMAN
515 N. Flagler Drive, Suite 400
West Palm Beach, FL 33401
561-842-2820
Fax:  561-515-3148
*(Co-counsel for Defendant Jeffrey Epstein)*