UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-CV-80119-MARRA/JOHNSON

JANE DOE NO. 2,

        Plaintiff,

vs.

JEFFREY EPSTEIN,

        Defendant.
_____/
Related Cases:
08-80232, 08-80380, 08-80381, 08-80994,
08-80993, 08-80811, 08-80893, 09-80469,
09-80591, 09-80656, 09-80802, 09-81092,
_____/

**PLAINTIFFS' JANE DOES 2-7 MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION TO STRIKE DECLARATIONS**

Plaintiffs' Jane Does 2-7 (hereafter "Plaintiffs") file this Memorandum in Opposition to Motion to Strike Declarations Attached and Cited in Plaintiffs' Reply in Support of their Motion for Protective Order (DE 266), as follows:

### I. The Harassing Acts and Conduct of Defendant's Investigators Are Continuing, As Reflected in the Declarations Filed Subsequent to Plaintiffs' Motion for Protective Order

Defendant moves to strike Declarations filed in support of Plaintiff's Motion for Protective Order. That Motion is directed to the acts and conduct of Defendant's private investigators. (See DE 226). The original Motion, filed on July 29, 2009, was supported by two attached Declarations.[1]

---

[1] The two Declarations attached as Exhibits to the Motion for Protective Order were those of Jane Doe No. 4 and Jane Doe No. 6, dated July 17, 2009 and July 22, 2009, respectively. While

1

Subsequently on August 7, 2009, Plaintiffs filed the Declaration of Jane Doe No. 7 dated August 5, 2009, in further support of their Motion for Protective Order. The reason it was not filed with the original Motion for Protective Order is because it concerns only events that occurred *after* that Motion was filed on July 29, 2009. (See Decl. of Jane Doe No. 7 (DE 251) (discussing information received by Jane Doe No. 7 on July 30, July 31 and August 4, 2009). The problem created by Defendant's investigators is a continuing one. These investigators are making ongoing and repeated contacts with nonparties for an ulterior motive, in a manner which is destroying the Plaintiffs' anonymity in an apparent effort to harass and intimidate the Plaintiffs. (See DE 266, Plaintiffs' Reply Memorandum in Support of Motion for Protective Order).

Likewise, the Declarations of Y.B. and Jane Doe No. 4 filed on August 14, 2009, concern events occurring subsequent to the filing of the Motion for Protective Order. The Declaration of Jane Doe No. 4 concerns an incident that occurred on August 10, 2009. (DE 267-2). The Declaration of Y.B. addresses an incident that occurred on August 8, 2009. (DE 267-3). Accordingly, the need to file these Declarations subsequent to the filing of Plaintiffs' Motion is apparent, and serves to highlight the continuing nature of the wrongs being committed by Defendant's investigators from which Plaintiffs Jane Does 2-7 seek relief.

## II. A Sur-Reply Would Be Unwarranted Under the Circumstances

Defendant alternatively seeks leave to file a sur-reply memorandum, contending that he has not had an opportunity to respond to the newly filed Declarations. Notably, Defendant did

---

acknowledging in his Motion to Strike that the Declaration of Jane Doe No. 6 was filed with the Plaintiffs' Motion, Defendant inexplicably in paragraph 4 and the "Wherefore" clause of the Motion to Strike asks that this same Declaration be stricken on the basis that it was "not attached to the Reply or linked to any other motion by docket entry citation." This is obviously incorrect, and would appear to be an inadvertent error on the part of Defendant's counsel.

not file any evidence with his Response Memorandum refuting the facts set forth in the Declarations of Jane Doe No. 4 and Jane Doe No. 6 filed on July 29, 2009, nor the Declaration of Jane Doe No. 7 filed on August 7, 2009.[2]

Plaintiffs do not object to an additional *factual* submission by Defendant such as an affidavit or declaration which addresses the Declarations filed by Plaintiffs subsequent to the original Motion for Protective Order.  The issues raised in Plaintiffs' Motion for Protective Order have otherwise been fully briefed by the parties.  None of the Declarations filed by Plaintiffs subsequent to the Motion raise new legal issues which would require further briefing.  Accordingly, leave to file a sur-reply memorandum is not warranted.

### III.    Conclusion

Based on the foregoing, Plaintiffs Jane Does 2-7 respectfully request that Defendant's Motion to Strike Declarations be denied.  The alternative relief requested of leave to file a supplemental brief is unwarranted, although Plaintiffs do not object to a supplemental *factual* submission that is directed only to the Declarations filed by Plaintiffs after the filing of Plaintiffs' Motion for Protective Order.

Dated: August 28, 2009.                    Respectfully submitted,

By:    s/ Stuart S. Mermelstein
Stuart S. Mermelstein (FL Bar No. 947245)
ssm@sexabuseattorney.com
Adam D. Horowitz (FL Bar No. 376980)
ahorowitz@sexabuseattorney.com

---

[2] Although the Declaration of Jane Doe No. 7 was filed subsequent to the filing of the Motion for Protective Order, it was filed before Defendant's Response to Motion for Protective Order on August 11, 2009, and any facts refuting that Declaration could have been brought forward at that time.  Additionally, although Defendant filed Exhibits with his Response Memorandum, none of those Exhibits challenged the facts asserted in Plaintiffs' Declarations.  In particular, there is no affidavit or declaration from any of Defendant's investigators.

MERMELSTEIN & HOROWITZ, P.A.
*Attorneys for Plaintiffs*
18205 Biscayne Blvd., Suite 2218
Miami, Florida  33160
Tel:  (305) 931-2200
Fax: (305) 931-0877

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day to all parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

      /s/ Stuart S. Mermelstein

# SERVICE LIST
## DOE vs. JEFFREY EPSTEIN
### United States District Court, Southern District of Florida

Jack Alan Goldberger, Esq.
jgoldberger@agwpa.com

Robert D. Critton, Esq.
rcritton@bclclaw.com

Bradley James Edwards
bedwards@rra-law.com

Isidro Manuel Garcia
isidrogarcia@bellsouth.net

Jack Patrick Hill
jph@searcylaw.com

Katherine Warthen Ezell
KEzell@podhurst.com

Michael James Pike
MPike@bclclaw.com

Paul G. Cassell
cassellp@law.utah.edu

Richard Horace Willits
lawyerwillits@aol.com

Robert C. Josefsberg
rjosefsberg@podhurst.com