UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-CV-80119-MARRA/JOHNSON

JANE DOE NO. 2,

       Plaintiff,

vs.

JEFFREY EPSTEIN,

       Defendant.

_____/

Related Cases:
08-80232, 08-80380, 08-80381, 08-80994,
08-80993, 08-80811, 08-80893, 09-80469,
09-80591, 09-80656, 09-80802, 09-81092,

_____/

**PLAINTIFFS JANE DOE NOS. 2-8' MOTION FOR PROTECTIVE ORDER
AS TO JEFFREY EPSTEIN'S ATTENDANCE AT DEPOSITION OF
PLAINTIFFS, AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs, Jane Doe Nos. 2 through 8 ("Plaintiffs"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 26(c)(1) and Local Rule 7.1, hereby files this Motion for Protective Order as to Jeffrey Epstein's Attendance at Deposition of Plaintiffs, and state as follows:

1.     Defendant Jeffrey Epstein's counsel has advised Plaintiffs' counsel that Jeffrey Epstein plans to attend the deposition of Jane Doe No. 4 on September 16, 2009. This deposition is to be videotaped, as stated in the Notice served by Defendant's counsel. Plaintiffs Jane Doe Nos. 2-8 file this Motion for Protective Order to prevent Jeffrey Epstein from attending the depositions of Plaintiffs in person, and thereby avoid the unnecessary trauma and distress to

1

Plaintiffs which may reasonably be expected if they have to be present in a room with Jeffrey Epstein for deposition.

2. Instead, Plaintiffs propose that Jeffrey Epstein should only be permitted to view a live videofeed of the deposition from another closed room on the premises.

3. The requested relief is a natural corollary to the No-Contact Order entered by this Court on July 31, 2009. (D.E. 238). In that Order, the Court directed Jeffrey Epstein not to have any contact whatsoever with Plaintiffs: "[T]he Court finds it necessary to state clearly that Defendant is under this Court's order not to have *** direct or indirect contact with any plaintiffs*** . . ." (Emphasis supplied). Palm Beach County Circuit Court Judge Pucillo gave Jeffrey Epstein the same instruction at his plea conference. Id. As a result, Jeffrey Epstein's appearance at Plaintiff Jane Doe No. 4's deposition would violate the No-Contact Order literally, and be contrary to its spirit and intent. Plaintiffs herein propose a protective order that will allow Jeffrey Epstein to participate in his defense as any other civil defendant, and at the same time avoid contact between Jeffrey Epstein and Plaintiffs consistent with the Court's July 31, 2009 Order.

4. The Plaintiffs are fragile young adults who have been traumatized as a result of one or more sexual assaults by Jeffrey Epstein. See Affidavit of Dr. Kliman (attached as Exhibit "A" to D.E. 226). Since the filing of this lawsuit, Jeffrey Epstein has continued to harass and intimidate the Plaintiffs through repeated and intrusive contacts made by his investigators. See Plaintiffs' Motion for Protective Order and supporting Declarations. (D.E. 226).

5. Jeffrey Epstein's attendance at the deposition of the Plaintiffs will intimidate the Plaintiffs and create a genuine risk of psychological harm. Kliman Decl., ¶¶ 3, 13 & 21, D.E.

226, Exh. A. On the other hand, his physical presence adds nothing.[1] Under Plaintiffs' proposal, Jeffrey Epstein would not be prejudiced as he and his counsel would still have an opportunity to confer during the depositions. Similarly, Jeffrey Epstein would have an opportunity to read the transcripts and review the videotaped recording.

7. A party does not have a *constitutional* or *fundamental* right to attend depositions in civil cases. Federal Rule of Civil Procedure 26(c)(1) authorizes this Court to enter an Order "designating the persons who may be present while the discovery is conducted." Relief can be granted under 26(c) to prevent a party from "annoyance, embarrassment, oppression, or undue burden…" Although this rule is to be used sparingly, courts have excluded a party from a deposition in a variety of circumstances. Wright, Miller & Marcus, Federal Practice and Procedure § 2041 (1994) *citing* Galella v. Onassis, 487 F.2d 986 (2d Cir. 1973) (excluding party from attending deposition of opposing party where he had a pattern of unlawful harassment of opposing party); Gottlieb v. County of Orange, 151 F.R.D. 258 (S.D.N.Y. 1993) (limiting persons who can attend depositions of nursing personnel in child abuse case); In re Shell Oil Refinery, 136 F.R.D. 615 (E.D. La. 1991) (excluding corporate representative from employee's deposition unless representative had actual supervisory authority over deponent and was not a witness); Beacon v. R.M. Jones Apartment Rentals, 79 F.R.D. 141 (N.D. Oh. 1978).

8. Good cause exists for Jeffrey Epstein to be excluded from the deposition of the Plaintiffs. This case does not involve garden variety facts. Jeffrey Epstein is a convicted sex offender who preyed on the Plaintiffs and other disadvantaged young girls. He has a history of exploiting these young girls, and even during this litigation, has intimidated and harassed them. Now his young victims must answer questions about the lewd acts Jeffrey Epstein perpetrated

---

[1] Jeffrey Epstein has not attended any other depositions in the lawsuits consolidated for discovery.

during their childhood. A deposition can be an intimidating exercise for any witness, but under these circumstances it would be extraordinarily difficult if Jeffrey Epstein were there in person. Accordingly, a protective order is warranted to balance the interests of the parties. The relief that Plaintiffs request - restricting Jeffrey Epstein to an adjacent room where he would have a live videofeed of the deposition but no contact with the Plaintiffs - would create an appropriate balance under the unique circumstances of these cases.

WHEREFORE, Plaintiffs, JANE DOE NOS. 2-8, respectfully request a Protective Order pursuant to Fed.R.Civ.P. 26(c) preventing Jeffrey Epstein from physically attending the depositions of the Plaintiffs, but allowing him to view a live videofeed of the deposition from another closed room on the premises while having no contact with Plaintiffs, and all other relief as this Court deems just and appropriate.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1.A.3

Undersigned counsel has conferred with Defendant's counsel in a good faith effort to resolve the issues raised in this motion, and has been unable to do so.

Dated: September 9, 2009.                     Respectfully submitted,


By:     s/ Stuart S. Mermelstein
        Stuart S. Mermelstein (FL Bar No. 947245)
        ssm@sexabuseattorney.com
        Adam D. Horowitz (FL Bar No. 376980)
        ahorowitz@sexabuseattorney.com
        MERMELSTEIN & HOROWITZ, P.A.
        *Attorneys for Plaintiffs*
        18205 Biscayne Blvd., Suite 2218
        Miami, Florida  33160
        Tel:  (305) 931-2200
        Fax: (305) 931-0877

4

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day to all parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Stuart S. Mermelstein

**SERVICE LIST**
**DOE vs. JEFFREY EPSTEIN**
**United States District Court, Southern District of Florida**

Jack Alan Goldberger, Esq.
jgoldberger@agwpa.com

Robert D. Critton, Esq.
rcritton@bclclaw.com

Bradley James Edwards
bedwards@rra-law.com

Isidro Manuel Garcia
isidrogarcia@bellsouth.net

Jack Patrick Hill
jph@searcylaw.com

Katherine Warthen Ezell
KEzell@podhurst.com

Michael James Pike
MPike@bclclaw.com

Paul G. Cassell
cassellp@law.utah.edu

Richard Horace Willits
lawyerwillits@aol.com

Robert C. Josefsberg
rjosefsberg@podhurst.com