**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

JANE DOE,                              **CASE NO.  08-CV-80893-CIV-MARRA/JOHNSON**

     Plaintiff,

Vs.

JEFFREY EPSTEIN, et al.

     Defendant.

_____/

Related Cases:
08-80119, 08-80232, 08-80380, 08-80381,
08-80994, 08-80811, 08-80893, 09-80469,
09-80591, 09-80656, 09-80802, 09-81092


_____/

**PLAINTIFF, JANE DOE'S MOTION FOR A PROTECTIVE ORDER ENFORCING NO CONTACT ORDER AND INCORPROATED MEMORANDUM OF LAW**

Plaintiff, Jane Doe, hereby joins in Jane Doe Nos. 2-8's motion for a protective order (Case No. 08-CV-80119, dkt. #292) preventing defendant Epstein from attending her upcoming deposition and supplements the arguments in support of the motion.

Epstein's counsel has informed Jane Doe's counsel that Epstein plans to attend her upcoming deposition.  As a convicted sex offender now on post-sentence release, Epstein's transparent purpose in attending the deposition is to attempt to intimidate and harass Jane Doe by sitting a few feet away from her.  Regardless of his motivation, however, such action is forbidden by the no-contact order of the state judge who sentenced him (not to mention a parallel order from this Court).   Accordingly, this Court should respect that state court judgment and enter a protective order forbidding Epstein

from being in the same room with Jane Doe during the deposition. (Jane Doe has no objection to him observing the deposition via video-camera and assisting his attorneys without coming into contact with Jane Doe.)

## BACKGROUND

1.  Jane Doe incorporates and adopts the facts set forth in the pending motion for a protective order filed by Jane Does 2-8.[1]  Jane Doe supplements those facts with the following facts.

2.  On June 30, 2008, Jeffrey Epstein pled guilty to one count of procuring a person under 18 for prostitution and one count of felony solicitation to prostitution before the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. He was sentenced to 18 months in jail.

3.  In the course of the plea/sentencing colloquy, Palm Beach Circuit Court Judge Deborah Dale Pucillio explicitly instructed Defendant as follows:

> Court: Okay.  [Item] D is, you shall not have any contact with the victim, . .
> [is] there more than one victim?
>
> Ms. Belohlavek: There's several.
>
> Court: Several, all of the victims.  So this should be plural. I'm making that
> plural.  You are not to have any contact direct or indirect, and in this day
> and age I find it necessary to go over exactly what we mean by indirect.
> By indirect, we mean no text messages, no e-mail, no Face Book, no My
> Space, no telephone calls, no voice mails, no messages through carrier
> pigeon, no messages through third parties, no "hey would you tell so and
> so for me," no having a friend, acquaintance or stranger approach any of
> these victims with a message of any sort from you, is that clear?

---

[1]  Jane Doe's 2-8 have filed an affidavit of Dr. Kliman attesting to the psychological harm that they will suffer if Epstein is allowed to intimidate them by attending their deposition. Jane Doe is prepared to file an parallel affidavit from a similarly qualified psychologist if the court believes that such an affidavit is necessary.

CASE NO: 08-CV-80119-MARRA/JOHNSON

Defendant: Yes, ma'am.

Transcript of Plea Conference at 20-21.

4. Read in context, Judge Pucillio was referring to all victims of sex offenses committed by defendant Epstein, whose names were listed in a document that has been described as an appendix to a non-prosecution agreement with the United States Attorney's Office for the Southern District of Florida. Jane Doe is listed in that document.

5. The issue of the breadth of the no contact order has previously been before this Court. Several of the plaintiff/victims with suits pending against Epstein before this Court filed a motion for an order prohibiting defendant or his agents from communicating with them directly or indirectly Epstein opposed the requests as "needless, unwarranted and excessive." Dkt. #127 at 5. This Court, however, firmly overruled Epstein's objections. This Court entered its own, additional no-contact order, ruling:

> In light of Defendant's response to Plaintiff's motion for no contact order, suggesting that the state court's order only applies to some victims and that parties are always allowed to contact each other directly, the Court finds it necessary to state clearly that Defendant is under this court's order not to have direct or indirect contact with any plaintiffs, regardless of the intended scope of the state court court's order.

Order, Dkt. #238 at 4-5.

6. In spite of two separate court orders from a state and federal court barring direct and indirect contact by Epstein with the victims in this case, on August 27, 2009, counsel for Epstein sent a letter to counsel for Jane Doe that stated:

3

> Please be advised that Mr. Epstein plans to be in attendance at the deposition of your clients.  He does not intend to engage in any conversation with your clients.  However, it is certainly his right as a party-defendant in the lawsuit to be present and to assist counsel in the defense of any case.

*See* Exhibit "A," Letter from Robert D. Critton, Jr. to Brad Edwards, Esq. (Aug. 27, 2009).

7.   As counsel for Epstein knew when sending the letter on August 27, 2009, undersigned counsel had serious back surgery scheduled for the next day, August 28.  On August 28, 2009, undersigned counsel had the back surgery performed and was in the hospital for the next two days.  He then returned home and remained under heavy medication for the following week, preventing him from attending to matters pertaining to this or any other case.  On September 8, 2009, undersigned counsel was able to circulate the letter from counsel for Epstein to other members of the legal team working on this case, leading to this pleading three days later.

### ARGUMENT

8.   Jane Doe Nos. 2 through 8 have explained at length why Epstein has no right to attend the upcoming deposition of the victims in this case and why doing so would lead to psychological harm to the victims.  In the interests of brevity, Jane Doe simply relies on those arguments as well.

9.   Jane Doe has one additional argument to present.  For this Court to authorize Epstein to attend the deposition of Jane Doe would violate the right of a state court judge to set conditions of a state criminal judgment.  As noted above, Judge Pucillio has ruled that Epstein is not to have "any contact direct or indirect" with Jane

4

Doe.  Obviously the "no contact" order would bar Epstein from sitting a few feet away from Jane Doe in a deposition.  Sitting next to Jane Doe at the deposition would certainly amount to "contact" with Jane Doe.  For example, Epstein presumably intends on making eye *contact* with Jane Doe at her deposition.

10.     Epstein would apparently read the "no contact" order as allowing him to do anything to Jane Doe except to talk to her or touch her.  This bizarre reading would undermine all sorts of Florida rules designed to physically separate persons via "no contact" orders.  *See e.g.,* FLORIDA RULES OF JUVENILE PROCEDURE, FORM 8.962 (standard motion for injunction in a domestic violence case containing "no contact" provision).  For example, it would allow the abusive boyfriend of a woman subject to a "no contact" order to walk a few feet away from the woman, stare her in the eye, and argue that merely because he had not talked to her he had not had "contact."  The law does not take such an absurdly narrow view of what amounts to "contact."  *See, e.g.,* BRYAN A. GARNER, BLACK'S LAW DICTIONARY (8th ed. 2004) (defining "no contact" order as the same as a "stay-away order" and noting that a "stay-away order" usually "prohibits the defendant from coming within a certain number of feet of the victim's home, school, work, or other specific place"); ORE. REV. STAT. § 163.730(3) (defining "contact" in anti-stalking statute as "[c]oming into the visual or physical presence of the other person"); *State v. Maxwell*, 998 P.2d 680, 685-86 (Or. App. 2000) (affirming criminal conviction for violation of a "no contact" order where defendant had merely come into the visual presence of his ex-girl friend).

11.    Judge Pucillio's order should not be implicitly altered by actions of this federal court.  In *Younger v. Harris*, 401 U.S. 377 (1971), the Supreme Court counseled federal courts to avoid litigating matters properly before the state courts in state criminal proceedings.   The Court explained that federal courts "should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law."  *Id.* at 43. This *Younger* doctrine is "an important one" that "derives from the vital considerations of comity between the state and national governments."  *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003).

12.    Epstein's transparent strategy before this Court is to obtain a ruling that he is permitted to attend the deposition.  He will then use that ruling of this Court as a defense to any claim in state court that he has violated the no contact requirement of the criminal judgment.   *See, e.g., Michael v.* State, 992 So.2d 367, 369 (Fla. App. 2008) (violation of a no contact condition has to be willful to be punished).  In short, he is using litigation in this federal court to effectively alter the judgment entered against him when he pled guilty to a state sex offense.

13.     If Epstein suddenly and genuinely found some reason that he needs to attend the deposition of Jane Doe[2] and believes that Judge Pucillio's order unduly or unfairly restricts his ability to do so, he is free to take up the matter with Judge Pucillio. Unless and until he does so, the State of Florida obviously has a compelling interest in enforcing its criminal judgment barring Epstein has a convicted sex offender from

---

[2]  Epstein has not shown any interest in any other depositions that have been held in this case and has not attended any other depositions.

6

CASE NO:  08-CV-80119-MARRA/JOHNSON

having any contact with his victims.  Accordingly, this Court should give effect to the state court judgment by entering a protective order.

## **CONCLUSION**

The Court should enter a protective order precluding defendant Epstein from attending her upcoming deposition (but allowing him to view the deposition via videocamera and providing assistance to his counsel outside of the room in which the deposition is being taken).

DATED this 11th day of September 2009.

Respectfully Submitted,

s/ Bradley J. Edwards
Bradley J. Edwards
ROTHSTEIN ROSENFELDT ADLER
Las Olas City Centre
401 East Las Olas Blvd., Suite 1650
Fort Lauderdale, Florida 33301
Telephone (954) 522-3456
Facsimile (954) 527-8663
Florida Bar No.: 542075
E-mail: bedwards@rra-law.com

*and*

Paul G. Cassell
Pro Hac Vice
332 S. 1400 E.
Salt Lake City, UT 84112
Telephone:   801-585-5202
Facsimile:   801-585-6833
E-Mail:   cassellp@law.utah.edu

CASE NO: 08-CV-80119-MARRA/JOHNSON

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 11, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically filed Notices of Electronic Filing.

s/ Bradley J. Edwards
Bradley J. Edwards

## SERVICE LIST

**Jane Doe v. Jeffrey Epstein**
**United States District Court, Southern District of Florida**

Jack Alan Goldberger, Esq.
Jgoldberger@agwpa.com

Robert D. Critton, Esq.
rcritton@bclclaw.com

Isidro Manual Garcia
isidrogarcia@bellsouth.net

Jack Patrick Hill
iph@searcylaw.com

Katherine Warthen Ezell
KEzell@podhurst.com

Michael James Pike
MPike@bclclaw.com

Paul G. Cassell
cassellp@bclclaw.com

8

Richard Horace Willits
lawyerswillits@aol.com

Robert C. Josefsberg
rjosefsberg@podhurst.com

Adam D. Horowitz
ahorowitz@sexabuseattorney.com

Stuart S. Mermelstein
ssm@sexabuseattorney.com

William J. Berger
wberger@rra-law.com

**DOE v. EPSTEIN, Case No. 08-CV-80119-MARRA/JOHNSON**

# EXHIBIT A



**BURMAN, CRITTON LUTTIER & COLEMAN, LLP**
YOUR TRUSTED ADVOCATES

A LIMITED LIABILITY PARTNERSHIP

J. MICHAEL BURMAN, P.A.[1,2]
GREGORY W. COLEMAN, P.A.
ROBERT D. CRITTON, JR., P.A.[1]
BERNARD LEBEDEKER
MARK T. LUTTIER, P.A.
JEFFREY C. PEPIN
MICHAEL J. PIKE
HEATHER MCNAMARA RUDA
DAVID YAREMA

[1]FLORIDA BOARD CERTIFIED CIVIL TRIAL LAWYER
[2]ADMITTED TO PRACTICE IN FLORIDA AND COLORADO

August 27, 2009

ADELQUI J. BENAVENTE
PARALEGAL/INVESTIGATOR
JESSICA CADWELL
BOBBIE M. MCKENNA
ASHLIE STOKEN-BARING
BETTY STOKES
PARALEGALS
RITA H. BUDNYK
OF COUNSEL
ED RICCI
SPECIAL CONSUMER
JUSTICE COUNSEL

**Sent by E-mail and U.S. Mail**
Brad Edwards, Esq.
Rothstein Rosenfeldt Adler
401 East Las Olas Boulevard
Suite 1650
Fort Lauderdale, FL 33301

   Re: **Doe v. Epstein**
      **L.M. v. Epstein**
      **E.W. v. Epstein**

Dear Brad:

  Please be advised that Mr. Epstein plans to be in attendance at the deposition of your clients.  He does not intend to engage in any conversation with your clients. However, it is certainly his right as a party-defendant in the lawsuit to be present and to assist counsel in the defense of any case.

      Cordially yours,

      Robert D. Critton, Jr.

RDC/clz

cc: Jack A. Goldberger, Esq.