UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-CIV-80119-MARRA/JOHNSON

JANE DOE NO. 2,

    Plaintiff,

vs.

JEFFREY EPSTEIN,

    Defendant.

_____/

Related cases:
08-80232, 08-80380, 08-80381, 08-80994,
08-80993, 08-80811, 08-80893, 09-80469,
09-80591, 09-80656, 09-80802, 09-81092

_____/

FILED by _____ D.C.

SEP 15 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. W.P.B.

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion for Protective Order Re

Contact of Third-Parties by Private Investigators Retained by Defendant (D.E. #226). For

the following reasons, said Motion is denied.

In this case, which has been consolidated for purposes of discovery, Plaintiffs are

former under-age girls who allege they were sexually assaulted by Defendant, Jeffrey

Epstein ("Epstein"), at his Palm Beach mansion home.  The scheme is alleged to have

taken place over the course of several years in or around 2004-2005, when the girls in

question were approximately 16 years of age.  As part of this scheme, Epstein, with the

help of his assistant Sarah Kellen, allegedly lured economically disadvantaged minor girls

to his homes in Palm beach, New York and St. Thomas, with the promise of money in

1

exchange for a massage. Epstein purportedly transformed the massage into a sexual assault. The three-count Complaint alleges sexual assault and battery (Count I), intentional infliction of emotional distress (Count II), and, coercion and enticement to sexual activity in violation of 18 U.S.C. §2422 (Count III).

In an effort to mount a defense to the claims asserted against him in this case, Epstein has employed private investigators to contact third-parties believed familiar with any of the Plaintiffs herein and obtain background information about them that may prove helpful to his defense. By the instant Motion, Plaintiffs seek an order that would prevent Epstein from continuing in this fashion by ordering that Epstein's attorneys and investigators "(I) ...cease making *ex parte* contacts with non-parties identified in plaintiffs' discovery responses... .(ii) ... cease making *ex parte* contacts with nonparties found during the course of discovery or investigation who know the plaintiff or live in her community, ... .[and] (iii) ... cease making *ex parte* contacts with nonparties who otherwise know one of the plaintiffs personally but who are unaware that she is an alleged victim of childhood sexual abuse by Jeffrey Epstein." Plaintiffs' Mtn., pp.5-6. According to Epstein, "Plaintiffs' have several preexisting and diagnosed conditions for which they now attempt to pawn off on Epstein in an effort to increase their damages,"[1] and granting Plaintiff's request to disallow investigators from contacting these third parties "would violate Epstein's due process rights to defend himself, and would further not allow Epstein a full opportunity to confront the

---

[1] Epstein's Resp. (D.E. #262), p.6

2

Plaintiffs that have made allegations against him with the necessary material to properly cross-examine them at trial."[2]

A Protective Order issued pursuant to Fed.R.Civ.P. 26(c) is based on the standard of "good cause," which calls for a "sound basis or legitimate need" to limit discovery of the subject information. In re Alexander Grant & Co. Litigation, 820 F.2d 352, 356 (11th Cir. 1987). The burden is on the party seeking the protective order to demonstrate good cause for its issuance. See Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002); In re Agent Orange Products Liability Litigation, 821 F.2d 139, 145 (2d Cir. 1987); 19th Street Baptist Church v. St. Peters Episcopal Church, 190 F.R.D. 345, 348 (E.D. Penn. 2000). The Court finds that Plaintiffs have failed to satisfy their burden of demonstrating good cause for a protective order to issue.

The Court agrees with Epstein in this instance and finds that limiting Epstein's investigation of the claims asserted against him in the manner suggested strips from Epstein the ability to mount a defense and, as such, would violate Epstein's Sixth Amendment Right to confront witnesses, and the due process clause of the Fifth and Fourteenth Amendments. As Epstein correctly observes, the rules of discovery contemplate the hiring of investigators and, assuming certain parameters are met, also protect the information obtained thereby as work-product. See Alachua Gen'l Hosp., Inc. v. Zimmer USA, Inc., 403 So.2d 1087 (Fla. 1st DCA 1981); In re Faro Technologies Securities Litigation, 2008 WL 205318 (M.D. Fla. 2008); Fed. R. Civ.

---

[2] Id. at 9.

P. 26(b)(3)(B).  To restrict Epstein in the manner described would result in Epstein having to rely only on those "handpicked" witnesses disclosed by Plaintiffs in discovery, and would thereby prejudice Epstein in mounting his defense to the claims raised against him.

The Plaintiffs in these consolidated cases are seeking millions of dollars in personal injury damages for, among other things, "physical injury, pain and suffering, emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, [and] invasion of her privacy." [3] To combat these claims Epstein will have to bring forth evidence to disprove and/or find information that diminishes Plaintiffs' damage claims.  This is his right. The Record in this case is clear that the childhood of many of the Plaintiffs was marred by instances of abuse and neglect, which in turn may have resulted, in whole or in part, in the damages claimed by Plaintiffs.  Under these circumstances, where Plaintiff is seeking millions of dollars in personal injury damages for physical injury, pain and suffering, emotional distress, psychological trauma, mental anguish, humiliation, and the like, a full investigation by private investigators hired by Epstein and/or his attorneys into Plaintiffs' background, including Plaintiffs' past and present psychological, familial and social histories is reasonable and shall not be denied. [4]

---

[3] Plaintiff, Andriano's First Am. Compl., Counts I-XXX.

[4] The Court notes that in reaching the within conclusion, review and consideration was made of the various declarations filed by Plaintiffs in support of

In accordance with the above and foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Protective Order Re Contact

of Third-Parties by Private Investigators Retained by Defendant (D.E. #226) is **DENIED**.

**DONE AND ORDERED** this ~~August 15,~~ *SEPTEMBER 15,* 2009, in Chambers, at West Palm Beach,

Florida.


LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE



CC:   The Honorable Kenneth A. Marra
      All Counsel of Record

---

their claim that Epstein's investigators were acting in ways which were harassing, humiliating to Plaintiffs and/or otherwise designed to intimidate and finds said allegations without foundation.

5