UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-CV-80119-MARRA/JOHNSON

JANE DOE NO. 2,

        Plaintiff,

vs.

JEFFREY EPSTEIN,

        Defendant.

_____/

Related Cases:
08-80232, 08-80380, 08-80381, 08-80994,
08-80993, 08-80811, 08-80893, 09-80469,
09-80591, 09-80656, 09-80802, 09-81092,

_____/

**PLAINTIFFS, JANE DOE NOS. 2-8' RESPONSE TO EMERGENCY
MOTION TO STRIKE PLAINTIFF'S MOTION FOR PROTECTIVE
ORDER AND EMERGENCY MOTION TO ALLOW THE ATTENDANCE
OF JEFFREY EPSTEIN AT THE DEPOSITION OF PLAINTIFFS**

Plaintiffs, Jane Doe Nos. 2-8, by and through undersigned counsel, hereby file this Response to Emergency Motion to Strike Plaintiff's Motion for Protective Order and Emergency Motion to Allow the Attendance of Jeffrey Epstein at the Deposition of Plaintiffs, and state as follows:

1.    Jeffrey Epstein ("Epstein") argues that he should be permitted to attend the depositions of Plaintiffs' Jane Doe Nos. 2-8. Epstein's altercation with Jane Doe No. 4 immediately prior to her deposition on September 16, 2009, when there was a stipulation between counsel that he would not be in attendance, illustrates why Epstein should not be permitted to be physically present at any of the depositions.

1

2.      Prior to the deposition of Jane Doe No. 4, the parties stipulated that Jeffrey Epstein would not attend the deposition of Jane Doe No. 4, or even be seen by her at the deposition.  Nevertheless, Mr. Epstein was just a few feet away from the conference room where the deposition was being held, at the exact time the deposition was set to begin.  When Epstein saw Jane Doe No. 4, he immediately stopped in his tracks and proceeded to stare at Jane Doe No. 4 until she was intimidated and began to cry.

3.      Let there be no doubt in the Court's mind that when Epstein stopped just a few feet away from Jane Doe No. 4, he purposefully stared at Jane Doe No. 4.  Epstein held his stare at Jane Doe No. 4 until she became distraught and fled from the building. (D.E. 306, Exhibit "A").  He did all of this despite a No-Contact Order and a stipulation between counsel that he would not be seen by Jane Doe No. 4 at her deposition.

4.      Notably, this identical issue of whether Epstein should be permitted to attend the deposition of one of the plaintiffs was recently before Judge Haefle in a state court case, *EW v. Jeffrey Epstein*, Palm Beach County Circuit Court Case No. 502008CP003626.  The same arguments Epstein makes here were rejected by Judge Hafele, who prohibited Epstein from physically attending the deposition of the plaintiff, but allowed Epstein to view a live video feed of the deposition from a separate room.  The Court determined that this was an appropriate balance between the parties' interests.

5.      As the Plaintiffs have noted before, these are not garden-variety cases.  Epstein is a convicted felon and registered sex offender who has proven capable of re-victimizing the Plaintiffs and inflicting substantial psychological harm.  At this point, judicial oversight is needed to preclude Jeffrey Epstein from attending the depositions for the same reasons that the No-Contact Orders were entered in the civil and criminal cases.

6.      Epstein argues that Plaintiffs are attempting to prevent Epstein and his attorneys from assisting in the defense of his case.  This is simply untrue.  Indeed, Plaintiffs specifically offered to allow Epstein to view a live feed of the depositions which are being videotaped, and suggested that Mr. Epstein could confer with his counsel outside the presence of the plaintiffs during breaks in the depositions if he so desired.  Similarly, Epstein can email or text message any of his three attorneys who attend the depositions with additional input.

7.      Epstein's Motion to Strike Plaintiff's Motion for Protective Order devotes considerable time to mischaracterizing the relief requested by Plaintiff.  For instance, in paragraphs 16 through 18, Epstein rambles on about plaintiff's ex-boyfriends, alleged drug and alcohol use, and police records.  Epstein then contends that "disproving those allegations is not possible" if this Court grants the relief requested by Plaintiffs.  The Motion for Protective Order does not seek to prevent Epstein from examining Plaintiffs at deposition about their home lives, ex-boyfriends,[1] alleged drug use, or police records.

8.      In an attempt to distract the Court, Epstein also repeatedly refers to Defendant's "right" to attend depositions and other court proceedings, including trial.  Yet, the only issue before the Court is whether Jeffrey Epstein should be allowed to attend the depositions of the Plaintiffs.  No other proceedings are at issue in Plaintiffs' Motion.

9.      When it is convenient for Epstein, he also confuses Jane Doe Nos. 2-8 with other plaintiffs represented by other counsel.  For instance, Epstein argues that the plaintiff in the pending state court case of Jane Doe No. 2 v. Epstein attended the deposition of Jeffrey Epstein.

---

[1] There is a separate pending Motion regarding discovery as to the Plaintiffs' *sexual* contacts with individuals other than Epstein. (See Plaintiffs' Response in Opposition, D.E. 93).

3

That Jane Doe No. 2 is represented by a different counsel, and her personal choice to attend Epstein's deposition is irrelevant and immaterial to the issue before this Court. Epstein also attempts to confuse the issue by citing various other discovery objections and motions for protective order filed by various Plaintiffs.[2] Those issues have no place in the present briefing, particularly since here there is no attempt to preclude any substantive discovery.

        10. Similarly, Epstein attempts to confuse the Court by citing to the transcript of the June 12, 2009 hearing on Epstein's Motion to Stay and argues that all Plaintiffs' counsel – as well as the Assistant United States Attorney[3] – agreed that Epstein could conduct unrestricted discovery in these cases. This is simply untrue. The narrow issue before the Court on June 12, 2009 was whether a stay should be issued if Epstein's discovery conduct violates the non-prosecution agreement. Epstein even misrepresents the statements made by the undersigned to the Court on June 12, 2009. In actuality, the undersigned stated to the Court that he felt Epstein could conduct discovery "[s]ubject to your rulings, of course." (D.E. 296, Exhibit "3"). At no point did Plaintiffs' counsel authorize unfettered discovery or announce an intention to waive all future objections to discovery misconduct. Any attempt to suggest otherwise is absurd and is nothing more than an attempt to confuse this Court.

---

[2] Again, any objections, motions, or other actions by other plaintiffs has nothing to do with these Plaintiffs or the present issue before the Court.

[3] Epstein cites to the same language from the Assistant United States Attorney in virtually every discovery motion or response he files. Conspicuously absent from all of these filings is an explanation by Epstein as to why these Plaintiffs or their counsel could (or should) be bound in their civil lawsuit by anything said by the Assistant United States Attorney (or even counsel for other plaintiffs).

5

Dated: September 25, 2009.                    Respectfully submitted,


By:          s/ Adam D. Horowitz
              Stuart S. Mermelstein (FL Bar No. 947245)
              ssm@sexabuseattorney.com
             Adam D. Horowitz (FL Bar No. 376980)
              ahorowitz@sexabuseattorney.com
             MERMELSTEIN & HOROWITZ, P.A.
             *Attorneys for Plaintiffs*
             18205 Biscayne Blvd., Suite 2218
             Miami, Florida  33160
             Tel:  (305) 931-2200
             Fax: (305) 931-0877

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day to all parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Adam D. Horowitz

SERVICE LIST
DOE vs. JEFFREY EPSTEIN
United States District Court, Southern District of Florida

Jack Alan Goldberger, Esq.
jgoldberger@agwpa.com

Robert D. Critton, Esq.
rcritton@bclclaw.com

Bradley James Edwards
bedwards@rra-law.com

Isidro Manuel Garcia
isidrogarcia@bellsouth.net

Jack Patrick Hill
jph@searcylaw.com

Katherine Warthen Ezell
KEzell@podhurst.com

Michael James Pike
MPike@bclclaw.com

Paul G. Cassell
cassellp@law.utah.edu

Richard Horace Willits
lawyerwillits@aol.com

Robert C. Josefsberg
rjosefsberg@podhurst.com