UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-CV-80119-CIV-MARRA/JOHNSON

JANE DOE NO. 2,

          Plaintiff,

vs.

JEFFREY EPSTEIN,

          Defendant.

_____/

Related cases:
08-80232, 08-80380, 98-80381, 08-80994,
08-80993, 08-80811, 08-80893, 09-80469,
09-80591, 09-80656, 09-80802, 09-81092

_____/

## PLAINTIFF, CAROLYN MARGARET ANDRIANO'S, MOTION FOR PROTECTIVE ORDER AS TO DEFENDANT, JEFFREY EPSTEIN'S, ATTENDANCE AT PLAINTIFF'S DEPOSITION

Plaintiff, Carolyn Margaret Andriano, by and through her undersigned attorneys, and pursuant to Federal Rule of Civil Procedure 26(c)(1) and Local Rule 7.1, hereby files this Motion for Protective Order as to Defendant, Jeffrey Epstein's, Attendance at Deposition of Plaintiff, and in support thereof states as follows:

1.     Presently pending before this Court are two motions for protective orders seeking to preclude Defendant, Jeffrey Epstein, from being physically present in the room while Plaintiffs' depositions are being taken. Specifically, Jane Does 2-8 have filed their Motion For Protective Order as to Jeffrey Epstein's Attendance at Deposition

1

of Plaintiffs, And Incorporated Memorandum of Law (Case No. 08-CV-80119, D.E. 292) and Plaintiff Jane Doe has filed her Motion For a Protective Order Enforcing No Contact Order and Incorporated Memorandum of Law (Case No. 08-CV-80119, D.E. 297).

2.    Essentially, these motions for protective orders seek to prevent Plaintiffs from suffering further victimization, harm, and mental trauma by having Jeffrey Epstein present in the room during their depositions while they recount the most intimate details of their lives, including the sexual offenses committed against them by Jeffrey Epstein while they were minors.  Plaintiffs propose having a video feed linked to a monitor in another room where Mr. Epstein can view same and have contemporaneous contact with his attorneys in the deposition room.

3.    Plaintiff, Carolyn Margaret Andriano's, deposition has been set for October 29, 2009. Based on correspondence received from counsel for Mr. Epstein, it is Mr. Epstein's intention to be physically present in the room during Plaintiff's deposition.

4.    Plaintiff, Carolyn Margaret Andriano, joins, incorporates by reference, and adopts the arguments made in support of Plaintiffs Jane Doe (D.E. 297) and Jane Does 2-8 (D.E. 292) as if fully set forth herein.

5.    Additionally, as this Court is already aware, the deposition of Jane Doe #4 had to be cancelled after she "encountered" Mr. Epstein in the lobby immediately adjacent to the deposition room, notwithstanding the apparent agreement of counsel for Mr. Epstein that he would not be present for same.  Plaintiff respectfully suggests that the requested protective order seeks to prevent Plaintiff from suffering from the

psychological trauma as a result of a similar "encounter" with Jeffrey Epstein at her deposition.

6.      Lastly, it appears that Judge Hafele in a pending state court case (*E.W. v. Jeffrey Epstein*, Palm Beach County Circuit Court Case No. 502008CP003626) has agreed that allowing Defendant to view a live video feed, rather than be physically present in the deposition room, was an appropriate balance between the parties' interests. (See Jane Doe Nos. 2-8 Response to Emergency Motion to Strike Plaintiff's Motion for Protective Order and Emergency Motion to Allow the Attendance of Jeffery Epstein at the Deposition of Plaintiff, D.E. 330, paragraph 4). While Judge Hafele's determination is certainly not binding on this Court, it is illustrative.

WHEREFORE, Plaintiff, Carolyn Margaret Andriano, respectfully requests that this Court enter a protective order preventing Defendant, Jeffrey Epstein, from attending the deposition of Plaintiff, Carolyn Margaret Andriano, but permitting him to view a live video feed of the deposition from a remote location.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Counsel for the movant has conferred with counsel for the Defendant regarding his position on the instant motion and has been informed that counsel for Defendant is not in agreement with any of the relief requested herein.

**/s/ Jack P. Hill**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 29th day of September, 2009, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system, which will send a notice of electronic filing to all counsel of record on the attached service list.

/s/Jack P. Hill
Jack Scarola
Florida Bar No.:  169440
Jack P. Hill
Florida Bar No.:  0547808
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone:        (561) 686-6300
Fax:          (561) 383-9424
Attorneys for Plaintiff

## COUNSEL LIST

Richard H. Willits, Esquire
Richard H. Willits, P.A.
2290 10th Avenue North, Suite 404
Lake Worth, FL  33461
reelrhw@hotmail.com

Robert Critton, Esquire
Michael J. Pike, Esquire
Burman Critton Luttier & Coleman LLP
515 North Flagler Drive, Suite 400
West Palm Beach, FL  33414
rcrit@bclclaw.com
mpike@bclclaw.com

Jack A. Goldberger, Esquire
Atterbury, Goldberger & Weiss, P.A.
250 Australian Avenue South
West Palm Beach, FL  33401
jagesq@bellsouth.net

Bruce E. Reinhart, Esquire
Bruce E. Reinhart, P.A.
250 South Australian Ave., Suite 1400
West Palm Beach, FL  33401
ecf@brucereinhartlaw.com

Stuart S. Mermelstein, Esquire
Adam D. Horowitz, Esquire
Mermelstein & Horowitz, P.A.
18205 Biscayne Blvd., Suite 2218
Miami, FL 33160
ssm@sexabuseattorney.com
ahorowitz@sexabuseattorney.com

Brad Edwards, Esquire
Rothstein Rosenfeldt Adler
401 East Las Olas Blvd., Suite 1650
Fort Lauderdale, FL 33301
bedwards@rra-law.com

Paul G. Cassell, Esquire
*Pro Hac Vice*
332 South 1400 E, Room 101
Salt Lake City, UT 84112
cassellp@law.utah.edu

5

Isidro M. Garcia, Esquire
Garcia Law Firm, P.A.
224 Datura Street, Suite 900
West Palm Beach, FL 33401
isidrogarcia@bellsouth.net

Robert C. Josefsberg, Esquire
Katherine W. Ezell, Esquire
Podhurst Orseck, P.A.
25 West Flagler Street, Suite 800
Miami, FL 33130
rjosefsberg@podhurst.com
kezell@podhurst.com