UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-CV-80119-MARRA/JOHNSON

JANE DOE NO. 2,

        Plaintiff,

vs.

JEFFREY EPSTEIN,

        Defendant.

_____/

Related Cases:
08-80232, 08-80380, 08-80381, 08-80994,
08-80993, 08-80811, 08-80893, 09-80469,
09-80591, 09-80656, 09-80802, 09-81092,

_____/

**PLAINTIFF JANE DOE NO. 4'S REPLY MEMORANDUM
IN SUPPORT OF PLAINTIFF JANE DOE NO. 4'S MOTION
FOR SANCTIONS AND MOTION FOR PROTECTIVE ORDER**

Plaintiff, Jane Doe No. 4, by and through undersigned counsel, hereby files this

Reply Memorandum in Support of Plaintiff Jane Doe No. 4's Motion for Sanctions and

Motion for Protective Order, and states as follows:

1.     In his Response to Plaintiff Jane Doe No. 4's Motion for Sanctions and

Motion for Protective Order (D.E. 322), Jeffrey Epstein ("Epstein") makes no attempt to

excuse his reckless behavior immediately before the deposition of Jane Doe No. 4.

2.     Instead, Epstein chooses to focus on his purported "right" to attend the

depositions of the Plaintiffs in these civil lawsuits[1] and urges this Court to adopt a narrow

---

[1] As detailed in Plaintiffs' Motion for Protective Order as to Jeffrey Epstein's Attendance
at Deposition of Plaintiffs (D.E. 292), no such "right" exists as the Court is authorized by

interpretation of the broadly-phrased No-Contact Orders. In doing so, Epstein disregards the fact that before the deposition of Jane Doe No. 4 the parties entered into a specific stipulation ("the Stipulation") that Epstein would not attend the deposition of Jane Doe No. 4 or even be seen by her on the date of the deposition. (D.E. 306, Ex. C; D.E. 305, Ex. 3).

3.      Epstein's own admissions in his Affidavit demonstrate that, *at a minimum*, Epstein recklessly violated the Stipulation. (D.E. 305, Ex. 4).[2]  Epstein admits he knew exactly when and where the deposition of Jane Doe No. 4 was being held. Id. at ¶2. Epstein also knew of the Stipulation providing that the deposition of Jane Doe No. 4 would only go forward if Epstein did not attend and was not seen by Jane Doe No. 4. (D.E. 305, Ex. 3; D.E. 305, Ex. 4).  In addition, Epstein was "*explicitly instructed*" by the judge in his criminal case as to the broad language of the No-Contact Orders prohibiting "direct or indirect" contact with Jane Doe No. 4 and his other victims. (D.E. 238, p. 4).

4.      It is undisputed that Jeffrey Epstein stood just feet away from Jane Doe No. 4 and crossed paths with her immediately before she was entering the room where her deposition was to be held.  The parties differ as to precisely what occurred during this encounter.  In particular, Epstein does not admit to staring at and intimidating Jane Doe No. 4 to the point of tears.  In resolving this factual dispute, the Court may consider that Jeffrey Epstein is a *convicted felon* and find that his credibility should be accordingly diminished. See Federal Rule of Evidence 609(a)(1) (allowing impeachment by a

---

Federal Rule of Civil Procedure 26(c)(1) to enter an Order "designating the persons who may be present while the discovery is conducted."

[2] The Affidavit submitted on behalf of Plaintiff demonstrates that Epstein *purposefully* violated the Stipulation and No-Contact Orders by staring down Jane Doe No. 4 from a few away.

conviction of a qualifying crime).[3]   Additionally, Epstein's version of events is contradicted by an exhibit he filed with this Court. *Compare* D.E. 305, Ex. 4-5 *with* D.E. 305, Ex. 8.  In his Affidavit, Epstein states that his encounter with Jane No. 4 occurred no earlier than 1:04 p.m.[4] (D.E. 305, Ex. 4).  Yet, the deposition transcript itself reveals that Epstein's Affidavit is a sham because Plaintiff's counsel went on the record to announce the cancellation of the deposition at *1:03 p.m.* (D.E. 305, Ex. 4).   The time was announced by a court reporter, and even Epstein's counsel agreed that was the correct time. Id.  This occurred *after* the altercation in the lobby between Jane Doe No. 4 and Epstein, and *after* Plaintiff's counsel attempted to console his client. (D.E. 306, ¶6).[5] Thus, Epstein's contention that his encounter with Jane Doe No. 4 occurred no earlier than 1:04 p.m. is refuted not only by Plaintiff, but also by his own filings in this Court, including the statements of his counsel and a neutral court reporter.

5.     At a *minimum*, Epstein recklessly violated a good-faith Stipulation between counsel and two no-contact Orders which broadly prohibit Epstein from having any "direct or indirect" contact with his abuse victims, including Jane Doe No. 4. (D.E. 238).  Epstein's egregious misconduct is compounded by his filing of a sham Affidavit designed to conceal his reckless behavior.

---

[3] It is well-settled that Federal Rule of Evidence 609 is applicable to all witnesses in civil cases. See e.g., Shingleton v. Armor Velvet Corp., 621 F.2d 180 (5th Cir. 1980).
[4] Epstein attaches significance to 1:04 p.m. because he "assumed" by that time that Jane Doe No. 4 would have been in the deposition room for her 1:00 p.m. deposition.
[5] Following the incident in the lobby, Plaintiff's counsel exited the building with his client and attempted to console his visibly distraught client. (D.E. 306, Ex. A ¶¶ 5-6). He then entered the deposition room to confer with all counsel as to what had occurred. (D.E. 306, ¶6).  It was only after this brief discussion that Plaintiff's counsel went on the record at 1:03 p.m. to announce the termination of the deposition based on the earlier event. Id. Accordingly, Plaintiff maintains that these incidents in the lobby occurred at approximately 1:00 p.m. (D.E. 306, Ex. A, ¶ 3).

6.      The issues in the present Motion for Sanctions and Motion for Protective Order substantially overlap with the facts and legal arguments in Plaintiffs Jane Doe Nos. 2-8' Motion for Protective Order as to Jeffrey Epstein's Attendance at Deposition (D.E. 292), which was filed *before* Jane Doe No. 4's depositions.[6]  Accordingly, Plaintiff adopts and incorporates the remaining facts and arguments set forth in Plaintiffs' Motion for Protective Order.

WHEREFORE, Plaintiff, Jane Doe No. 4, respectfully requests (1) an award of sanctions, including attorneys' fees and costs reasonably and necessarily incurred by Plaintiff due to Defendant's non-compliance with the Court's No-Contact Order; (2) an Order excusing Jane Doe No. 4 from her deposition on September 16, 2009, due to Defendant's violation of the No-Contact Order and defense counsel's breach of his promise to Plaintiff's counsel that Defendant would not be seen at Plaintiff's deposition; (3) an order directing that any depositions of Plaintiffs in the future be at a court reporter's office selected by Plaintiffs' counsel; (4) appointment of a special master to preside at Plaintiffs' depositions and control the proceeding, to be paid for by Defendant; and (5)  all other relief as this Court deems just and appropriate.

Dated: October 2, 2009.                      Respectfully submitted,


                                             By:      s/ Adam D. Horowitz
                                             Stuart S. Mermelstein (FL Bar No. 947245)
                                             ssm@sexabuseattorney.com
                                             Adam D. Horowitz (FL Bar No. 376980)
                                             ahorowitz@sexabuseattorney.com
                                             MERMELSTEIN & HOROWITZ, P.A.
                                             *Attorneys for Plaintiffs*

---

[6] Indeed, the Plaintiffs' Motion for Protective Order as to Jeffrey Epstein's Attendance at Depositions was filed to prevent the precise harm that occurred at the deposition of Jane Doe No. 4. (D.E. 292, ¶1).

18205 Biscayne Blvd., Suite 2218
Miami, Florida  33160
Tel:  (305) 931-2200
Fax: (305) 931-0877

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day to all parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

                                    /s/ Adam D. Horowitz

**SERVICE LIST**
**DOE vs. JEFFREY EPSTEIN**
**United States District Court, Southern District of Florida**

Jack Alan Goldberger, Esq.
jgoldberger@agwpa.com

Robert D. Critton, Esq.
rcritton@bclclaw.com

Bradley James Edwards
bedwards@rra-law.com

Isidro Manuel Garcia
isidrogarcia@bellsouth.net

Jack Patrick Hill
jph@searcylaw.com

Katherine Warthen Ezell
KEzell@podhurst.com

Michael James Pike
MPike@bclclaw.com

Paul G. Cassell
cassellp@law.utah.edu

Richard Horace Willits
lawyerwillits@aol.com

Robert C. Josefsberg
rjosefsberg@podhurst.com