**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

JANE DOE,                              **CASE NO.  08-CV-80893-CIV-MARRA/JOHNSON**

      Plaintiff,

Vs.

JEFFREY EPSTEIN, et al.

      Defendant.
_____/

Related Cases:
08-80119, 08-80232, 08-80380, 08-80381,
08-80994, 08-80811, 08-80893, 09-80469,
09-80591, 09-80656, 09-80802, 09-81092

_____/

**PLAINTIFF JANE DOE'S NOTICE THAT ADDITIONAL EVIDENCE OF EPSTEIN'S FRAUDULENT ASSET TRANSFERS WILL BE FILED SHORTLY AND MOTION FOR CONSIDERATION BY THE COURT OF MATERIALS IN DOCKET NUMBERS 282 AND 283 IN DETERMINING MOTION FOR APPOINTMENT OF A RECEIVER RESTRAINING FRAUDULENT ASSETS TRANSFERS AND INCORPORATED <u>MEMORANDUM OF LAW</u>**

      Plaintiff Jane Doe (Case #80893), hereby gives notice to the Court that she will shortly be filing additional evidence of fraudulent asset transfers by Jeffrey Epstein and to move the court to consider these materials and all of the materials found in Docket Numbers 282 and 283 in determining whether to grant Jane Doe's Motion for Injunction Restraining Fraudulent Transfer of Assets (DE 165 in case no. 9:08-CV-80119).

**ADDITIONAL EVIDENCE OF EPSTEIN'S FRAUDULENT ASSET TRANSFERS <u>WILL BE FILED SHORTLY</u>**

      As the Court knows, on June 19, 2009, Jane Doe filed a motion asking for appointment of a receiver to take control of defendant Jeffrey Epstein's assets and to

post a $15 million bond to secure any potential judgment in this case (DE 165 in case no. 9:08-CV-80119).  The motion alleged that Epstein was hiding hundreds of millions of dollars in assets in an effort to defeat any judgment that Jane Doe (and many other victims of his child sexual abuse) might obtain against him.  On July 13, 2009, Epstein filed his response.   Without specifically denying any of Jane Doe's allegations of fraudulent transfers, Epstein essentially argued that Jane Doe lacked any proof of such transfers [DE 198].

Jane Doe filed a reply to Epstein's response on July 23, 2009 [DE 217].  But, in addition to the information and arguments provided there, Jane Doe now wants to alert the Court to newly-discovered evidence bolstering her arguments regarding Epstein's fraudulent concealment of his assets.  Yesterday (October 15, 2009) counsel for Jane Doe took the deposition of Larry Visoski, who has been Jeffrey Epstein's personal pilot for approximately 18 years, flying (for example) Epstein's Boeing 727 jet.  Visoski declared that, in the last year, Epstein has transferred to him four very valuable cars and a boat and registered them in his (Visoski's) name.  A transcript of the deposition will not be available until October 22, 2009.  But in view of the extreme relevance of this information to Jane Doe's pending-motion, she wanted to advise the Court of the substance of this testimony immediately – and will provide precise quotations from the deposition as soon as it is available.

While a precise transcript is not yet available, counsel represents that during the deposition, Visoski testified that the four cars and the boat were Epstein's, but that they were registered in his (i.e., Visoski's) name.  The cars are a Land Rover/Range Rover

2

Sport 2008 that Epstein purchased in the last year; a Mercedes Benz CLK 2005; Jaguar X 2005; and a Ford F250 2008.  The Ford F250 is apparently being kept on St. Thomas Island.  Visoski was not aware that the Ford F250 was registered in his name, although he was aware of the other vehicles that Epstein registered in his (Visoski's) name.

In addition, Visoski now has a 35-foot JVC Powerboat.  Visoski indicated that the owner of the boat is LSJ LLC.  "LSJ" stands for "Little St. John's" Island and the LLC is controlled by Epstein.  The boat is now registered in Visoski's name.

In addition, Visoski, admitted that a 2003 Ferrari 575M, owned by Epstein, is currently being sold in his name for an asking price of $159,000.  The Ferrari is being sold in New York, where Epstein maintains a residence.  *See* http://www.dupontregistry.com/autos/search/DRauSearchDetails.aspx?itemid=437771 website visited on Oct. 15, 2009).  Visoski did not know why the car was being sold in his name, and although he found it curious and strange that all these title conveyances were taking place, he did not question Defendant Epstein's motives.

Visoski also testified that he received a Hummer automobile recently from Epstein.

Jane Doe will provide the relevant parts of Visoski's testimony to the Court when it becomes available next week and will ask the Court to consider this newly-discovered information in ruling on her motion for appointment of receiver to take control of Jeffrey's Epstein's assets.  Because Epstein has recently given notice to the Court that the motion for appointment of a receiver has been pending for roughly 90 days [DE 347] and has asked for a prompt ruling on the motion, Jane Doe wanted to promptly alert the

3

Court to this new information.   Because this new information also provides additional evidence of on-going fraudulent transfers, Jane Doe would join Epstein and respectfully request a ruling on her motion for appointment of a receiver as quickly as the Court believes that it has the necessary information to rule.   A quick ruling is necessary to avoid further concealment of assets by Epstein.

**THE COURT SHOULD REVIEW MATERIALS FILED IN DOCKET NUMBERS 282 AND 283 IN DETERMINING MOTION FOR APPOINTMENT OF A RECEIVER TO <u>RESTRAIN FRAUDULENT ASSETS TRANSFERS</u>**

In ruling on Jane Doe's motion for appointment of a receiver, the Court should also consider additional evidence not available at the time that Jane Doe filed her motion – materials provided by Epstein *in camera* in DE 282 and DE 283.

As the Court is aware, Jane Doe propounded requests for production, requests for admission, and interrogatories to Epstein to confess his fraudulent transfer of assets. Epstein refused to answer any questions about his asset transfers on Fifth Amendment grounds.  Jane Doe then filed motions to compel answers to these questions.  *See* DE 194, DE 195 and DE 196.

Epstein filed responses to the motions to compel, asserting that he was confronted with a "substantial and real" threat of criminal prosecution if he answered the questions (among others).  *See* DE 339, DE 342 and DE 343.  In connection with his responses, Epstein cross-referenced sealed, *ex parte* submissions he had made in other pleadings in consolidated cases.  Epstein represented that "as set forth in more detail in DE 282 and 283" responding to the requests from information about his asset transfers would reveal incriminating information.  *See* DE 339 at 13.

Jane Doe now asks the Court to consider these two sealed submissions not only in connection with Epstein's argument that he need not respond, but also in connection with Jane Doe's motion for appointment of a receiver.  If it is true – as Epstein represents – that these sealed submissions truly demonstrates that responding to questions about asset transfers poses a real risk of criminal prosecution, then that same information is obviously relevant to Jane Doe's motion for appointment of a receiver.

There is, of course, no barrier to *the Court* considering that information in ruling on Jane Doe's motion.  Epstein filed the documents under seal not to keep them from the Court, but to keep them from Jane Doe.  Moreover, there is no Fifth Amendment prohibition to considering the information.  Epstein has chosen to voluntarily reveal the information for his purposes in prevailing on his arguments on his motion to compel.  The Court should be consider the information not only on that motion but on other motions as well.  And, in any event, "the Fifth Amendment does not apply in civil cases . . . ."  *United States v. Scrivner*, 167 F.3d 525, 535 (9th Cir. 1999).  *See* U.S. Const. amend. V ("No person . . . shall be compelled *in any criminal case* to be a witness against himself . . . .") (emphasis added).

Finally, common sense suggests that the Court should consider the information in ruling on Jane Doe's motion for appointment of a receiver.  Any other conclusion would essentially mean that the Court would have to turn a blind eye to a defendant who explains (in a sealed submission) how he is perpetrating an on-going fraud.  The Court should not bless Epstein's effort to hide his assets.  Instead, it should consider all

of the information in the sealed submission and, after doing so, should promptly grant

Jane Doe's motion for appointment of a receiver to prevent fraudulent transfer of assets.

## CONCLUSION

For all these reasons, the Court should consider the additional information

described in this pleading in support of Jane Doe's motion for appointment of a receiver

to prevent fraudulent transfers of assets.


DATED October 16, 2009


Respectfully Submitted,

s/ Bradley J. Edwards
Bradley J. Edwards
ROTHSTEIN ROSENFELDT ADLER
Las Olas City Centre
401 East Las Olas Blvd., Suite 1650
Fort Lauderdale, Florida 33301
Telephone (954) 522-3456
Facsimile (954) 527-8663
Florida Bar No.: 542075
E-mail: bedwards@rra-law.com

*and*

Paul G. Cassell
Pro Hac Vice
332 S. 1400 E.
Salt Lake City, UT 84112
Telephone:   801-585-5202
Facsimile:   801-585-6833
E-Mail:   cassellp@law.utah.edu

6

CASE NO:  08-CV-80119-MARRA/JOHNSON

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 16, 2009 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically filed Notices of Electronic Filing.

/s/ Bradley J. Edwards
Bradley J. Edwards

### SERVICE LIST

**Jane Doe v. Jeffrey Epstein**
**United States District Court, Southern District of Florida**

Jack Alan Goldberger, Esq.
Jgoldberger@agwpa.com

Robert D. Critton, Esq.
rcritton@bclclaw.com

Isidro Manual Garcia
isidrogarcia@bellsouth.net

Jack Patrick Hill
jph@searcylaw.com

Katherine Warthen Ezell
KEzell@podhurst.com

Michael James Pike
MPike@bclclaw.com

Paul G. Cassell
cassellp@bclclaw.com

CASE NO:  08-CV-80119-MARRA/JOHNSON

Richard Horace Willits
lawyerswillits@aol.com

Robert C. Josefsberg
rjosefsberg@podhurst.com

Adam D. Horowitz
ahorowitz@sexabuseattorney.com

Stuart S. Mermelstein
ssm@sexabuseattorney.com

William J. Berger
wberger@rra-law.com

8