**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

JANE DOE NO. 2,                                   **CASE NO:  08-CV-80119-MARRA/JOHNSON**

      Plaintiff

vs.

JEFFREY EPSTEIN,

      Defendant
_____/

JANE DOE NO. 3,                                   **CASE NO:  08-CV-80232-MARRA/JOHNSON**

      Plaintiff

vs.

JEFFREY EPSTEIN,

      Defendant

_____/

JANE DOE NO. 4,                                   **CASE NO:  08-CV-80380-MARRA/JOHNSON**

      Plaintiff

vs.

JEFFREY EPSTEIN,

      Defendant
_____/

*CASE NO:  08-CV-80119-MARRA/JOHNSON*

JANE DOE NO. 5,                                          **CASE NO:  08-CV-80381-MARRA/JOHNSON**

      Plaintiff

vs.

JEFFREY EPSTEIN,

      Defendant

_____/


JANE DOE NO. 6.                                          **CASE NO:  08-CV-80994-MARRA/JOHNSON**

      Plaintiff

vs.

JEFFREY EPSTEIN,

      Defendant

_____/


JANE DOE NO. 7,                                          **CASE NO:  08-CV-80993-MARRA/JOHNSON**

      Plaintiff

vs.

JEFFREY EPSTEIN,

      Defendant

_____/

2

*CASE NO:  08-CV-80119-MARRA/JOHNSON*

**CASE NO: 08-CV-80811-MARRA/JOHNSON**

C.M.A.,

      Plaintiff

vs.

JEFFREY EPSTEIN,

      Defendant

_____/

JANE DOE,                      **CASE NO:  08-CV-80893-MARRA/JOHNSON**

      Plaintiff,

Vs.

JEFFREY EPSTEIN, et al.

      Defendant.

_____/

DOE II,                        **CASE NO:  09-CV-80469-MARRA/JOHNSON**

      Plaintiff

vs.

JEFFREY EPSTEIN, et al.

      Defendants.

_____/

3

*CASE NO:  08-CV-80119-MARRA/JOHNSON*

JANE DOE NO. 101,                           **CASE NO:  09-CV-80591-MARRA/JOHNSON**

      Plaintiff

vs.

JEFFREY EPSTEIN,

      Defendant

_____/

JANE DOE NO. 102,                           **CASE NO:  09-CV-80656-MARRA/JOHNSON**

      Plaintiff

vs.

JEFFREY EPSTEIN,

      Defendant

_____/

### PLAINTIFF JANE DOE'S MOTION FOR A PROTECTIVE ORDER BARRING SECOND DEPOSITION SCHEDULED IN VIOLATION OF <u>CONSOLIDATION ORDER AND FOR SANCTIONS</u>

Plaintiff, Jane Doe, hereby moves this Court for protective order barring a second deposition of her by Defendant, Jeffrey Epstein.  The Consolidation Order [DE 98] in this case clearly allows Epstein to depose her only a single time.  Epstein has absolutely no basis for unilaterally setting her for a second deposition.  Therefore, the

4

*CASE NO:  08-CV-80119-MARRA/JOHNSON*

Court should enter a protective order and should sanction Epstein for forcing Jane Doe to seek such an order.

## BACKGROUND FACTS

1.    On May 14, 2009, this Court entered a consolidation order providing: "Defendant is limited to a single deposition of each Plaintiff, during which Defendant may depose the Plaintiff as both a party and a witness." [DE 98 at 4].

2.    On September 20, 2009, Epstein took Jane Doe's videotaped deposition from 9:37 a.m. until 6:10 p.m.  (approximately eight hours).

3.    On October 20, 2009, Epstein sent notice to Jane Doe's counsel that he was setting Jane Doe for another videotaped deposition, on November 13, 2009, at 9:30 a.m.  No limit on the length of the deposition was indicated.  Epstein did not seek leave of Court to set this deposition.

## ANALYSIS

4.    Epstein's act of setting Jane Doe for a second, videotaped deposition in violation of the Court's consolidation order is (yet another) act of harassment and abuse by him.  The Court's order could not be clearer, limiting Epstein to a "single deposition of each Plaintiff."  Epstein is willfully flouting that order.

5.    The only basis that Epstein's counsel has indicated for this gross disregard of the Court's order is that the order also waives the seven-hour limit "so as to allow each party an adequate opportunity to develop fully the record as it may relate to that party."  [DE 98 at 4].  But this waiver of the time limit can hardly provide a basis for *Epstein* subjecting her to protracted questioning.  Instead, this waiver was designed to

insure that each individual *plaintiff* would have an opportunity to pursue issues as needed in the deposition of a single witness.  This waiver can hardly be reasonably thought to provide a basis for subjecting a plaintiff who has been sexually assaulted by the defendant to endure even longer questioning at his hands.  The intent of the Court's waiver provision related to the seven hour time limit was drafted after thoughtfully recognizing that with multiple Plaintiffs and thus multiple attorneys, each party should have an opportunity to question each witness.  Epstein has extrapolated an absurd meaning to this waiver in an attempt to harass Plaintiff Jane Doe.

6.     Indeed, the matter is so clear-cut that Epstein should be sanctioned for forcing Jane Doe to file a motion for a protective order.  Jane Doe's counsel respectfully requests an award of attorney's fees for having to file this pleading to enforce the Court's order.  The Court's consolidation order specifically warns that "[a]ny abuses of this waiver [of the seven-hour limit] shall result in the imposition of appropriate sanctions against the offending party."  [DE 98 at 4-5].  The sanction of an attorneys' fee award is appropriate here.

## CONCLUSION

For all these reasons, the Court should enforce its consolidation order and bar any further deposition of Jane Doe by Epstein.  The Court should also award attorney's fees to Jane Doe's counsel for being forced to file this pleading to enforce the Court's previously-entered order.

DATED October 29, 2009

6

CASE NO: 08-CV-80119-MARRA/JOHNSON

Respectfully Submitted,


/s/ Bradley J. Edwards
Bradley J. Edwards
**ROTHSTEIN ROSENFELDT ADLER**
Las Olas City Centre
401 East Las Olas Blvd., Suite 1650
Fort Lauderdale, Florida 33301
Telephone (954) 522-3456
Facsimile (954) 527-8663
Florida Bar No.: 542075
E-mail: bedwards@rra-law.com

*and*

Paul G. Cassell
Pro Hac Vice
332 S. 1400 E.
Salt Lake City, UT 84112
Telephone:   801-585-5202
Facsimile:   801-585-6833
E-Mail:       cassellp@law.utah.edu


## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on October 29, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically filed Notices of Electronic Filing.


/s/ Bradley J. Edwards
Bradley J. Edwards


7

*CASE NO:  08-CV-80119-MARRA/JOHNSON*

## SERVICE LIST

**Jane Doe v. Jeffrey Epstein**
**United States District Court - Southern District of Florida**

Jack Alan Goldberger, Esq.
Jgoldberger@agwpa.com

Robert D. Critton, Esq.
rcritton@bclclaw.com

Isidro Manual Garcia
isidrogarcia@bellsouth.net

Jack Patrick Hill
jph@searcylaw.com

Katherine Warthen Ezell
KEzell@podhurst.com

Michael James Pike
MPike@bclclaw.com

Paul G. Cassell
cassellp@bclclaw.com

Richard Horace Willits
lawyerswillits@aol.com

Robert C. Josefsberg
rjosefsberg@podhurst.com

Adam D. Horowitz
ahorowitz@sexabuseattorney.com

Stuart S. Mermelstein
ssm@sexabuseattorney.com

William J. Berger
wberger@rra-law.com