UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-CV-80119-MARRA/JOHNSON

JANE DOE NO. 2,

          Plaintiff,

vs.

JEFFREY EPSTEIN,

          Defendant.

_____/

Related Cases:
08-80232, 08-80380, 08-80381, 08-80994,
08-80993, 08-80811, 08-80893, 09-80469,
09-80591, 09-80656, 09-80802, 09-81092,

_____/

**JANE DOE NO. 4'S REPLY IN SUPPORT OF HER MOTION
FOR PROTECTIVE ORDER AS TO THE SCOPE OF INQUIRY
<u>AT THE DEPOSITIONS OF JANE DOE NO. 4's PARENTS</u>**

Plaintiff, Jane Doe No. 4 ("Plaintiff"), submits this Reply in Support of Her Motion for

Protective Order as to the Scope of Inquiry at the Depositions of Jane Doe No. 4's Parents, and

states as follows:

1.      Defendant Jeffrey Epstein attempts to distract this Court from the issue at hand by

loading his Response with facts that have no bearing on the issue before the Court, such as Jane

Doe No. 4's age at the time that she was sexually abused by Epstein and her history of drug

experimentation.  Plaintiff is merely requesting an order to prevent Epstein's attorneys from

informing nonparties, her parents, of Plaintiff's sensitive, private medical information.

2.      Granting a Fed. R. Civ. P. 26(c) protective order is appropriate when the interests

of the party seeking relief outweighs that of the party seeking discovery, specifically when the

purpose of the discovery is to annoy, embarrass, or oppress the party seeking relief.  Nowhere in

his Response does Epstein provide any information that suggests that informing Jane Doe No.

1

4's parents through deposition questioning that Jane Doe No. 4 has had abortions is necessary or appropriate for fair depositions of the parents. Epstein has received extensive discovery on Jane Doe No. 4's abortions, including her medical records and her own testimony. Informing Jane Doe No. 4's parents about this sensitive matter through deposition questions is merely an attempt to intimidate, harass, annoy and embarrass Jane Doe No. 4, and serves no legitimate purpose in discovery.

3.      Jane Doe No. 4's parents are not expert witnesses. Their trial testimony is limited to their personal knowledge, and will not include opinion testimony. Fed.R.Evid. 602. While they will be allowed to testify at trial as to their personal observations of Jane Doe No. 4 during the relevant time period when she was being sexually abused by Epstein, their trial testimony cannot include speculation as to the causes of any mood changes, academic slumps, or emotional challenges that occurred during that time.[1]  That would be the exclusive domain of expert testimony under the Rules of Evidence. Accordingly, informing the parents of Jane Doe No. 4's abortions is not reasonably calculated to lead to admissible evidence.

4.      Epstein also asserts that this Motion is premature as he has not scheduled the depositions of Jane Doe No. 4's parents. In fact, his attorneys have contacted Plaintiffs' counsel on multiple occasions since the deposition of Jane Doe No. 4 to schedule the parents' depositions. Pursuant to Local Rule, Plaintiff's counsel conferred with Defendant's counsel prior to filing her Motion for Protective Order, who informed Plaintiff's counsel that Defendant opposed the relief requested. At no time did Defendant's counsel indicate that they may not take the parents' depositions. It is the leading deposition questions on the subject of Jane Doe No. 4's

---

[1] Likewise, Jane Doe No. 4's parents have no personal knowledge of her sexual abuse by Epstein and would not be allowed to opine as to the contribution the abuse made to the changes they observed.

abortions that Plaintiff seeks to prevent.  The depositions cannot proceed absent a court order on this issue.

5.      This Court has previously protected the anonymity and privacy of the Plaintiffs, in a manner that balanced their privacy rights with Defendant's right to investigate and conduct discovery. For example, this Court forbade Epstein from including the full caption on third-party subpoenas for the Plaintiffs' employment and medical records.

6.      Jane Doe No. 4 has demonstrated a compelling interest in preventing Epstein and his attorneys from victimizing her further by informing her parents that she has had abortions. He has not demonstrated that he has any interest in disclosing the information through leading deposition questions other than to annoy, embarrass, and harass Jane Doe No. 4.  Put simply, questions that inform Jane Doe No. 4's parents - who have no knowledge of the abortions - about Jane Doe No. 4's private, medical history cannot lead to the discovery of competent, admissible evidence at trial.  Accordingly, a protective order is necessary and appropriate to prevent such unnecessary, damaging questions.

Dated: November 30, 2009                    Respectfully submitted,


By:     s/ Stuart S. Mermelstein
        Stuart S. Mermelstein (FL Bar No. 947245)
        ssm@sexabuseattorney.com
        Adam D. Horowitz (FL Bar No. 376980)
        ahorowitz@sexabuseattorney.com
        MERMELSTEIN & HOROWITZ, P.A.
        *Attorneys for Plaintiffs Jane Doe Nos. 2-8*
        18205 Biscayne Blvd., Suite 2218
        Miami, Florida  33160
        Tel: (305) 931-2200
        Fax: (305) 931-0877


3

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 30, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day to all parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Stuart S. Mermelstein

SERVICE LIST
DOE vs. JEFFREY EPSTEIN
United States District Court, Southern District of Florida

Jack Alan Goldberger, Esq.
jgoldberger@agwpa.com

Robert D. Critton, Esq.
rcritton@bclclaw.com

Bradley James Edwards
bedwards@rra-law.com

Isidro Manuel Garcia
isidrogarcia@bellsouth.net

Jack Patrick Hill
jph@searcylaw.com

Katherine Warthen Ezell
KEzell@podhurst.com

Michael James Pike
MPike@bclclaw.com

Paul G. Cassell
cassellp@law.utah.edu

Richard Horace Willits
lawyerwillits@aol.com

Robert C. Josefsberg
rjosefsberg@podhurst.com