UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-CV-80119-MARRA/JOHNSON

JANE DOE NO. 2,

            Plaintiff,

vs.

JEFFREY EPSTEIN,

            Defendant.

_____/

Related Cases:
08-80232, 08-80380, 08-80381, 08-80994,
08-80993, 08-80811, 08-80893, 09-80469,
09-80591, 09-80656, 09-80802, 09-81092,

_____/

**JANE DOE NO. 4's APPEAL PURSUANT TO S.D.FLA.L.MAG.R. 4**
**OF ORDER DENYING HER MOTION FOR PROTECTIVE ORDER**
**<u>AGAINST SECOND DAY OF DEPOSITION EXTENDING PAST SEVEN HOURS</u>**

Plaintiff, Jane Doe No. 4 ("Plaintiff"), by and through undersigned counsel, files this

Appeal, pursuant to S.D.Fla.Mag.J.R. 4 and 28 U.S.C. §636(b)(1)(A), of the Magistrate Judge's

Omnibus Order entered on November 17, 2009 (DE 413), which denied Jane Doe No. 4's

Motion for Protective Order Against Second Day of Deposition Extending Past Seven Hours, on

the grounds set forth below.

**I.      <u>Introduction and Summary</u>**

Defendant Jeffrey Epstein's demonstrated strategy in defense of these cases has been to

harass, intimidate, embarrass and humiliate the Plaintiffs.  He has done this through the

aggressive use of investigators; extensive and invasive discovery on the details of the Plaintiffs'

sexual histories with men other than Epstein; and now, by means of a badgering and berating the

Plaintiffs at deposition.[1]  The Plaintiffs in these cases – who generally have low socio-economic backgrounds and poor self-esteem – are particularly vulnerable to Defendant's nefarious tactics, and indeed it may fairly be inferred that this is a significant reason why Jeffrey Epstein, a convicted sex offender, selected them to be his victims in the first place.  By denying Plaintiff's Motion for Protective Order in its entirety, the Magistrate Judge's Order (DE 413) is clearly erroneous and contrary to law.  This Order compels Jane Doe No. 4 to sit for an additional four hours of deposition, after having her deposition taken for five hours and thirty-five minutes (excluding breaks) over the course of a full day.  Plaintiff appeals this Order on the grounds that it fails entirely to recognize or acknowledge that:

- Under Fed.R.Civ.P. 30(d)(1) and S.D.Fla.L.R. 26.1(K), the 7-hour time limit for depositions is presumptive; it is clearly Defendant's burden by motion to show cause for a longer deposition, which Defendant fails entirely to satisfy.[2]

- Under S.D.Fla.L.R. 30.1(A)(5), the questioning of Jane Doe No. 4 during the first 5 ½ hours of her deposition was abusive.  It demonstrates that no more than 7 hours are necessary for a fair and appropriate deposition, and that the additional four hours of deposition time ordered by the Magistrate Judge will undoubtedly subject Jane Doe No. 4 to further abuse as described in S.D.Fla.L.R. 30.1(A)(5).

- Under this Court's Order Consolidating Cases dated May 14, 2009 (DE 98), any waiver of the 7 hour limit is subject to the admonition that no party has the authority

---

[1] Plaintiffs, Jane Does Nos. 2-8, sought in prior motion practice various protections against the conduct of Epstein's investigators and discovery of the Plaintiffs' sexual histories.  In both of these instances, the Magistrate Judge denied Plaintiffs any relief.  See infra.

[2] Defendant not only fails to satisfy this burden, but the 446 pages of transcripts of the existing deposition, in three volumes, demonstrate by themselves that Defendant should not be permitted to exceed the 7-hour limit.  See infra and attached Exhibits 1-3.

"to take unnecessarily long depositions, or abuse the process." (¶ 8).  The Magistrate Judge's Order contains no such admonition, yet the transcripts of the existing deposition of Jane Doe No. 4 demonstrate vividly Defendant's abuse of the deposition process.

Rules 26(c) and 30(d)(1) of the Federal Rules of Civil Procedure are designed to prevent exactly the misconduct demonstrated in the present case - Jeffrey Epstein's use of discovery as a tactic with the ulterior motive to harass and humiliate the Plaintiff.  The Magistrate Judge's failure to provide *any* protection to Plaintiff whatsoever under these circumstances, and perfunctorily grant Defendant *carte blanche* in discovery,[3] is clearly erroneous.

## II.    Procedural Background

Jane Doe No. 4's deposition was originally scheduled for September 16, 2009.  On that date, while Plaintiff was walking to the conference room where the deposition was to be taken pursuant to Jeffrey Epstein's notice, Jeffrey Epstein appeared within a few feet of Plaintiff, in contravention of the express agreement of Epstein's counsel and in violation of the No-contact Order entered by this Court. (DE 238).  This gave rise to motion practice that was resolved by the Magistrate Judge's Order dated October 23, 2009 (DE 369), which required that Jane Doe No. 4 sit for deposition on October 27, 2009 at 11:00 a.m., and prohibited Jeffrey Epstein from appearing at the deposition.

Prior to the deposition, Plaintiffs' counsel advised Defendant's counsel of their position that the deposition could go no longer than 7 hours absent court order.  Jane Doe No. 4 appeared

---

[3] As discussed below, the Magistrate Judge issued her decision granting Defendant all the relief requested in his Response Memorandum before Plaintiff had an opportunity to file a Reply to Defendant's Response Memorandum, and without the benefit of the transcripts of Jane Doe No. 4's existing deposition, which had not been filed at the time that the Order was entered.

for deposition at the court ordered date and time.  Jane Doe's deposition proceeded from 11:11 a.m. until 6:05 p.m.  The deposition transcript is in three volumes and at this point **446 pages** in length.  A complete copy of the deposition transcripts, volumes I-III, is attached hereto as Exhibits 1-3, respectively.

Subsequent to the deposition, the parties attempted to reach agreement on the remaining time for a second day of deposition of Jane Doe No. 4.  Plaintiff's counsel calculated the aggregate time of Jane Doe No. 4 in deposition on October 27, 2009 (excluding breaks) as 5 hours, 35 minutes, which Defendant's counsel did not dispute.  Defendant's counsel, however, insisted on taking Jane Doe No. 4's deposition for an additional 4 hours, giving Defendant almost 10 hours of aggregate deposition time of Jane Doe No. 4 over two days.  As a result, Plaintiff filed a Motion for Protective Order on November 3, 2009 (DE 392).  Prior to the filing of this Motion, another Plaintiff in these cases represented by different counsel, Jane Doe, filed a similar Motion for Protective Order (DE 378), attempting to limit Defendant from taking a second day of Jane Doe's deposition. The principal argument set forth in both Motions concerned interpretation of the Court's Order Consolidating Cases dated May 14, 2009 (DE 98). Plaintiffs contended that the waiver of the 7-hour deposition limit set forth in paragraph 8 of that Order did not authorize the Defendant to take a deposition exceeding 7 hours of a Plaintiff absent court order.   On November 12, 2009, Defendant filed his response in opposition to Jane Doe No. 4's Motion for Protective Order. (DE 404).    Under S.D.Fla.L.R. 7.1, Plaintiff had until November 23, 2009 to file a Reply.  However, well prior to this date, on November 17, 2009, the Magistrate Judge issued an Omnibus Order (DE 413) which denied the relief sought in the

4

Motions of both Jane Doe and Jane Doe No. 4 in their entirety.[4]   The decretal portion of this

Omnibus Order, which Jane Doe No. 4 appeals, is as follows:

> **ORDERED AND ADJUDGED** that Plaintiff Jane Doe's Motion for  Protective Order Barring Second Deposition and for Sanctions. (D.E. #378); and Plaintiff Jane Doe No. 4's Motion for Protective re Second Day of Deposition (D.E. # 392) are **DENIED**.  Epstein's counsel is hereby given leave to re-depose Jane Doe for up to 3 additional hours and hereby given leave to re-depose Jane Doe 4 for up to 4 additional hours.

### III.    Abusive Deposition Questioning

The transcripts of Jane Doe No. 4's deposition, attached hereto as Exhibits 1-3, are

replete with instances of abusive deposition conduct, consisting of harassing, humiliating and

irrelevant questions having no legitimate discovery purpose.   This abusive and unnecessary

questioning demonstrates that: (1) the deposition of Jane Doe No. 4, as well as the other

Plaintiffs in these cases, can be fairly completed within 7 hours; and (2) providing Defendant

with an additional four hours of deposition time for Jane Doe No. 4 will more likely than not

subject Jane Doe No. 4 to additional abuse.

For example, Defendant's counsel asked Jane Doe the following sequence of questions in

response to her testimony that she has had three abortions:

> Q.  -- you went and aborted three kids?  Why wouldn't you want people to know that?
>
> Q.  Does it cause you any upset to know that you aborted three kids in your life?

---

[4] Plaintiff in her Motion for Protective Order described the nature and extent of the abusive questioning at Jane Doe No. 4's deposition, and stated her intent to file the transcript when it became available.  (Motion (DE 392) at pp. 3-4 & n.1).  Nonetheless, the Court issued the Omnibus Order without the benefit of the three-volume transcript, which is now filed as Exhibits 1-3 to this Appeal.

Q. Were you told before each of these abortions that you had what they call viable fetuses?

Q. Does it give you any, any emotional pain that you aborted three fetuses?

Q. It's contrary to everything you ever learned as a child as a Roman Catholic, isn't it?

Q. Does your mom know you aborted three kids?

Q. Does your dad know you aborted three kids?

Q. What do you think they'd think?

Q. Do you think they're going to be happy about that?

Q. Is it going to cause you a little emotional upset?

Q. My question is, is it going to cause you any emotional upset?

Q. Wouldn't you agree with me that aborting three fetuses - . . . would be far more traumatic than giving a man a massage in the nude?

Q. I want you to tell the ladies and gentlemen of the jury whether or not aborting three fetuses is more traumatic than giving a man a massage in the nude.

(Transcript, Exh. 2, pp. 301-305).   While it may not be inappropriate to ask a plaintiff in a personal injury case a question about whether having abortions caused her emotional distress, the foregoing questions were intended and designed to provoke, harass, embarrass and humiliate Jane Doe No. 4.  Early in this line of questioning, Jane Doe No. 4 answered "of course" to the question of whether having these abortions caused her upset.  (Id., p. 301, line 19). Despite this, Defendant's counsel proceeds through four additional pages of deposition transcript asking essentially the identical question in different ways, unmercifully badgering Jane Doe No. 4 on an

6

enormously sensitive topic, and going so far as to intimate that he will disclose the abortions to her parents.[5]

As another example, Defendant's counsel marked as Exhibit 1 to the Deposition the Proposal for Settlement that was served on Plaintiffs' counsel in March, 2009.  (Transcript, Exh. 1, p. 71).  He proceeds to ask Jane Doe No. 4 a series of questions about this Proposal for Settlement, including whether she has seen and had an opportunity to review the Proposal.  Of course, such questions could never lead to competent, admissible evidence at trial.  (Id., pp. 71-73).  See S.D.Fla.L.R. 30.1(A)(5).[6]

Defendant's counsel asked Jane Doe No. 4 a number of repetitive questions, over approximately 9 transcript pages, regarding how she came to see Plaintiffs' forensic expert, Dr. Gilbert Kliman, who has been retained in this case by Plaintiffs' counsel pursuant to Fed.R.Civ.P. 26(a)(2) and Fed.R.Evid. 702.  (Transcript, Exh. 2, pp. 237-244, 267).  Defendant's counsel had previously received extensive expert discovery from Dr. Kliman, including his interviews and testing of the Plaintiffs.  Such deposition questions by Defendant's counsel were pointless and plainly not calculated to lead to competent, admissible evidence at trial.

There are many other examples that may be gleaned from the attached transcripts. Defendant's counsel asked repetitive questions regarding exact dates that various types of sexual conduct occurred during the course of numerous massages given to Epstein by Jane Doe No. 4 over an approximate two year period, badgering the Plaintiff when Jane Doe No. 4 could only

---

[5] This line of questioning is the subject of a separate Motion for Protective Order to prevent Defendant's counsel from asking Plaintiff's parents leading questions about the abortions at her deposition. (DE 420).

[6] Defendant's counsel also asked Plaintiff an inordinate number of repetitive, intimidating questions concerning the oath and her duty to tell the truth to police officers. (See Transcript, Exh. 1, pp. 7-10, 52-53).

recall generally the months that certain sexual conduct commenced during her junior year of high school.  (Transcript, Exh. 2, pp. 143-153).  Defendant's counsel asked Plaintiff a number of questions regarding how Epstein had treated the Plaintiff, and then later in the deposition asked virtually the identical series of questions again.  (Compare Transcript, Exh. 2, pp. 163-177, with pp. 288-296).

The foregoing demonstrates that much of the deposition time consumed by Defendant's counsel was wasted with harassing, repetitive and badgering questions.  An examination of the 446 existing pages of deposition transcripts reveals that Defendant's counsel does not require more than 7 hours to conduct a fair deposition of Plaintiff.

## IV.    Argument

### A.    THE MAGISTRATE JUDGE'S ORDER IS CONTRARY TO LAW

The Magistrate Judge's decision to grant Defendant Epstein a second day of deposition of Jane Doe No. 4, for an additional four hours, is contrary to law.  The error is apparent in the following portion of the Court's decision:

> Epstein contends the Court's May 14, 2009 Consolidation Order, which provides that "Local Rule 26.1K (limiting deposition time to one day of seven hours) is waived so as to allow each party an adequate opportunity to develop fully the record as it may relate to that party," effectively waives L.R. 26.1K's limitation on the length of a deposition, thereby relieving Epstein from the seven hour deposition limit.  The Court need not reach this issue, however, in that Epstein has provided sufficient and reasonable grounds in his Response Memorandum to sustain his burden, ***to the extent it is his burden***, of showing additional time to depose Jane Doe and Jane Doe 4 is needed, to fully and fairly prepare his defense.

(Omnibus Order (DE 413), p. 3) (emphasis supplied).  Initially, as noted in the highlighted language above, the Magistrate Judge is equivocal on the issue of whether it is Epstein's burden to show cause for a deposition exceeding 7 hours.  Yet the Advisory Committee's Note to

Fed.R.Civ.P. p. 30 makes clear that "[t]he party seeking a court order to extend the examination . . . *is expected to show good cause* to justify such an order." Fed.R.Civ.P. 30(d) Advisory Committee's Note (2000 Amendment) (emphasis supplied). Rule 30(d)(1) establishes the "presumptive duration" of a deposition as 7 hours. See Home Design Services, Inc. v. W. Gargas Constr., Inc., 2009 WL 3190462 (N.D. Fla. 2009). It is incumbent upon the party seeking a longer deposition to move the court for additional time and show cause. Here, the Court erroneously found sufficient cause in the Defendant's *Response Memorandum* to Plaintiff's Motion for Protective Order.

### B.   THE MAGISTRATE JUDGE'S FINDINGS ARE NOT SUPPORTED BY THE RECORD, INCONSISTENT WITH THE TRANSCRIPTS OF JANE DOE NO. 4'S DEPOSITION, AND THUS CLEARLY ERRONEOUS

The Court's finding of cause is clearly erroneous. The first ground stated by the Magistrate Judge to support substantial added deposition time of Jane Doe No. 4 is that Plaintiffs are "seeking millions of dollars." This ground has been stated by the Magistrate Judge in rejecting, in their entirety, the prior attempts by Plaintiffs to place limits on the Defendant's abusive discovery conduct. (See DE 299 (Order dated September 15, 2009, denying Plaintiffs' Motion for Protective Order on conduct of Epstein's investigators, p. 5); DE 377 (Omnibus Order dated October 28, 2009, granting Defendant's Motion to Compel Answers to Interrogatories and Request for Production regarding Plaintiffs' sexual histories, p. 4)). Yet the Magistrate Judge has not in any of these instances articulated why the Plaintiffs' seeking millions of dollars warrants granting the Defendant *carte blanche* in discovery, thereby facilitating Defendant's thinly veiled strategy to harass, badger, embarrass and humiliate the Plaintiffs. Indeed, the Magistrate Judge never mentions that Epstein is a reputed billionaire. While a plaintiff's demand for millions of dollars would in the typical case threaten the financial well

being of the defendant, this is not the typical case.  Every indication is that the "millions of dollars" sought by Defendant's sex abuse victims are, or at least could be, a trivial sum to Defendant Epstein.[7]

The Magistrate Judge in the Omnibus Order states additional reasons for granting Defendant four additional hours of deposition of Jane Doe No. 4, including the need to ask questions about: (1) Jane Doe No. 4's alleged drug use; (2) repeated instances of domestic violence; (3) multiple aborted pregnancies; (4) arrests; and (5) details regarding her past sexual history. (Omnibus Order, p. 4).  With regard to topics (1) through (4), a review of the 446 pages of existing deposition transcripts reveals that ***Jane Doe No. 4 has already been questioned extensively on each of these topics.***[8]  As to past sexual history, Jane Doe No. 4 pursuant to Court Order has recently answered interrogatories detailing her past sexual history.  The instances in which Jane Doe No. 4, on her counsel's advice, refused to answer questions at deposition regarding her sexual history are *de minimus*. (See Exh. 1 p. 5, Exh. 2, p. 182, Exh. 3, pp. 314-317, 368).  Indeed, she answered at her deposition most of questions concerning her sexual history with men other than Epstein.  (See, e.g., Transcript, Exh. 3, pp. 323-350, 354-355).  Any remaining questions regarding Jane Doe No. 4's sexual history can easily and fairly be covered

---

[7] It should also be noted that Plaintiffs seek millions of dollars inclusive of punitive damages. The discovery sought by Defendant through the deposition of Jane Doe No. 4 is not pertinent to the issue of punitive damages, which focuses on the willful and wanton acts of Epstein in sexually molesting teenage girls.

[8] See the following portions of the attached transcripts:

a. alleged drug use (Exh. 1, pp. 86-88, Exh. 2, pp. 213-223).
b. instances of domestic violence (Exh. 1, pp. 26-32, Exh. 2, pp. 200-206, Exh. 3, pp. 349-359, 425).
c. aborted pregnancies (Exh. 2, pp. 301-307, Exh. 3, pp. 311-318, 426).
d. arrests (Exh. 1, pp. 25-26, Exh. 3, pp. 338-349).

in the 1 hour and 25 minutes of additional deposition time Plaintiff has agreed to provide to Defendant's counsel.[9]

The Magistrate Judge issued a clearly erroneous decision in large part because she did not have the benefit of the complete 446-page transcript of Jane Doe No. 4's deposition at the time she made her ruling.  She did not have the benefit of the transcript because she ruled prematurely, before Plaintiffs' counsel had an opportunity to reply to Defendant's Response or to file the complete transcript.  In this instance, a careful review of the transcript is necessary in determining whether additional time is necessary for a fair deposition of Jane Doe No. 4. Instead, the Magistrate Judge's decision was premised on an inaccurate characterization of the existing deposition record and the topics yet to be covered, which Plaintiff's counsel could have corrected and clarified in the Reply prior to the Magistrate Judge's decision, if afforded the time to do so provided under S.D. Fla.L.R. 7.1(C).

To make matters worse, the Magistrate Judge ordered that Defendant's counsel have up to four additional hours deposition time of Jane Doe No. 4, without restriction or qualification. In contrast, this Court's Order Consolidating Cases dated May 14, 2009 (DE 98) expressly notes that the waiver of the 7-hour limit set forth therein[10] "shall not be construed as authority for any party to take unnecessarily long depositions, or abuse the process."  (Order, p. 4, ¶ 8).  No such admonition is present in the Magistrate Judge's Order.

The Magistrate Judge ultimately makes the following finding:

> The Court agrees with Epstein that all of the foregoing issues are directly relevant to Plaintiffs' damage claims and credibility, and to deny him additional time in which to depose these Plaintiffs

---

[9] This will provide Defendant's counsel with an aggregate 7 hours of deposition time.

[10] As discussed above, Plaintiffs believe that the waiver of the 7-hour rule set forth in that Order does not authorize the Defendant to take a deposition of a Plaintiff in excess of 7 hours.

> would be unreasonable under the circumstances and result in prejudice to Epstein by denying him the opportunity to obtain discovery that is central to his defense.

(Omnibus Order (DE 413), pp. 4-5).  As discussed above, Defendant has submitted ***nothing*** in the record to support the conclusion that he will be prejudiced or denied the opportunity to obtain discovery that is central to his defense.  To the contrary, a review of the transcripts of Jane Doe No. 4's deposition emphatically demonstrates that this finding is wrong.  The Magistrate Judge's Order is thus clearly erroneous.

In support of the Order, the Magistrate Judge relies upon Osbourne v. Columbia Helicopters, Inc., 2009 WL 2215076 (S.D. W. Va. 2009). (See Omnibus Order, p. 5).  Osbourne was a employment case in which the Court permitted the plaintiff's deposition to exceed 7 hours because plaintiff "submitted unverified, incomplete and inaccurate responses to [defendant's] written discovery." Id. at *5.  Here, in contrast, Plaintiffs have not been evasive in discovery. Defendant has not only received written discovery responses from Plaintiff, but extensive discovery from Plaintiff's psychiatric expert, Dr. Gilbert Kliman, and an 8-hour independent medical examination of the Plaintiff.  An objection was made by Plaintiff to detailed written discovery requests on Plaintiff's sexual history with men other than Epstein.  The Plaintiff's objection on this narrow issue was decided by the Magistrate Judge in favor of Epstein, who granted Epstein's Motion to Compel in its entirety (DE 377) shortly after the deposition of Jane Doe No. 4 took place on October 27, 2009.[11]   Nonetheless, contrary to the Magistrate Judge's

---

[11] As discussed above, the instances in which Jane  Doe No. 4 was instructed not to answer questions based on the then undecided issue of discovery of Plaintiff's sexual history were *de minimus*, and do not support an extended deposition of Jane Doe No. 4.  Additionally, subsequent to the deposition, Plaintiff answered Defendant's written discovery requests on the subject of her sexual history in accordance with the Magistrate Judge's Order.

finding, any lack of discovery on the issue of sexual history does not support an additional four hours of deposition of Jane Doe No. 4.  Indeed, it may be anticipated that Epstein's counsel will use this additional time for abusive questioning on Jane Doe No. 4's sexual history.[12]

Finally, it should be noted that this is not a document driven commercial or employment case, where the need for a lengthy deposition of a party may be supported with cause. See Dunkin Donuts, Inc. v. Mary's Donuts, Inc., 206 F.R.D. 518, 522 (S.D.Fla. 2002), (allowing the plaintiff to depose the defendant's accountant and corporate representative for an additional seven hours because it was a complex commercial case involving seven years of commercial activity and 10,000 pages of documents).  See also Pace v. City of Palmetto, 2007 WL 470477 (S.D.Fla. 2007) (granting one hour additional deposition time because the deponent had not read documents in advance, and was taking an inordinate amount of time during the deposition to read documents).  In such a case, it may be anticipated that there will be little if any prejudice or damage to the party witness created by a lengthy deposition exceeding one day.  In stark contrast, the depositions of the Plaintiffs in these cases covers the most intimate and private details of their lives.  Particularly given the harassing and badgering questioning engaged in by Defendant's counsel, a two day deposition will needlessly revictimize, embarrass and humiliate the Plaintiffs, which is the apparent strategy of Defendant in these cases.

## V.     Conclusion

For the reasons set forth above, Plaintiff Jane Doe No. 4 respectfully requests that the Magistrate Judge's Omnibus Order (DE 413) be reversed as it pertains to the amount of time

---

[12] See, e.g., Transcript, Exh. 2, pp. 181-182 where Defendant's counsel asks Plaintiff if her former boyfriend "had taken his penis and inserted it in your vagina", and whether she had given him oral sex.  He later in the deposition asked her *again*, regarding the same boyfriend, "when was the first time you gave him oral sex", and "when was the first time he stuck his penis in you and ejaculated." Transcript, Exh. 3, p. 355.

remaining for Jane Doe No. 4's deposition; that Defendant's counsel be limited to an additional one hour and 25 minutes of deposition time for Jane Doe No. 4; that Defendant's counsel be admonished to refrain from abusive deposition conduct pursuant to S.D.Fla.L.R. 30.1(A)(5); and that Plaintiff be granted such other and further relief as this Court deems just and proper.

Dated: December 1, 2009                         Respectfully submitted,


By:     s/ Stuart S. Mermelstein
         Stuart S. Mermelstein (FL Bar No. 947245)
         ssm@sexabuseattorney.com
         Adam D. Horowitz (FL Bar No. 376980)
         ahorowitz@sexabuseattorney.com
         MERMELSTEIN & HOROWITZ, P.A.
         *Attorneys for Plaintiffs Jane Doe Nos. 2-8*
         18205 Biscayne Blvd., Suite 2218
         Miami, Florida  33160
         Tel: (305) 931-2200
         Fax: (305) 931-0877

14

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day to all parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Stuart S. Mermelstein

15

SERVICE LIST
DOE vs. JEFFREY EPSTEIN
United States District Court, Southern District of Florida

Jack Alan Goldberger, Esq.
jgoldberger@agwpa.com

Robert D. Critton, Esq.
rcritton@bclclaw.com

Bradley James Edwards
bedwards@rra-law.com

Isidro Manuel Garcia
isidrogarcia@bellsouth.net

Jack Patrick Hill
jph@searcylaw.com

Katherine Warthen Ezell
KEzell@podhurst.com

Michael James Pike
MPike@bclclaw.com

Paul G. Cassell
cassellp@law.utah.edu

Richard Horace Willits
lawyerwillits@aol.com

Robert C. Josefsberg
rjosefsberg@podhurst.com

16