**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 08-CIV-80119-MARRA/JOHNSON**

**JANE DOE NO. 2,**

     **Plaintiff,**

**vs.**

**JEFFREY EPSTEIN,**

     **Defendant.**

_____/

**Related cases:**
**08-80232, 08-80380, 08-80381, 08-80994,**
**08-80993, 08-80811, 08-80893, 09-80469,**
**09-80591, 09-80656, 09-80802, 09-81092**

_____/

**OMNIBUS ORDER**

**THIS CAUSE** is before the Court on the following motions: (1) Plaintiff' Jane Doe's

Motion for Protective Order Barring Second Deposition and for Sanctions (D.E. #378); and,

(2) Plaintiff Jane Doe No. 4's Motion for Protective Order Re Second Day of Deposition

(D.E. #392).  For the following reasons said Motions are granted in part and denied in part

in accordance with the terms herein.

In this case, which has been consolidated for purposes of discovery, Plaintiffs are

former under-age girls who allege they were sexually assaulted by Defendant, Jeffrey

Epstein ("Epstein"), at his Palm Beach mansion home.  The scheme is alleged to have

taken place over the course of several years in or around 2004-2005, when the girls in

question were approximately 16 years of age.  As part of this scheme, Epstein, with the

1

help of his assistant Sarah Kellen, allegedly lured economically disadvantaged minor girls to his homes in Palm beach, New York and St. Thomas, with the promise of money in exchange for a massage.  Epstein purportedly transformed the massage into a sexual assault.   The three-count Complaint alleges sexual assault and battery (Count I), intentional infliction of emotional distress (Count II), and, coercion and enticement to sexual activity in violation of 18 U.S.C. §2422 (Count III).

The instant Motions are nearly identical and seek, as to each respective Plaintiff, Jane Doe in the case of D.E. #378 and Jane Doe 4 in the case of D.E. #392, protection/limitation from having to appear at a second deposition. Jane Doe was deposed on September 20, 2009 for a total of anywhere between just under 7 hours to 8 hours. [1] Jane Doe 4 was deposed on October 27, 2009, and the parties are in agreement that taking into account breaks, the deposition lasted 5 hours and 35 minutes. Plaintiffs contend that under Fed. R. Civ. P. 30(d)(1), S.D. Fla. L.R. 26.1(K), and the Court's Consolidation Order (D.E. #98), all of which limit a deposition of an individual to a single day of seven hours unless leave of Court is granted, it is Defendant's burden to demonstrate why more than seven hours of deposition time is necessary for a particular Plaintiff.  According to Plaintiff, Epstein has failed to sustain his burden in this regard and, as such, he should not be able to re-depose Jane Doe at all[2], and should only be able to re-depose Jane Doe 4

---

[1] In her Motion, Jane Doe represents that she was deposed for 8 hours. For his part, Defendant Epstein contends in his Response in Opposition that taking into account lunch and other breaks, the actual figure is 6 hours and 50 minutes, which figure he contends was confirmed with the court reporter. The Court finds that whether Jane Doe was deposed for just under 7 hours as Epstein contends, or for 8 hours as Jane Doe alleges, is under the circumstances herein presented, of no consequence.

[2] This is based on Plaintiffs' representation that Jane Doe's deposition lasted 8 hours.

for an additional 1 hour and 25 minutes, providing Epstein with an aggregate of 7 hours deposition time of Jane Doe 4.

Epstein contends the Court's May 14, 2009 Consolidation Order, which provides that "Local Rule 26.1K (limiting deposition time to one day of seven hours) is waived so as to allow each party an adequate opportunity to develop fully the record as it may relate to that party," effectively waives L.R. 26.1K's limitation on the length of a deposition, thereby relieving Epstein from the seven hour deposition limit. The Court disagrees with Epstein's interpretation of the District Court's Order and finds that Fed.R.Civ.P. 30(d)(1) and S.D.Fla.L.R. 26.1(K) which, absent agreement or court order, presumptively limits depositions to 7 hours, applies in this case. That said, the undersigned finds that Epstein has provided sufficient and reasonable grounds in his Response Memorandum to sustain his burden under the Rules of showing additional time to depose Jane Doe and Jane Doe 4 is needed to fully and fairly prepare his defense.

Plaintiffs are seeking millions of dollars in personal injury damages for, among other things, physical injury, pain and suffering, emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, and invasion of privacy. Epstein's counsel represents he will need an additional 2 ½ to 3 hours to depose Jane Doe, so that he can cover such topics as background information not disclosed in answers to interrogatories, family background information, details regarding Jane Doe's visits to Epstein's home, Jane Doe's knowledge of other witnesses, school records and medical records, and finally, details regarding her past sexual history, an opportunity he did not have when he began her deposition as the Court had not yet ruled on Epstein's Motion to Compel (D.E. #s 67 & 68), which sought information related to Plaintiff's past

3

sexual history.

As for Jane Doe 4, Epstein's counsel represents he will need approximately an additional 4 hours to complete her deposition, owing to her "complicated and eventful past history" including alleged drug use, repeated instances of domestic violence, multiple aborted pregnancies and arrests.  Def's Resp., p. 2.  Also, as with Jane Doe, Epstein's counsel claims he needs additional time to depose Jane Doe 4 on details regarding her past sexual history, an opportunity he did not have when he began her deposition as the Court had not yet ruled on Epstein's Motion to Compel (D.E. #s 67 & 68), which sought information related to Plaintiff's past sexual history.   All agree that there were instances at Jane Doe 4's initial deposition where she was instructed by her counsel not to answer questions "relat[ed] to sexual partners' names or sexual positions." Jane Doe 4 Deposition Excerpt, attached as Ex. "B" to Def's Resp., at 5. With these subjects fairly open to inquiry, it is only reasonable that Epstein's counsel will require additional time to depose Jane Doe and Jane Doe 4 on these areas.

The Court agrees with Epstein that all of the foregoing issues are directly relevant to Plaintiffs' damage claims and credibility, and to deny him additional time in which to depose these Plaintiffs would be unreasonable under the circumstances and result in prejudice to Epstein by denying him the opportunity to obtain discovery that is central to his defense. See Osborne v. Columbia Helicopters, Inc., 2009 WL 2215076 (S.D. W.Va. 2009)(granting the defendant an additional one day of 7 hours to depose the plaintiff, reasoning that because the plaintiff provided incomplete written discovery responses, the defendant "did not have full opportunity to examine Mr. Osborne respecting all of the information which might properly be considered in his discovery deposition.").

4

Nonetheless, with the Court now having the benefit of the 446 page, three-volume deposition transcript, a copy of which is attached to Plaintiffs' Appeal of Magistrate Judge Decision (D.E. #430), the Court finds the 4 additional hours requested by Defendant to depose Jane Doe 4 unreasonable under the circumstances.  A review of the deposition transcript reveals numerous instances of Jane Doe 4 being subjected to repetitive questioning about exceedingly sensitive issues such as the emotional pain caused by having three abortions, the sexual positions she has engaged in, and Epstein's treatment of her.  To re-phrase Plaintiffs' counsel's words[3], while it may be appropriate to ask a plaintiff in a personal injury case a question about whether having abortions caused her emotional distress, when the essentially identical question is re-phrased and asked over and over again, the questioning becomes badgering and harassing.  Counsel for Defendant must be mindful that the depositions of the Plaintiffs in these cases covers the most intimate and private details of their lives and if not handled correctly may serve to needlessly revictimize, embarrass and humiliate them.

In order to avoid this result, in all future depositions of the Plaintiffs in these cases, including the re-depositions of Jane Doe and Jane Doe 4, Defendant's counsel is ordered to refrain from repetitive questioning. This does not mean that Defense counsel may not follow-up on questions asked or ask similar questions of a related nature, but counsel is expected to conduct himself in a responsible and professional manner befitting members of the Bar and balance the need for the information sought against the psychological trauma that could result from repetitive, humiliating questions regarding the sensitive

---

[3] See Plaintiffs' Appeal of Magistrate's Order (D.E. #430), p.6-7.

issues at play in this case.

As for the time permitted defense counsel to re-depose these Plaintiffs, the Court finds that any remaining questions regarding Jane Doe 4 or Jane Doe 4's sexual history can fairly and reasonably be covered in 2 hours, rather than the 4 hours requested, and that any remaining questions regarding Jane Doe or Jane Doe's sexual history can fairly and reasonably be covered in the requested 3 hours. The Court's allowance of this additional time should not be construed by defense counsel as authority to take the depositions of these Plaintiffs for any longer time than is necessary, and in no event will the Court tolerate questioning of an abusive nature. In accordance with the above and foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff Jane Doe's Motion for Protective Order Barring Second Deposition and for Sanctions (D.E. #378); and Plaintiff Jane Doe No. 4's Motion for Protective Order Re Second Day of Deposition (D.E. #392) are **GRANTED IN PART AND DENIED IN PART** in accordance with the terms of this Order. Epstein's counsel is hereby given leave to re-depose Jane Doe for up to 3 additional hours and hereby given leave to re-depose Jane Doe 4 for up to 2 additional hours. Counsel for the parties are ordered to immediately confer and come to mutual agreement on a date and time in which these depositions can be continued sometime within two (2) weeks from the date hereof, unless otherwise agreed to by the parties. Plaintiffs' request for sanctions is denied.

**DONE AND ORDERED** this December 3, 2009, in Chambers, at West Palm Beach, Florida.

LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE

CC:   The Honorable Kenneth A. Marra
      All Counsel of Record