UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-CV-80119-MARRA/JOHNSON

JANE DOE NO. 2,

    Plaintiff,

vs.

JEFFREY EPSTEIN,

    Defendant.
_____/
Related Cases:
08-80232, 08-80380, 08-80381, 08-80994,
08-80993, 08-80811, 08-80893, 09-80469,
09-80591, 09-80656, 09-80802, 09-81092,
_____/

**PLAINTIFF JANE DOE NO. 2's MOTION TO COMPEL
COMPLIANCE WITH SUBPOENA AND FOR ORDER
OF CONTEMPT AGAINST ALFREDO RODRIGUEZ,
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs, Jane Doe No. 2, et al., by and through undersigned counsel, hereby file this Motion to Compel Compliance with Subpoena and for Order of Contempt Against Alfredo Rodriguez, and Incorporated Memorandum of Law, pursuant to Fed.R.Civ.P. 45(e), and state as follows:

1.    On July 25, 2009, Alfredo Rodriguez, a nonparty, was personally served a subpoena duces tecum to appear for deposition on July 29, 2009 ("the subpoena").[1] The

---

[1] Rodriguez was originally scheduled to appear for deposition on July 23, 2009, but failed to appear, claiming that he had "car troubles." Plaintiffs' counsel arranged for car service for him to appear at the July 29, 2009 deposition.

subpoena and proof of service are attached as Exhibit "A." He was commanded to provide testimony and produce the following:

> Any and all journals, notes, diaries, writings or other documents referring to or relating to Jeffrey Epstein or events or incidents occurring at his residence located at 358 El Brillo Way, Palm Beach, Florida, including without limitation, the journal you described to Palm Beach Police that contains the names of girls who visited the residence.

2. Rodriguez did not object to the subpoena, nor did he claim the requested documents were privileged. He appeared for deposition on July 29, 2009, and August 7, 2009, but he failed to bring any of the requested documents. During his testimony on August 7, 2009, he swore that he had no responsive documents in his possession, and that he had turned over all such documents to the Palm Beach Police, including a journal which listed the names and phone numbers of young girls who came to the residence where he worked to give "massages" to Jeffrey Epstein. See Exhibit "B", deposition transcript of Alfredo Rodriguez, taken August 7, 2009, pp. 318-319.

3. On February 1, 2010, Rodriguez was arraigned in federal court on obstruction of justice charges based on allegations that he intentionally withheld documents from federal and state law enforcement authorities. These withheld documents encompass those requested in Plaintiffs' subpoena, including the journal listing names and phone numbers of young girls. According to the criminal complaint, after making misrepresentations to federal law enforcement authorities and withholding documents, he attempted to sell these documents to a cooperating witness for $50,000. Rodriguez made this offer *after* his deposition on August 7, 2009, at which he testified under oath that he did not possess the documents. A copy of the criminal complaint is attached hereto as Exhibit "C".

2

4.      It is likely that Rodriguez remains in possession of at least a copy of the journal that is the subject of the subpoena.  Nonetheless, even if he did not retain a copy of the documents he handed to the cooperating witness, Rodriguez has the right to possession of those documents.  Specifically, they are subject to production to Rodriguez in the discovery phase of his criminal case.  The Assistant U.S. Attorney has an affirmative duty to produce all evidence in her possession that is material to the guilt of Alfredo Rodriguez, regardless of whether that information was requested by the Defendant or not.  See United States v. Bagley, 473 U.S. 667 (1985).  See also Fed.R.Crim P. 16(a)(1)(E).  Evidence is material that creates a reasonable probability that the outcome of a criminal proceeding would be different if suppressed.  Id. at 682.  The journal in question is the central piece of evidence in the prosecution's case against Alfredo Rodriguez.  Accordingly, Alfredo Rodriguez has, at the very least, a right to possession of the documents that are the subject of the Plaintiff's subpoena.

5.      Rule 45(a)(1)(i), Fed.R.Civ.P., permits a party to subpoena documents from a nonparty that are within "that person's possession, custody or control."  The term "control" under the federal discovery rules includes not only documents in the nonparty's possession, but also "the legal right to obtain the documents requested on demand."  Searock v. Stripling, 736 F.2d 650 (11th Cir. 1984).  Rodriguez has this right to obtain the subpoenaed documents under Bagley or in the normal course of discovery in his criminal case. [2]  Therefore, it would not be an excuse or response that Rodriguez does not at this moment have possession of the subpoenaed documents.

---

[2] These documents, moreover, are not subject to the Fifth Amendment "act of production" privilege since they are already in the possession of the government and their

3

6.      Plaintiffs' counsel has no other means of obtaining a copy of the documents in Rodriguez's possession except by means of an Order requiring full compliance with the July 25, 2009 subpoena.

7.      Plaintiff further seeks an Order pursuant to Fed.R.Civ.P. 45(e) to hold Rodriguez in contempt of court, together with sanctions as this Court deems appropriate.

8.      A Commentary to Rule 45(e) notes "the special role that contempt plays in enforcing subpoenas against nonparty witnesses". Fed.R.Civ.P. 45(e) (Commentary C45-26, Contempt). Where a nonparty fails to comply with a subpoena, "the threat of contempt is the only remedy." Id. The civil contempt power of the Court extends to jail of the nonparty to enforce compliance:

> The contempt most often associated with the disobedience of a subpoena is the category of "civil" contempt, the purpose of which is to enforce compliance in the particular case, with any penalty imposed designed to further the rights of the party in whose behalf the subpoena issued. When it is still within a person's power to comply, for example, and the person willfully refuses to, the person can be jailed until compliance is offered. Even the jailing in that case is an aspect of civil, not criminal, contempt.

Id.

9.      Plaintiffs' counsel has conferred with federal public defender David Brannon, who stated that Alfredo Rodriguez objects to the relief requested in this Motion in that Alfredo Rodriguez claims to no longer be in possession of responsive documents.

WHEREFORE, Plaintiffs, Jane Doe No. 2 et al., respectfully request (1) an Order requiring Alfredo Rodriguez to comply with the lawfully issued subpoena duces tecum and produce copies of all documents in his care, custody or control relating to Jeffrey Epstein,

---

production would not "implicitly authenticate" them.  See Fisher v. United States, 425 U.S. 391, 410 (1976).

including without limitation, the log of names and phone numbers he recently attempted to sell to a cooperating witness; (2) an order holding Alfredo Rodriguez in contempt of court for failure to comply with the lawfully issued subpoena, and providing that Alfredo Rodriguez shall produce the requested documents to Plaintiffs' counsel by a date certain or be arrested and jailed for civil contempt until such time as the documents are produced; and (3) any and all other relief this Court deems appropriate.

### Certificate Pursuant to S.D.Fla.L.R. 7.1(A)(3)

Counsel for the movant has conferred with counsel for the nonparty affected by the relief sought in this Motion in a good faith effort to resolve the issues raised in the Motion and has been unable to do so.

Dated: February 17, 2010                                    Respectfully submitted,

By:     /s/ Adam D. Horowitz
Stuart S. Mermelstein (FL Bar No. 947245)
ssm@sexabuseattorney.com
Adam D. Horowitz (FL Bar No. 376980)
ahorowitz@sexabuseattorney.com
Jessica D. Arbour (FL Bar No. 67885)
jarbour@sexabuseattorney.com
MERMELSTEIN & HOROWITZ, P.A.
*Attorneys for Plaintiffs*
18205 Biscayne Blvd., Suite 2218
Miami, Florida  33160
Tel:  (305) 931-2200
Fax: (305) 931-0877

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day to all parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                         /s/ Adam D. Horowitz

**SERVICE LIST**
**DOE vs. JEFFREY EPSTEIN**
**United States District Court, Southern District of Florida**

Jack Alan Goldberger, Esq.
jgoldberger@agwpa.com

Robert D. Critton, Esq.
rcritton@bclclaw.com

Michael James Pike
MPike@bclclaw.com

Bradley James Edwards
brad@pathtojustice.com

Isidro Manuel Garcia
isidrogarcia@bellsouth.net

Jack Patrick Hill
jph@searcylaw.com

Katherine Warthen Ezell
KEzell@podhurst.com

Paul G. Cassell
cassellp@law.utah.edu

Richard Horace Willits
lawyerwillits@aol.com

Robert C. Josefsberg
rjosefsberg@podhurst.com

**Via Facsimile and Regular Mail:**

Dave Lee Brannon, Esq.
Federal Public Defender
450 S Australian Ave Ste 500
West Palm Beach, Florida 33401-5008
Fax: (561) 833-0368