UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-CIV-80119-MARRA/JOHNSON

JANE DOE NO. 2,

    Plaintiff,

vs.

JEFFREY EPSTEIN,

    Defendant.
_____/
Related cases:
08-80232, 08-08380, 08-80381, 08-80994,
08-80993, 08-80811, 08-80893, 09-80469,
09-80591, 09-80656, 09-80802, 09-81092
_____/

### EPSTEIN'S MOTION FOR PROTECTIVE ORDER REGARDING THE DEPOSITION OF STORY COWLES AND INCORPORATED MEMORANDUM OF LAW

Defendant, JEFFREY EPSTEIN ("Epstein"), pursuant to Rule 26(c), Federal Rules of Civil Procedure, moves for a protective order to prohibit the deposition of Story Cowles, and states:

    1.    Plaintiff, Jane Doe (Case No. 08-80893), noticed the deposition of Story Cowles for May 12, 2010 (Notice and Subpoena attached as **Exhibit A**).

    2.    Mr. Cowles was hired by Jack Goldberger, Esq., co-counsel for Mr. Epstein, on July 16, 2008 and has been employed by Mr. Goldberger since that time. Mr. Cowles was hired as Mr. Goldberger's law office assistant to be directly involved only with Mr. Epstein's case while he was serving his jail sentence at the Palm Beach County Stockade. Mr. Cowles was employed to be, among other things, a conduit for information between the attorneys (criminal

and civil) and Mr. Epstein. See Affidavit of Jack Goldberger attached as **Exhibit B** and affidavit of Story Cowles attached as **Exhibit C**.

3. Mr. Goldberger, as well as Mr. Epstein's civil attorneys, have used Mr. Cowles to transmit attorney-client and work product information and documents to Mr. Epstein with the clear understating and belief that the communications to Mr. Epstein from his attorneys and staff, and from Mr. Epstein to his attorneys and staff, would be protected by the attorney-client and work product privileges. See Exhibit B; see also Affidavit of Robert D. Critton, Jr. attached as **Exhibit D**.

4. Mr. Cowles did not know, nor did he have any knowledge of, Mr. Epstein prior to his employment with Mr. Goldberger. See Exhibit C.

5. Mr. Cowles did not know, nor did he have any knowledge of, Sarah Kellen prior to his employment with Mr. Goldberger. See Exhibit C.

6. While Mr. Cowles and Ms. Kellen have dated and continue to date, they specifically have not and do not discuss the facts of the cases against her and Mr. Epstein. See Exhibit C.

7. Moreover, all plaintiffs who have sued Mr. Epstein have based their claims on a time period prior to October 2005 (or even earlier). As Mr. Cowles was not hired by Mr. Goldberger until July 2008, he has no personal knowledge of any relevant information. See Exhibit C.

8. Mr. Epstein has never discussed the claims asserted against him with Mr. Cowles other than when his attorneys were present or when he was transmitting information between Epstein and his attorneys. See Exhibit C.

9. In October, 2009, Mr. Cowles was subpoenaed for a deposition in the companion state court case B.B. v. Epstein for the purpose of establishing the address of Sarah Kellen. Counsel for Jane Doe was also seeking to depose Mr. Cowles. See 10/07/09 Correspondence attached as **Exhibit E**. Thereafter, counsel for Jane Doe, counsel for B.B. and Epstein's counsel agreed on a conference call that Mr. Cowles would not be deposed if Ms. Kellen was made available for her deposition, which she was in April, 2010. See Affidavit of Michael J. Pike attached as **Exhibit F** and 10/13/09 E-mail from Spencer Kuvin attached as **Exhibit G**. While counsel for Jane Doe did not confirm this agreement in writing, he represented same in the aforementioned telephone conference. See Exhibit F. Now counsel for Jane Doe appears to be going back on his word and reneging on his agreement by attempting to depose Mr. Cowles. The Court should not condone this type of duplicitous conduct and hold counsel for Jane Doe to his word.

10. Rule 26(c), Federal Rules of Civil Procedure, provides that, "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending.... The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery."

11. Moreover, "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney ... **or agent**)." See Fed. R. Civ. P. 26(b)(3)(A) (emphasis added). The court must also "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney **or other representative** concerning the litigation. See Fed. R. Civ. P. 26(b)(3)(B) (emphasis added). Rule 26 makes clear that the work

3

product privilege extends to paralegals, investigators and legal assistants – agents or representatives of a party's attorney.

12. The attorney-client privilege also extends to subordinates of a party's attorney. See Seebeck v. General Motors Corp., 1996 WL 742914 (N.D. Ga. 1996). In Seebeck, the court noted that to invoke the attorney client privilege:

> (1) the asserted holder of the privilege is ... a client; (2) the person to whom the communication was made (a) is a member of a bar of a court, **or his subordinate** and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistant in some legal proceedings, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

Id. at *2 (emphasis added), citing U.S. v. Noriega, 917 F.2d 1543, 1550 (11th Cir. 1990).

13. In Seeback, the court granted a protective order where a party sought to discover information from a party's investigator. The investigator submitted an affidavit (substantially similar to the affidavits submitted in support of the instant motion) in which he attested that he was hired by GM with the understanding that communications would be protected by the attorney-client privilege, that he was retained to perform work in anticipation of litigation, and that the identities of persons interviewed by the him and legal assistants reflected attorney-client communications and work product information. 1996 WL 742914 at *2. The court agreed and entered a protective order, concluding that "[t]he nature of the information set forth in the affidavit is sufficiently compressive to establish the privileged nature of the material sought." Id. at *3. See also S.E.C. v. World-Wide Coin Investments, Ltd., 92 F.R.D. 65, 66-67 (N.D. Ga. 1981) (denying defendant's motion to compel an investigator to produce documents and answer deposition questions, finding that the documents prepared by the investigator were protected by

the work product privilege and that any communications between the investigator and attorneys and staff were protected by the attorney-client privilege); Huet v. Tromp, 912 So. 2d 336 (Fla. 5th DCA 2005) (quashing trial court's discovery order denying motion for protective order to prohibit deposition of defendant's investigators); Quarles & Brady, LLP v. Birdsall, 802 So. 2d 1205, 1206 (Fla. 2d DCA 2002) (quashing order compelling law firm secretary to answer deposition questions regarding her conversations with her supervising partner as the questions invaded the attorney-client privilege).

14. Regarding the scope of discovery, Judge Linnea Johnson noted in her October 28, 2009 Omnibus Order (DE #377), "[w]hile the scope of discovery is broad, it is not without limits. Washington v. Brown & Williamson Tobacco, 959 F.2d 1566, 1570 (11th Cir. 1992). Indeed the 2000 Amendment to Rule 26 has effectively limited the scope of discoverable information to those matters which are **relevant to a claim or defense in the lawsuit**. Dellacas, LLC v. John Moriarty & Ass. of Fla., Inc., 2007 WL 4117261 at*3 (S.D. Fla. 2007). Courts have long held that '[w]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so.' Food Lion, Inc. v. United Food & Commercial Workers Intern. Union, 103 F.3d 1007, 1012-13 (C.A. D.C. 1997) (string cite omitted)." (Emphasis added).

15. Also, in the related matter of Epstein v. Rothstein, Case No. 502009CA040800XXXXMBAG, Judge Crow entered an order on April 19, 2010 (attached as **Exhibit H**), in which he granted a protective order regarding the depositions of Michael Fisten and Rick Fandrey, investigators previously employed by Rothstein, Rosenfeldt & Adler ("RRA"). As the Court may recall, RRA represented Jane Doe prior to its implosion.

16. While Epstein sought to depose Mr. Fisten and Mr. Fandrey regarding their knowledge of Scott Rothstein's Ponzi scheme, the Court nevertheless entered a protective order prohibiting their depositions until Epstein can "establish the relevance and discoverability of the information." See Exhibit H.

17. Yet unlike Fisten and Fandrey who likely have non-privileged information regarding Scott Rothstein's massive fraud and admitted criminal activity, any information that Mr. Cowles might have is protected by the attorney-client and work product privileges.

18. As a practical matter, if the Court permits the deposition of Mr. Cowles, what is to prevent Jane Doe and other plaintiffs from attempting to depose other paralegals, secretaries, legal assistants, investigators or even attorneys employed by Epstein? As Judge Johnson noted, "while the scope of discovery is broad, it is not without limits." See DE #377. Jane Doe is clearly attempting to exceed the limits of permissible discovery in attempting to depose Mr. Cowles.

19. Given the foregoing, it appears Jane Doe is attempting to depose Mr. Cowles for the sole purpose of harassing and intimidating him as he clearly has no discoverable information to which Jane Doe is entitled.

20. Accordingly, the Court should enter a protective order to prohibit his deposition as he cannot possibly provide any information that is not protected by the attorney-client and work product privileges.

WHEREFORE, Defendant, JEFFREY EPSTEIN, requests the Court enter a protective order prohibiting the deposition of Story Cowles and grant any additional relief the Court deems just and proper.

By: /s/ Jack Alan Goldberger
Florida Bar No. 262013

## Certificate of Service

I HEREBY CERTIFY that a true copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the following Service List in the manner specified by CM/ECF on this _____ day of April, 2010:

Respectfully submitted,

By: /s/ Jack Alan Goldberger.
Jack Alan Goldberger, Esq.
Florida Bar No. 262013
Atterbury Goldberger & Weiss, P.A.
250 Australian Avenue South
Suite 1400
West Palm Beach, FL 33401-5012
561-659-8300
Fax: 561-835-8691
jagesq@bellsouth.net
*Counsel for Defendant Jeffrey Epstein*

## Certificate of Service
### Jane Doe No. 2 v. Jeffrey Epstein
### Case No. 08-CV-80119-MARRA/JOHNSON

Stuart S. Mermelstein, Esq.
Adam D. Horowitz, Esq.
Mermelstein & Horowitz, P.A.
18205 Biscayne Boulevard
Suite 2218
Miami, FL 33160
305-931-2200
Fax: 305-931-0877
ssm@sexabuseattorney.com
ahorowitz@sexabuseattorney.com
*Counsel for Plaintiffs*
In related Cases Nos. 08-80069, 08-80119, 08-80232, 08-80380, 08-80381, 08-80993, 08-80994

Robert C. Josefsberg, Esq.
Katherine W. Ezell, Esq.

Brad Edwards, Esq.
Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, PL
425 N. Andrews Avenue
Suite 2
Fort Lauderdale, FL 33301
Phone: 954-524-2820
Fax: 954-524-2822
brad@pathtojustice.com
*Counsel for Plaintiff in Related Case No. 08-80893*

Paul G. Cassell, Esq.
*Pro Hac Vice*
332 South 1400 E, Room 101
Salt Lake City, UT 84112
801-585-5202

Podhurst Orseck, P.A.
25 West Flagler Street, Suite 800
Miami, FL 33130
305 358-2800
Fax: 305 358-2382
rjosefsberg@podhurst.com
kezell@podhurst.com
*Counsel for Plaintiff*

801-585-6833 Fax
cassellp@law.utah.edu
*Co-counsel for Plaintiff Jane Doe*

Isidro M. Garcia, Esq.
Garcia Law Firm, P.A.
224 Datura Street, Suite 900
West Palm Beach, FL 33401
561-832-7732
561-832-7137 F
isidrogarcia@bellsouth.net
*Counsel for Plaintiff in Related Case No. 08-80469*