**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**


JANE DOE,                              **CASE NO.  08-CV-80893-CIV-MARRA/JOHNSON**

      Plaintiff,

Vs.

JEFFREY EPSTEIN, et al.

      Defendant.

_____/

Related Cases:
08-80119, 08-80232, 08-80380, 08-80381,
08-80994, 08-80811, 08-80893, 09-80469,
09-80591, 09-80656, 09-80802, 09-81092


_____/

**PLAINTIFF JANE DOE'S RESPONSE TO DEFENDANT'S**
**MOTION FOR A PROTECTIVE ORDER [DE 536]**

      Plaintiff, Jane Doe, hereby files this response to Defendant Epstein's Motion for

A Protective Order Regarding the Deposition of Story Cowles [DE 536].  The motion

should be denied in its entirety, as Cowles possesses non-privileged information and

any true attorney-client information he possesses obviously need not be disclosed

during his deposition.

      Plaintiff Jane Doe agrees that Story Cowles, who was hired by Epstein's defense

attorney in 2008, possesses some information properly covered by the attorney-client

privilege and by work product.  For example, defense counsel may have asked Cowles

to relay attorney-client advice to Epstein.   Jane Doe does not intend to ask any

questions regarding such attorney client advice during Cowles's deposition.

At the same time, however, Cowles possesses significant information about statements made by Epstein that are clearly and obviously *not* covered by the attorney-client or any other privilege.  In particular, Cowles visited Epstein 159 times between 7/14/08 and 2/8/09 while Epstein was incarcerated, where he has been listed as a "Paralegal" an "Attorney" and "Public Defender" on different occasions.  *See* Affidavit of Bradley Edwards (attached as Exhibit A).   Often, these visits with Epstein involved three people: Epstein, Cowles, and a third-party visitor who was not part of Epstein's legal defense team (either civil or criminal).  Of course, the presence of a third-party eliminated any "confidentiality" that might otherwise have attached to discussions between Cowles and Epstein.  *See id.*

The Cowles affidavit that has been filed by Epstein states charily that Epstein "has never discussed the *claims asserted against* him" except in the presence of an attorney.  Cowles Affidavit, Ex. C to Epstein's Motion at 2 (emphasis added).  But there are a variety of other subjects apart from the "claims asserted against him" that Epstein likely discussed – either with Cowles or with third party visitors in the presence of Cowles.  For example, Epstein may have discussed where he is hiding his assets with Cowles: Is he moving them to the Channel Islands, as Jane Does has heard?  Is he moving them to Israel, as has been suggested in a nationally-circulated publication?  Is he liquidating them to pay mounting bills?  Is he transferring title to his expensive cars and yachts to other persons, as Jane Doe argued in her motion seeking to block further asset transfers?

CASE NO:  08-CV-80119-MARRA/JOHNSON

Another subject that Jane Doe plans to explore, Cowles has been in a dating relationship with Sarah Kellen for more than a year.  As the Court is aware, Jane Doe has alleged that Sarah Kellen conspired with Epstein to sexually abuse her.  Kellen has taken the Fifth rather than answer questions about her role in helping Epstein abuse Jane Doe and other girls.  Jane Doe is obviously entitled to explore these subjects during a deposition of Cowles.  It simply defies any believability to think that Cowles will attempt to maintain – under oath – that not once has he discussed with his girlfriend *anything* connected (either directly or indirectly) with Epstein's activities.  At the very least, Cowles should be required to make whatever representations he intends to make on this subject under oath at a deposition.

Another subject that Jane Doe plans to explore is Cowles's errands that he has recently been running for Epstein.  Mr. Cowles's primary vehicle is owned by Defendant Epstein, which clearly indicates a relationship quite different from that of a client-paralegal. Jane Doe understands that Cowles is currently at Epstein's home nearly every day and works directly for Epstein.  Indeed, Cowles has represented himself to Florida probation authorities as Epstein's assistant.  *See* Affidavit of Bradley Edwards (attached as Exhibit A).   Certainly, in this capacity, Cowles has personally observed, and communicated with, the visitors that come and go from Epstein's home, all potential witnesses.  Here again, there is ample ground for questioning on subjects not remotely covered by any kind of privilege.

CASE NO:  08-CV-80119-MARRA/JOHNSON

As another example of relevant subjects not covered by any privilege that Jane Doe plans to explore, Epstein may have discussed plans to flee the jurisdiction to avoid being served with legal process connected with the case.

In sum, all of these subjects (not to mention many others) are obviously not covered by any attorney client privilege and a deposition of Cowles inquiring into such subjects is clearly proper.

Epstein also argues that Jane Doe's counsel "agreed" – apparently forever and for all subjects and for all time – never to depose Cowles.  While there was a limited agreement regarding Cowles, Epstein's description of what was agreed goes far beyond what was actually agreed.   *See* Affidavit of Bradley Edwards (attached as Exhibit A). Here again, there is no basis for the Court foreclosing all opportunity to question Cowles about his potentially important knowledge regarding Epstein and his recent efforts to hide assets and other activities.  This point is even more important given the fact that Epstein and all of his known co-conspirators in his child molestation ring (namely, Sarah Kellen, Nadia Marcinkova, and Adriana Mucinska) have invoked their 5th amendment rights against self-incrimination and have thus stopped Plaintiff from gaining any meaningful discovery whatsoever.

For all these reasons, Epstein's motion to foreclose completely a deposition of Cowles should be denied.  Obviously, Jane Doe will not ask questions during the deposition about attorney-client advice conveyed by Cowles to Epstein.

CASE NO:  08-CV-80119-MARRA/JOHNSON

DATED: May 7, 2010

Respectfully Submitted,

s/ Bradley J. Edwards_____
Bradley J. Edwards
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
Telephone (954) 524-2820
Facsimile (954) 524-2822
Florida Bar No.: 542075
E-mail: brad@pathtojustice.com

*and*

Paul G. Cassell
Pro Hac Vice
332 S. 1400 E.
Salt Lake City, UT 84112
Telephone:   801-585-5202
Facsimile:    801-585-6833
E-Mail:        cassellp@law.utah.edu

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 7, 2010 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically filed Notices of Electronic Filing.

s/ Bradley J. Edwards_____
Bradley J. Edwards

CASE NO:  08-CV-80119-MARRA/JOHNSON

## <u>SERVICE LIST</u>

**Jane Doe v. Jeffrey Epstein**
**United States District Court, Southern District of Florida**

Jack Alan Goldberger, Esq.
Jgoldberger@agwpa.com

Robert D. Critton, Esq.
rcritton@bclclaw.com

Isidro Manual Garcia
isidrogarcia@bellsouth.net

Jack Patrick Hill
jph@searcylaw.com

Katherine Warthen Ezell
KEzell@podhurst.com

Michael James Pike
MPike@bclclaw.com

Paul G. Cassell
cassellp@law.utah.edu

Richard Horace Willits
lawyerswillits@aol.com

Robert C. Josefsberg
rjosefsberg@podhurst.com

Adam D. Horowitz
ahorowitz@sexabuseattorney.com

Stuart S. Mermelstein
ssm@sexabuseattorney.com